1   Walker F. Crowson (#032021)
2   SNELL & WILMER L.L.P.
    One East Washington Street, Suite 2700
3   Phoenix, Arizona 85004-2202
    Telephone:  602.382.6000
4   Facsimile:   602.382.6070
    wcrowson@swlaw.com

5   Jason C. Schwartz (pro hac vice)
    Molly T. Senger (pro hac vice)
6   David A. Schnitzer (pro hac vice)
    Matt Gregory (pro hac vice)
7   Gibson, Dunn & Crutcher LLP
    1050 Connecticut Avenue, NW
8   Washington, D.C. 20036-5306
    Telephone:  202.955.8500
9   Facsimile:  202.467.0539
    jschwartz@gibsondunn.com
10  msenger@gibsondunn.com
    dschnitzer@gibsondunn.com
11  mgregory@gibsondunn.com

12  *Attorneys for Defendant*
    *Lowe's Home Centers, LLC*
13

14

15              IN THE UNITED STATES DISTRICT COURT

16              FOR THE DISTRICT OF ARIZONA

17

18  Justin Downing, individually and on
    behalf of all others similarly situated,        No. 3:22-cv-08159-SPL
19
                     Plaintiff,                      **LOWE'S HOME CENTERS, LLC'S**
20                                                   **MOTION TO DISMISS**
    v.                                               **COUNTS I AND II**
21
    Lowe's Home Centers, LLC, a North               Assigned to Hon. Steven P. Logan
22  Carolina corporation, and First Advantage
    Corporation, a Delaware corporation,            **ORAL ARGUMENT REQUESTED**
23
                     Defendants.
24

25

26

27

28

4861-9446-3030

## Table of Contents

**Page**

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................. 2

    I.    The Fair Credit Reporting Act ................................................................. 2

    II.   Downing's Claims Against Lowe's .......................................................... 2

STANDARD OF REVIEW ............................................................................................ 4

ARGUMENT .................................................................................................................. 4

    I.    Downing Fails To State A Claim That Lowe's Violated The Fair Credit Reporting Act. ......................................................................... 4

        A.    Lowe's Disclosure Consists Solely Of The Statement That Lowe's Might Seek A Consumer Report And A Concise Explanation Of What That Means.......................................... 4

        B.    The Disclosure Is Clear And Conspicuous. ...................................... 8

    II.   Downing Cannot Plausibly Allege A Willful Violation Under Section 1681n. ......................................................................................... 10

        A.    Under Supreme Court Precedent, Willfulness Is A Very High Bar. ........................................................................................... 10

        B.    Downing Cannot Plausibly Allege A Willful Violation Here. ........ 11

    III.   Downing Cannot Plausibly Allege A Negligent Violation Under Section 1681*o* Or That He Suffered Any Actual Damages. ....................... 15

        A.    Lowe's Disclosure Was Objectively Reasonable. ........................... 15

        B.    Downing Does Not Allege Any Actual Damages. ........................... 15

    IV.   The Court Should Dismiss Downing's Claims Against Lowe's With Prejudice. ................................................................................................. 17

CONCLUSION ............................................................................................................. 17

# Table Of Authorities

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 4, 16

*Davenport v. Sallie Mae, Inc.*,
   124 F. Supp. 3d 574 (D. Md. 2015) .................................................................... 17

*Dawson v. Wonderful Pistachios & Almonds, LLC*,
   2018 WL 5263063 (C.D. Cal. April 27, 2018) .............................................. 11

*Gilberg v. Cal. Check Cashing Stores, LLC*,
   913 F.3d 1169 (9th Cir. 2019) .................................................... 2, 5, 8, 10, 13

*Juster v. Workday, Inc.*,
   --- F. Supp. 3d ---, 2022 WL 3030530 (N.D. Cal. Aug. 1, 2022) ...................... 7, 9, 14

*Kelchner v. Sycamore Manor Health Ctr.*,
   305 F. Supp. 2d 429 (M.D. Pa. 2004) .............................................................. 17

*Lugo v. Experian Info. Sols., Inc.*,
   2017 WL 3605228 (N.D. Cal. Aug. 22, 2017) .............................................. 16

*Luna v. Hansen and Adkins Auto Transp., Inc.*,
   956 F.3d 1151 (9th Cir. 2020) ............................................................ 5, 6, 8

*Marino v. Ocwen Loan Servicing LLC*,
   978 F.3d 669 (9th Cir. 2020) .............................................................. 10, 15

*Matise v. Trans Union Corp.*,
   1998 WL 872511 (N.D. Tex. Nov. 30, 1998) .................................................. 17

*Mitchell v. Winco Foods, LLC*,
   379 F. Supp. 3d 1093 (D. Idaho 2019) .......................................................... 9, 10

*Mitchell v. Winco Foods, LLC*,
   828 F. App'x 467 (9th Cir. 2020) ...................................................... 11, 13

*Naimi-Yazdi v. JPMorgan Chase Bank, N.A.*,
   2022 WL 2307068 (N.D. Cal. June 27, 2022) .............................................. 16

*Noble v. Nev. Checker CAB Corp.*,
   2016 WL 4432685 (D. Nev. Aug. 19, 2016) .................................................. 14

*Pa. Dep't of Corr. v. Yeskey*,
   524 U.S. 206 (1998) ............................................................................................ 9

*Pedro v. Equifax, Inc.*,
   868 F.3d 1275 (11th Cir. 2017) ............................................................ 11, 13

*Primrose v. Castle Branch, Inc.*,
   2017 WL 57800 (E.D.N.C. Jan. 3, 2017) ...................................................... 17

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) .......................................................................... 3

*Rivera v. Jeld-Wen, Inc.*,
   2022 WL 3219411 (S.D. Cal. Aug. 9, 2022) ............................................ 5, 6

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ....................................................... 1, 10, 11, 12, 14

*Syed v. M-I, LLC*,
   853 F.3d 492 (9th Cir. 2017) ................................................... 5, 12, 13

*Walker v. Fred Meyer, Inc.*,
   2021 WL 4239988 (D. Or. Aug. 13, 2021) ....................................... 8, 9, 10

*Walker v. Fred Meyer, Inc.*,
   953 F.3d 1082 (9th Cir. 2020) .......................... 1, 5, 6, 7, 8, 10, 11, 12, 13

*Warr v. Cent. Garden Pet Co.*,
   2021 WL 6275013 (N.D. Cal. Sept. 21, 2021) ................................. 6, 8, 13, 16

*Wheeler v. MicroBilt Corp.*,
   700 F. App'x 725 (9th Cir. 2017) ................................................................ 16

*White v. Pauly*,
   137 S. Ct. 548 (2017) .................................................................................... 13

*Williams v. Savage Servs. Corp.*,
   2020 WL 13328483 (C.D. Cal. Oct. 7, 2020) ............................... 4, 6, 8, 17

**Statutes**

15 U.S.C. § 1681a ............................................................................................ 6

15 U.S.C. § 1681b ............................................................................... 1, 2, 6, 11

15 U.S.C. § 1681n ............................................................................................ 2

- iii -

15 U.S.C. § 1681*o* .................................................................................................. 2

**Regulatory Material**

FTC, Advisory Opinion to Coffey, 1998 WL 34323748 (Feb. 11, 1998) .................... 5, 12

4861-9446-3030

**INTRODUCTION**

The Fair Credit Reporting Act ("FCRA" or the "Act") requires employers to provide job applicants with a standalone, clear-and-conspicuous disclosure if employers plan to seek a background check (known under the FCRA as a "consumer report") as part of the hiring process. 15 U.S.C. § 1681b(b)(2)(A)(i). Here, Plaintiff Justin Downing brings a putative FCRA nationwide class action against both Lowe's Home Centers, LLC ("Lowe's") and First Advantage Corporation—the entity that furnished Downing's consumer report to Lowe's. With respect to his claims against Lowe's, Downing alleges that Lowe's provided him with a disclosure that included extraneous information, which, he says, confused him into unwittingly authorizing a background check. According to Downing, Lowe's disclosure violated both the FCRA's standalone (Count I) and clear-and-conspicuous (Count II) requirements. For at least two reasons, both claims merit dismissal.

*First*, Downing's claims are foreclosed by the Ninth Circuit's decision in *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1088 (9th Cir. 2020). Downing contends that Lowe's disclosure violated the Act by: (1) explaining that Lowe's might seek a consumer report concerning applicants or their children or wards; and (2) explaining that Lowe's would not seek information concerning credit worthiness without an additional disclosure and authorization. But the Ninth Circuit in *Walker* held that the FCRA permits an employer to include this sort of information in a disclosure; indeed, far from rendering "the disclosure confusing," as Plaintiff contends, Am. Compl. ¶ 65, the inclusion of information regarding the potential nature and scope of a consumer report actually ***helps*** applicants understand the disclosure. *Walker*, 953 F.3d at 1088. Downing's claims therefore fail as a matter of law.

*Second*, Downing's claims merit dismissal for the separate reason that he does not plausibly allege that Lowe's willfully or even negligently violated the Act. And, absent such allegations, Downing lacks a private cause of action. Where, as here, a defendant could believe that its conduct is lawful based on an objectively reasonable interpretation of the Act and existing precedent in the courts of appeals, the defendant does not act willfully or negligently. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68–70 (2007). Thus, even

- 1 -

assuming Downing somehow could show a violation of the Act's substantive requirements (he cannot), he still cannot state a claim for relief against Lowe's.  Downing's negligence theory under 15 U.S.C. § 1681o fails for the additional reason that Downing does not plausibly allege that he suffered any actual damages due to Lowe's disclosure.

For all of these reasons, the Court should dismiss Downing's claims against Lowe's (Counts I and II of the Amended Complaint) with prejudice.

## BACKGROUND

### I.     The Fair Credit Reporting Act

The FCRA authorizes a company to request and use consumer reports "for employment purposes," including as part of the company's hiring process.  15 U.S.C. § 1681b.  As relevant here, the statute requires that a prospective employer disclose to an applicant that the employer might obtain a consumer report.  The disclosure requirement provides that an employer "may not procure a consumer report" unless:

> a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists ***solely*** of the disclosure, that a consumer report may be obtained for employment purposes.

15 U.S.C. § 1681b(b)(2)(A)(i) (emphases added).

The disclosure requirement includes two components:  first, the "standalone" requirement—the document must "consist solely of the . . . disclosure"; and second, the "clear and conspicuous" requirement—the disclosure must be reasonably understandable and noticeable by the applicant about whom the consumer report will be sought.  *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1175–76 (9th Cir. 2019).

The Act provides a private cause of action only for willful or negligent violations.  15 U.S.C. §§ 1681n, 1681o.  For willful violations, a plaintiff may seek to recover either statutory damages or "actual damages."  *Id.* § 1681n(a)(1)(A).  For negligent violations, a plaintiff must show that he suffered actual damages in order to recover.  *Id.* § 1681o(a)(1).

### II.    Downing's Claims Against Lowe's

Plaintiff Justin Downing alleges that he applied for a job at a Lowe's store in Show

Low, Arizona.  Am. Compl. ¶ 18.  As part of the application process, Lowe's explained to Downing that it would request a consumer report about him, asked Downing to acknowledge the disclosure, and further asked that he authorize Lowe's to obtain the report. *Id.* ¶ 19.  Lowe's provided an online application packet to Downing that included a written disclosure that read, in its entirety, as follows:

> DISCLOSURE REGARDING BACKGROUND REPORT
>
> Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency.  "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.  The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.
>
> Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

*Id.*, Ex. A at 2–3.  Downing admits that he read this disclosure, but alleges that it confused him and that he did not understand that Lowe's might request his consumer report.  *Id.* ¶ 24.  Downing further alleges that if he had understood that he was being asked to authorize Lowe's to request a consumer report, he would have refused to do so.  *Id.* ¶¶ 24, 55, 68.[1]

Downing brings two claims against Lowe's on behalf of himself and a putative class, both alleging that Lowe's violated the FCRA.  In Count I, he alleges that Lowe's disclosure

---

[1] In 2018, Downing made virtually identical allegations against another prospective employer, claiming, as here, that he was confused by the employer's disclosure form and did not understand that the employer might seek a consumer report.  *See* Compl., *Downing v. Haven Health Grp., LLC*, No. 3:18-cv-8109 (D. Ariz. May 23, 2018), ECF 1.  Downing was represented in that case by the same law firms who represent him here.  *See id.* at 13–14.  The existence of that case and Downing's allegations are subject to judicial notice.  *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

violated the Act's "standalone" requirement because it includes an explanation that Lowe's might obtain consumer reports about potential employees or "their children or wards" and further explains that Lowe's will not seek information concerning credit worthiness without a separate disclosure and authorization. Am. Compl. ¶¶ 53–54. In Count II, he alleges that for the same reasons, the disclosure violated the "clear and conspicuous" requirement of the FCRA. *Id.* ¶¶ 65–66. For both Counts I and II, Downing primarily alleges that Lowe's willfully violated the Act and seeks statutory damages under Section 1681n. *Id.* ¶¶ 57–58, 70–71. In the alternative for each Count, Downing alleges that Lowe's negligently violated the Act and seeks "actual damages" under Section 1681*o*. *Id.* ¶¶ 59, 72.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Although a "court must accept as true all of the [factual] allegations contained in a complaint," that principle is inapplicable to "legal conclusions." *Id.* "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires . . . the court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

**I.    Downing Fails To State A Claim That Lowe's Violated The Fair Credit Reporting Act.**

"Courts decide whether FCRA disclosures are 'clear and conspicuous' and standalone as a matter of law." *Williams v. Savage Servs. Corp.*, 2020 WL 13328483, at *5 (C.D. Cal. Oct. 7, 2020) (granting motion to dismiss). Here, Downing's claims against Lowe's fail because Lowe's disclosure—as a matter of law—did not violate the statute.

**A.    Lowe's Disclosure Consists Solely Of The Statement That Lowe's Might Seek A Consumer Report And A Concise Explanation Of What That Means.**

A disclosure "violates the FCRA's standalone requirement if it contains any

4861-9446-3030

1  extraneous information beyond the disclosure required by the FCRA." *Walker*, 953 F.3d at

2  1088; *see also Gilberg*, 913 F.3d at 1175–76 (same); *Syed v. M-I, LLC*, 853 F.3d 492, 500–

3  03 (9th Cir. 2017) (similar).  Thus, the statute requires "that a disclosure form contain

4  nothing more than the disclosure itself."  *Luna v. Hansen and Adkins Auto Transp., Inc.*,

5  956 F.3d 1151, 1152–53 (9th Cir. 2020) (quotation marks omitted).

6      But the Ninth Circuit has made clear that Congress did not require employers to use

7  any particular format or language in the disclosure.  *Walker*, 953 F.3d at 1088.  The statute

8  "does not further define the term 'disclosure' or explain what information can be considered

9  part of the 'disclosure' for purposes of the standalone requirement."  *Id.*  Employers need

10  not just include a bare "statement disclosing 'that a consumer report may be obtained for

11  employment purposes.'"  *Id.*  Instead, they may include in their disclosures "some concise

12  explanation of what that phrase means . . . as part of the 'disclosure' required by

13  § 1681b(b)(2)(A)(i)."  *Id.*  "For example, a company could briefly describe what a

14  'consumer report' entails, how it will be 'obtained,' and for which type of 'employment

15  purposes' it may be used."  *Id.* (footnotes omitted).  This information "further[s] the purpose

16  of the disclosure by helping the consumer understand the disclosure," *id.* at 1889, and

17  "align[s] with prior [Federal Trade Commission] guidance," *id.* at 1088 n.7 (citing FTC,

18  Advisory Opinion to Coffey, 1998 WL 34323748, at *2 (Feb. 11, 1998)); *see also, e.g.*,

19  *Rivera v. Jeld-Wen, Inc.*, 2022 WL 3219411, at *8 (S.D. Cal. Aug. 9, 2022) (partially

20  granting motion to dismiss because "brief explanations in the FCRA disclosure are

21  permissible").

22      Here, Lowe's disclosure consists of just four sentences that: (1) state that Lowe's

23  "may obtain a 'background report' about you or your child/ward"; (2) describe what the

24  phrase "background report" means; (3) explain the kinds of information that the reports

25  "may include"; and then (4) make clear that Lowe's "will not request any information"

26  related to creditworthiness without an additional disclosure and authorization.  Am. Compl.,

27  Ex. A at 2–3.  The first sentence simply states that Lowe's might seek a background report

28  (*i.e.*, a report from a consumer reporting agency, as the disclosure describes) "for

- 5 -

employment purposes," and thus, it essentially mirrors the statutory language in 15 U.S.C. § 1681b(b)(2)(A).  The second sentence similarly mirrors the statutory definition of a consumer report in 15 U.S.C. § 1681a(d)(1).  *Compare* Am. Compl., Ex. A at 2–3 ("'Background report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living."), *with* 15 U.S.C. § 1681a(d)(1) ("The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living[.]").  And the remaining two sentences fit comfortably within *Walker*'s holding that an employer may include in its disclosure language that "elucidate[s] what it means to 'obtain' a consumer report by providing helpful information," including a description of "what private and public information about the applicant will be examined."  *Walker*, 953 F.3d at 1090; *see also, e.g.*, *Williams*, 2020 WL 13328483, at *5 (dismissing claim because the employer's form "explains the disclosure 'in plain language' in four succinct sentences") (quoting *Luna*, 956 F.3d 1153); *Rivera*, 2022 WL 3219411, at *8–9 (dismissing claim for similar reasons); *Warr v. Cent. Garden Pet Co.*, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021) (same).

Downing's claim to the contrary "stretches the statute's requirements beyond the limits of law and common sense."  *Luna*, 956 F.3d at 1152.  He alleges that Lowe's disclosure violates the standalone requirement in two ways, but neither argument has merit.

*First*, Downing alleges that the disclosure "unlawfully combines a disclosure to obtain consumer reports about [prospective employees] with a disclosure to obtain consumer reports about their children or wards."  Am. Compl. ¶ 53.  But the detailed explanation of the potential scope of the consumer report is not extraneous—to the contrary, it is precisely the sort of explanation that the Ninth Circuit has encouraged employers to include in their disclosures because it provides "helpful information about . . . what private and public information about the applicant will be examined to create a consumer report."

- 6 -

*Walker*, 953 F.3d at 1090 (quotation marks omitted).  To the extent that Lowe's sought to hire a minor, for example, and the parent was completing the form on the minor's behalf, this language explains to the parent that Lowe's might seek information about the minor.

The Northern District of California recently rejected a similar argument to the one Downing seeks to raise here—namely, that an employer's disclosure violated the standalone requirement because the information the employer sought was allegedly "overbroad and excessively intrusive."  *Juster v. Workday, Inc.*, --- F. Supp. 3d ---, 2022 WL 3030530, at *6 (N.D. Cal. Aug. 1, 2022) (granting motion to dismiss).  There, the court held that even if the employer was legally *prohibited* from obtaining "the breadth of the information that it claimed it could," that was "not the kind of problem with which the FCRA is concerned," because "the prospective employee is not being misled about what type of information the employer *wants to get*."  *Id.* (emphasis added).  Fundamentally, a disclosure's reference to "a type of background information that may be obtained" cannot be extraneous because it is not "something *other than* the disclosure," and instead is "a brief explanation of what a consumer report is and what can be obtained."  *Id.* at *7 (emphasis in original).

*Second*, Downing alleges that the fourth sentence of Lowe's disclosure contains "additional extraneous information" by explaining (as he paraphrases it) that Lowe's "will not request any information relates [sic] to applicant's [sic] or their children's/ward's 'worthiness, credit standing, or credit capacity' unless it provides a separate disclosure and authorization for such credit information."  Am. Compl. ¶ 54.  But this sentence simply explains that Lowe's will not seek one subtype of information that can be included in a background report—credit information—without additional notice and authorization.  *Id.*, Ex. A. at 2–3.  Thus, the sentence provides "helpful information about . . . what private and public information about the applicant will be examined."  *Walker*, 953 F.3d at 1090.

Once again, a court in this Circuit already has held that a straightforward application of *Walker* forecloses an argument virtually identical to the one Downing makes here.  In *Warr*, the plaintiff challenged language in an employer's disclosure that, as here, indicated that the employer might not immediately, or ever, seek the applicant's credit information.

- 7 -

1   2021 WL 6275013, at *5.  There, the disclosure provided that "credit history will only be

2   requested where such information is substantially related to the duties and responsibilities

3   of the position for which you are applying."  *Id.*  The court dismissed the plaintiff's claim

4   that the inclusion of this language in the disclosure somehow violated the standalone

5   requirement.  *Id.* at *6.  "[U]nder *Walker*," the court explained that the "phrase d[id] not

6   constitute 'extraneous information' in violation of the standalone requirement because it

7   briefly describe[d] 'what a "consumer report" entails.'"  *Id.* (quoting 953 F.3d at 1088–89)

8   (alterations added by *Warr* omitted).  The same result is warranted in this case.

9                    **B.     The Disclosure Is Clear And Conspicuous.**

10          Just as Lowe's disclosure does not violate the standalone requirement, so too, does

11  it not violate the clear-and-conspicuous requirement.  A disclosure is clear and conspicuous

12  if it is in "a 'reasonably understandable form' that is 'readily noticeable to the consumer.'"

13  *Luna*, 956 F.3d at 1153.  In determining whether a disclosure satisfies this requirement, the

14  question is whether the disclosure "would confuse a *reasonable* reader," not simply whether

15  an individual plaintiff claims that *he* was confused.  *Gilberg*, 913 F.3d at 1177 (emphasis

16  added).  It is "within [a district] court's purview to determine whether, as a matter of law,

17  [a defendant]'s disclosure was 'clear and conspicuous' under the FCRA."  *Walker v. Fred*

18  *Meyer, Inc.*, 2021 WL 4239988, at *2 (D. Or. Aug. 13, 2021) (granting summary judgment

19  to the defendant on remand from the Ninth Circuit); *see also, e.g.*, *Warr*, 2021 WL 6275013,

20  at *7 (dismissing claim that disclosure was not clear and conspicuous); *Williams*, 2020 WL

21  13328483, at *5 (granting motion to dismiss).

22          Here, Lowe's disclosure was conspicuous: it appeared under the word "Disclosure,"

23  and the next line said in all capital letters, "DISCLOSURE REGARDING BACKGROUND

24  REPORT."  Am. Compl. Ex. A at 2–3.  The disclosure also was clear because it consisted

25  of a mere four sentences, explaining that Lowe's "may obtain a background report" and

26  briefly describing what that meant.  *Id.*  Any "reasonable reader" would understand from

27  the disclosure: (1) that Lowe's might use a consumer report during the hiring process; (2)

28  the kinds of information the report might include (including information about the

- 8 -

consumer's children or wards); and (3) that Lowe's would seek one subtype of information—credit information—only after another, separate disclosure and authorization. Courts routinely have held that similarly-worded disclosures comport with the FCRA's clear-and-conspicuous requirement. *See, e.g.*, *Walker*, 2021 WL 4239988, at *5 (disclosure was clear because it "provided applicants with helpful information about what information will be collected, who will be collecting the information, and how the information will be obtained"); *Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1100 (D. Idaho 2019) (partially granting motion to dismiss where disclosure contained "eight concise sentences" that "disclose[d] to the applicant the scope of the data collection activity and their rights with respect to what is collected"), *aff'd*, 828 F. App'x 467 (9th Cir. 2020).

In arguing that the disclosure violates the clear-and-conspicuous requirement, Downing points to the same two purported flaws that he relies on for his argument that the disclosure violates the standalone requirement. That is, he alleges that the disclosure was confusing because it explained that Lowe's might seek a background report on an applicant or his "child[/]ward," and that Lowe's would not seek credit information without another disclosure and authorization. Am. Compl. ¶¶ 65–66. Again, neither argument has merit.

The fact that the disclosure refers to Lowe's potentially seeking information about an applicant or his children or wards is not confusing at all, and it is unclear why Downing thinks otherwise. To the extent that Downing means to argue that the disclosure is too broad, that argument would fail, too. Just as broad statutory language "does not demonstrate ambiguity," *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998) (quotation marks omitted), a broad disclosure concerning a consumer report does not make the disclosure unclear, *Juster*, 2022 WL 3030530, at *6. Even assuming for the sake of argument that Lowe's disclosure "is 'overbroad' in nature, . . . the prospective employee is not being misled about what type of information the employer wants to get." *Id.*

Nor is the statement that Lowe's will seek credit information only after another, separate disclosure unclear. This sentence explains that although background reports *can* include credit information, Lowe's will not seek an applicant's credit information without

- 9 -

further notice and another authorization. This information "disclose[s] to the applicant the scope of the data collection activity and their rights with respect to what is collected," *Mitchell*, 379 F. Supp. 3d at 1100, and thus, is precisely the sort of "helpful information" that the Ninth Circuit has *encouraged* employers to include in their disclosures, *Walker*, 2021 WL 4239988, at *5 (citing *Walker*, 953 F.3d at 1090). Lowe's disclosure is easily distinguishable from the one found unclear in *Gilberg*, which included an incomplete sentence and a confusing grammatical error. 913 F.3d at 1177. There are no incomplete sentences or grammatical errors in Lowe's four-sentence disclosure, which simply sets forth the type of information the consumer report may contain and explains what information (*i.e.*, credit information) will not be sought absent a separate disclosure.

## II. Downing Cannot Plausibly Allege A Willful Violation Under Section 1681n.

Even if Downing somehow could establish that Lowe's disclosure violated the Fair Credit Reporting Act's substantive requirements in Section 1681b, he still cannot state a claim against Lowe's under Section 1681n because he cannot plausibly allege that Lowe's *willfully* violated the statute—a high bar that is not satisfied here.

### A. Under Supreme Court Precedent, Willfulness Is A Very High Bar.

To show a willful violation of the FCRA, a plaintiff must show that a defendant was at least "reckless" with regard to its statutory obligations. *Safeco*, 551 U.S. at 57. Recklessness requires "not only a violation under a reasonable reading of the statute's terms, but . . . that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Where a defendant's reading of the statute "was not objectively unreasonable," the defendant's conduct "falls well short of raising the unjustifiably high risk of violating the statute necessary for reckless liability." *Id.* at 70 (quotation marks omitted).

Under the willfulness standard, when the "language of the FCRA is 'less than pellucid,' a defendant will nearly always avoid liability so long as an appellate court has not already interpreted that language" to prohibit the defendant's conduct. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673–74 (9th Cir. 2020) (citation omitted). Underscoring

- 10 -

the demanding nature of the willfulness standard, the Supreme Court has analogized willfulness under the FCRA to qualified immunity—the defendant-friendly doctrine that protects government officials from personal liability under 42 U.S.C. § 1983 absent "clearly established" law. *Safeco*, 551 U.S. at 70.

Willfulness is "an objective standard" that courts can decide as a matter of law based on the statutory text, precedent in the federal courts of appeals, and "authoritative guidance" from the Federal Trade Commission. *Safeco*, 551 U.S. at 70. Allegations of a defendant's "subjective bad faith" or "subjective intent" are irrelevant where "the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation." *Id.* at 70 n.20. Accordingly, "[d]istrict courts may, and often do, determine on the pleadings that a plaintiff failed to plead willfulness when the interpretation of the relevant statute" by the defendant "was not objectively unreasonable" in light of existing caselaw and authoritative agency guidance. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282 (11th Cir. 2017); *see also, e.g.*, *Dawson v. Wonderful Pistachios & Almonds, LLC*, 2018 WL 5263063, at *6 (C.D. Cal. April 27, 2018) (granting motion for judgment on the pleadings). The Ninth Circuit has similarly held that a plaintiff cannot plausibly allege that an employer *willfully* violated the FCRA where, as here, "there was a 'dearth of guidance' as to the definition of 'disclosure' and 'solely' at the time Defendant provided the disclosure." *Mitchell v. Winco Foods, LLC*, 828 F. App'x 467, 468 (9th Cir. 2020) (affirming judgment on the pleadings).

## B.   Downing Cannot Plausibly Allege A Willful Violation Here.

Here, Downing cannot come close to plausibly alleging that Lowe's disclosure was a *willful* violation of the FCRA. The statute says only that the disclosure must be provided "in a document that consists solely of the disclosure," and must specify "that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i). As the Ninth Circuit held in *Walker*, that statutory language "does not further define the term 'disclosure' or explain what information can be considered part of that 'disclosure,'" 953 F.3d at 1088, and so the statutory text is at minimum "less-than-pellucid" on the question

- 11 -

of whether Lowe's disclosure was unlawful.  *See Safeco*, 551 U.S. at 70.

*Walker* also told employers that they *may* include in their disclosure a brief explanation of what a consumer report is, what information the employer might obtain, and how the employer will obtain it.  *Walker*, 953 F.3d at 1088–90.  Thus, the most directly analogous appellate precedent ***supported*** the reasonableness of Lowe's disclosure, and certainly did not clearly establish that the disclosure was ***illegal***.  The same is true for the most relevant guidance from the Federal Trade Commission.  *See* FTC, Advisory Opinion to Coffey, 1998 WL 34323748, at *2 ("[S]ome additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from mandated disclosure.").  Thus, "[t]his is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took."  *Safeco*, 551 U.S. at 70.

The Complaint hints at a few alleged theories in support of Downing's allegation that Lowe's willfully violated the statute, Am. Compl. ¶¶ 57, 70, but each is meritless.

Downing first alleges that "[c]lear judicial and administrative guidance" should have warned Lowe's that its disclosure was unlawful.  Am. Compl. ¶ 57(v); *see also id.* at ¶ 57(i), (ii), (vi); ¶ 70(i), (ii), (v), (vi) (similar).  But as explained above, the opposite is true—the most relevant judicial and agency guidance supported Lowe's disclosure, and at minimum, did not clearly establish that the disclosure was illegal.

To be sure, at the highest possible level of generality, the statutory requirement of a clear, standalone disclosure was established by Congress itself and is undisputed.  *Syed*, 853 F.3d at 505.  Thus, where an employer includes material that is facially *unrelated* to the disclosure—say, a liability waiver—a plaintiff need not identify a specific case or authoritative agency guidance holding that a similar disclosure was unlawful, because the statute "is not subject to a range of plausible interpretations."  *Id.*  But beyond those extreme cases, the statute does not define what an employer may include for the purpose of *explaining* the disclosure without running afoul of the standalone or clear-and-conspicuous

1   requirements.  *Walker*, 953 F.3d at 1088.  In a case like this one, then, a plaintiff's claim

2   cannot survive a motion to dismiss unless he can point to authoritative guidance that could

3   have put the employer on notice that its specific disclosure was unlawful, rather than simply

4   pointing to the general requirement that a disclosure be "standalone" and "clear and

5   conspicuous."  *See, e.g.*, *Mitchell*, 828 F. App'x at 468; *Pedro*, 868 F.3d at 1280.

6          To the extent that Downing relies on the Ninth Circuit's decisions in *Syed* and

7   *Gilberg*, each is easily distinguishable and neither comes close to the level of specificity

8   that would have been required to put Lowe's on notice that its disclosure violated the statute.

9   *Cf. White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (explaining in the analogous

10  context of qualified immunity that "existing precedent must have placed the statutory or

11  constitutional question *beyond debate*") (quotation marks omitted; emphasis added).  In

12  *Syed*, the court held that an employer cannot include a *liability waiver* in its disclosure.  853

13  F.3d at 500–03.  In *Gilberg*, the Ninth Circuit held that an employer cannot include

14  extraneous "*state-mandated disclosure information*" in the disclosure required by the

15  federal Fair Credit Reporting Act and that an employer's disclosure was unclear where it

16  contained multiple grammatical errors.  913 F.3d at 1175–77 (emphasis added).  Lowe's

17  disclosure does not contain a liability waiver or state-mandated disclosure information, nor

18  does it contain grammatical errors.  Neither *Syed* nor *Gilberg* clearly established that

19  Lowe's disclosure was unlawful "because in those cases, and unlike here, the disclosure

20  page included information that did not reasonably serve the purpose of helping the

21  consumer understand the disclosure."  *Warr*, 2021 WL 6275013, at *6 (rejecting argument

22  that *Syed* and *Gilberg* prohibited disclosure explaining that "[c]redit history" would be

23  requested only if it was relevant to the positions for which the applicant was applying).  And

24  neither addressed anything remotely resembling the disputed language here.

25         Nor is it relevant that "Lowe's previously settled a class action lawsuit for alleged

26  violations" of the FCRA.  Am. Compl. ¶¶ 57(iii), 70(iii).  By Downing's own admission,

27  that case settled—*i.e.*, there was no merits adjudication.  And Downing does not even bother

28  alleging that the "settled" lawsuit involved similar factual allegations as this case.  Nor

- 13 -

could he.  Downing appears to be referring to *Brown v. Lowe's Companies, Inc.*, No. 5:13-cv-79 (W.D.N.C.).  There, the plaintiffs challenged a disclosure that looked nothing like the disclosure at issue here and they raised entirely different arguments—specifically, that the disclosure allegedly included a certification that the facts in the applicant's employment application were "true and accurate"; a liability waiver; and acknowledgements of a drug test, at-will employment, and that "Lowe's is an equal opportunity employer."  Second Am. Compl., *id.*, ECF 56 at 12, Ex. A.  Other than the fact that both cases involved Section 1681b and Lowe's, the alleged violations in *Brown* have nothing in common with the alleged problems in Lowe's disclosure here.

In any event, Downing's allegations concerning Lowe's subjective knowledge also are irrelevant to whether Lowe's conduct was *objectively* willful under *Safeco*.  *See* 551 U.S. at 70 n.20.  The question of whether a defendant's conduct was willful under the FCRA does not depend on a defendant's subjective state of mind "[w]here, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation."  *Id.*; *see also, e.g.*, *Noble v. Nev. Checker CAB Corp.*, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016), *aff'd*, 726 F. App'x 582 (9th Cir. 2018) (dismissing complaint because "[t]here is no liability where a company's reading of the relevant statute is objectively reasonable, i.e., where one of several reasonable interpretations is complied with, despite any evidence of subjective bad faith").

That leaves Downing's assertion that "the disclosures relating to applicant's children or wards was intentional and serves no purpose to the vast majority of job applicants, including Plaintiff."  Am. Compl. ¶¶ 57(iv), 70(iv).  Again, Lowe's alleged "intent" is irrelevant to the question of whether Downing can establish a willful violation.  *Safeco*, 551 U.S. at 70 n.20.  Nor does any clearly established law hold that a disclosure is unlawful simply because it may be overbroad as to some job applicants—to the contrary, at least one court in this Circuit has rejected that very argument.  *Juster*, 2022 WL 3030530, at *6.

For all these reasons, Downing has not pled—and cannot plead—facts sufficient to show that any violation of the FCRA by Lowe's was "willful."

4861-9446-3030

**III.    Downing Cannot Plausibly Allege A Negligent Violation Under Section 1681*o* Or That He Suffered Any Actual Damages.**

The Complaint asserts an "alternative" theory of liability under Section 1681*o* for both Counts I and II—namely, that "Lowe's acted negligently," rather than willfully.  Am. Compl. ¶¶ 59, 72.  These "alternative" claims fail for two reasons.  *First*, Downing cannot plausibly allege that Lowe's was negligent in concluding that its disclosure complied with the FCRA.  *Second*, Downing does not allege that he suffered any actual damages as a result of the purported flaws in the disclosure, as is required for negligence claims under Section 1681*o*.

**A.    Lowe's Disclosure Was Objectively Reasonable.**

Downing cannot plausibly allege a negligent violation for largely the same reasons that he cannot plausibly allege a willful violation.  Although negligence is a lower bar, the Ninth Circuit has made clear that a plaintiff still must "show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute." *Marino*, 978 F.3d at 673.  Thus, under the negligence standard, as under the willfulness standard, "a defendant will nearly always avoid liability so long as an appellate court has not already interpreted" the FCRA to prohibit the defendant's conduct. *Id.* at 674.

Here, as explained above, there is no appellate court decision that has found language like the language included in Lowe's disclosure to run afoul of the FCRA.  As a result, Lowe's could have reasonably interpreted the FCRA, relevant Ninth Circuit precedent, and guidance from the Federal Trade Commission to allow it to provide prospective employees with a disclosure that explained: (1) the broad scope and nature of the consumer report that Lowe's might request; and (2) that Lowe's would not request credit information without an additional disclosure and authorization. *See supra* at 11–12.  Thus, even assuming that Downing could establish that Lowe's disclosure was unlawful—he cannot—he still would lack a cognizable claim under Section 1681*o* because he cannot prove negligence.

**B.    Downing Does Not Allege Any Actual Damages.**

Unlike Downing's "standalone" and "clear-and-conspicuous" claims under Section

- 15 -

1681n for *willful* violations, Downing's alternative negligence theory under Section 1681*o*
requires him to adequately plead that he suffered actual damages. *See, e.g.*, *Warr*, 2021 WL
6275013, at *10. "Courts in this circuit routinely hold, based on the plain language of
§ 1681*o* of the FCRA, that a plaintiff's failure to allege actual damages requires the
dismissal of his claim for negligent violations of the FCRA." *Id.*; *see also, e.g.*, *Lugo v.
Experian Info. Sols., Inc.*, 2017 WL 3605228, at *5 (N.D. Cal. Aug. 22, 2017) (dismissing
Section 1681*o* claim). "[A]llegations of actual damages require factual matter raising the
reasonable inference that the plaintiff suffered financial harm, emotional distress, or
humiliation" as a result of the supposed FCRA violations of which he complains. *Warr*,
2021 WL 6275013, at *10. Allegations of actual damages that "rest on mere conclusions
for which [the plaintiff] provided no support" "are insufficient to survive a motion to
dismiss." *Wheeler v. MicroBilt Corp.*, 700 F. App'x 725, 727 (9th Cir. 2017).

Here, Downing alleges only that he "*seek[s]* actual damages" and that Lowe's
conduct "is the direct and proximate cause of Plaintiff's and the class members' damages."
Am. Compl. ¶¶ 59, 72 (emphasis added). Even if that allegation could be construed to
allege that Downing actually suffered damages, it is a "[t]hreadbare recital[] of the elements
of" his Section 1681*o* claim, which "do[es] not suffice" to state a claim and need not be
accepted as true at the motion-to-dismiss stage. *Iqbal*, 556 U.S. at 678. Nowhere does
Downing even describe the nature of any purported actual damages he suffered, let alone
provide sufficient factual allegations to survive a motion to dismiss. *See, e.g.*, *Wheeler*, 700
F. App'x at 726 (affirming dismissal of Section 1681*o* claim where plaintiff "simply made
a conclusory allegation that damages were suffered, without pleading any facts") (quotation
marks and alterations omitted); *Naimi-Yazdi v. JPMorgan Chase Bank, N.A.*, 2022 WL
2307068, at *3 (N.D. Cal. June 27, 2022) (dismissing Section 1681*o* claim because damages
allegations were "too conclusory and sparse").

Nor could Downing plausibly allege that he suffered any actual damages as a result
of his purported confusion concerning Lowe's plan to obtain his consumer report. Downing
alleges that he would have refused to authorize the report if he had understood the

- 16 -

disclosure, Am. Compl. ¶ 24, and admits that he was "required to complete . . . a disclosure regarding Plaintiff's background report" as a condition of employment, *id.* ¶ 19.  Employers are permitted to require applicants to consent to a background report as a condition of employment, as Lowe's did here.  *See, e.g.*, *Kelchner v. Sycamore Manor Health Ctr.*, 305 F. Supp. 2d 429, 436 (M.D. Pa. 2004), *aff'd*, 135 F. App'x 499 (3d Cir. 2005).  Thus, Downing cannot plausibly allege that he suffered any damages due to the purported errors in the disclosure.  By his own admission, if the disclosure had been to his satisfaction, Plaintiff "would not have signed" the authorization, Am. Compl. ¶ 24, which means Lowe's would not have hired him.  The end result for Plaintiff—no job at Lowe's—would have been the same, irrespective of the disclosure's contents.

Nor does Downing's request for "nominal damages" suffice to state a claim under Section 1681*o*. Am. Compl. ¶¶ 59, 72.  "'Actual damages' do not include nominal damages under the FCRA."  *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md. 2015), *aff'd*, 623 F. App'x 94 (4th Cir. 2015); *see also, e.g.*, *Primrose v. Castle Branch, Inc.*, 2017 WL 57800, at *5 (E.D.N.C. Jan. 3, 2017) (same).  Because "proof of *actual* damages is an essential element of a negligence claim" under the FCRA, Downing's failure to plausibly allege that he suffered any actual damages is fatal to his negligence claim. *Matise v. Trans Union Corp.*, 1998 WL 872511, at *6 (N.D. Tex. Nov. 30, 1998) (emphasis added).

## IV.   The Court Should Dismiss Downing's Claims Against Lowe's With Prejudice.

Any attempt by Downing to amend the Complaint again would be futile.  As a matter of law, Lowe's disclosure does not violate the FCRA and, even setting that aside, under no set of facts could Downing show a willful or even negligent violation of the statute.  For either or both of those reasons, the Court should dismiss Downing's claims against Lowe's with prejudice.  *See, e.g.*, *Williams*, 2020 WL 13328483, at *5 (dismissing with prejudice "[b]ecause . . . the disclosure does not violate the FCRA").

## CONCLUSION

The Court should grant Lowe's motion and dismiss Counts I and II with prejudice.

- 17 -

1   RESPECTFULLY SUBMITTED this 10th day of November, 2022.

2   /s/ Walker F. Crowson                          /s/ Jason C. Schwartz
    Walker F. Crowson (#032021)                    Jason C. Schwartz  *(pro hac vice)*
3   SNELL & WILMER L.L.P.                          Molly T. Senger *(pro hac vice)*
    One East Washington Street, Suite 2700         David A. Schnitzer *(pro hac vice)*
4   Phoenix, Arizona 85004-2202                    Matt Gregory *(pro hac vice)*
    Telephone:  602.382.6000                       Gibson, Dunn & Crutcher LLP
5   Facsimile:  602.382.6070                       1050 Connecticut Avenue, NW
    wcrowson@swlaw.com                             Washington, D.C. 20036-5306
6                                                  Telephone:  202.955.8500
                                                   Facsimile:  202.467.0539
7                                                  jschwartz@gibsondunn.com
                                                   msenger@gibsondunn.com
8                                                  dschnitzer@gibsondunn.com
                                                   mgregory@gibsondunn.com
9
10             *Attorneys for Defendant Lowes Home Centers, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4861-9446-3030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### LOCAL CIVIL RULE 12.1(C) CERTIFICATION

Consistent with Local Rule 12.1(c) and the Court's September 8, 2022 order, ECF 6, counsel for Lowe's conferred with Downing's counsel concerning this motion to dismiss. Specifically, on October 19, counsel for Lowe's spoke with Downing's counsel via a Zoom videoconference and discussed each of the deficiencies in his claims against Lowe's that Lowe's raises in this motion.  Downing then filed the Amended Complaint on October 27 in response to some of the deficiencies identified in the original Complaint.  Counsel for Lowe's contacted Downing's counsel regarding a second meet-and-confer after the Amended Complaint was filed.  Downing, in a subsequent email of November 3, 2022, confirmed that a further meet-and confer call concerning the issues raised in this motion would not be helpful.

RESPECTFULLY SUBMITTED this 10th day of November, 2022.

/s/ Walker F. Crowson
Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
wcrowson@swlaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz  *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant Lowes Home Centers, LLC*

# CERTIFICATE OF SERVICE

I certify that I caused the attached document to be filed with the Clerk's Office using the CM/ECF System, and transmittal of a Notice of Electronic Filing to be sent to the following CM/ECF Registrants, and a copy of the same to be mailed to the following if non-registrants on this 10th day of November, 2022:

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Steven L. Woodrow
Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

*Attorneys for Plaintiff Justin Downing*

Mandi J. Karvis
WICKER SMITH O'HARA MCCOY & FORD P.A.
One N. Central Ave., Suite 885
Phoenix, Arizona 85004
mkarvis@wickersmith.com

Henry Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
henry.chalmers@agg.com
edward.cadagin@agg.com

*Attorneys for Defendant First Advantage Background Services Corporation*

/s/ Jason C. Schwartz
Jason C. Schwartz

4861-9446-3030