Mandi J. Karvis/Bar No. 021858
**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
One N. Central Ave., Suite 885
Phoenix, AZ 85004
Telephone: (602) 648-2240
Fax: (602) 812-4986
E-mail: MKarvis@wickersmith.com

-and-

Henry R. Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8646
E-mail: henry.chalmers@agg.com
E-mail: edward.cadagin@agg.com

*Attorneys for Defendant First Advantage Background Services Corp.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, a North Carolina limited liability company; and First Advantage Corporation, a Delaware corporation,<br><br>Defendants. | Case No.: CV-22-08159-PCT-SPL<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S MOTION TO DISMISS AND/OR TO STRIKE PLAINTIFF'S CLASS CLAIMS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Defendant First Advantage Background Services Corp. ("First Advantage") respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), to dismiss and/or strike the class claims in Plaintiff Justin Downing's ("Plaintiff's") First Amended Class Action Complaint ("FAC") [*Doc. 11*].

(107988-17)

## I. INTRODUCTION

Between 2006 and 2009, Plaintiff pled guilty to three criminal charges and lost certain civil rights. Plaintiff alleges that on November 24, 2020, an Arizona Superior Court issued an Order setting aside those judgments of guilt and restoring his civil rights under Arizona law. Two years later, in February 2022, Plaintiff sought employment at a home improvement store, Defendant Lowe's Home Centers, LLC ("Lowe's"), and, in turn, Lowe's hired First Advantage to prepare a background report on Plaintiff.

In this lawsuit, Plaintiff brings both individual and class claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") against First Advantage, alleging that First Advantage incorrectly reported to Lowe's the three criminal convictions that allegedly had been set aside in 2020. As a result, he contends that First Advantage violated the FCRA and caused Lowe's to deny him employment. Plaintiff alleges two counts against First Advantage (Counts III and IV) on his own behalf and on behalf of a putative class.

First Advantage brings this Motion to Dismiss/Strike Counts III and IV to the extent Plaintiff asserts them on behalf of a putative class. As explained herein, the motion to dismiss stage is a perfectly acceptable time to assess whether – as is the case here – a proposed class is simply unworkable. Indeed, the resultant and necessary "mini-trials" regarding each putative member of the proposed class would bog this Court and the litigants down in individual fact finding for each class member that would destroy the predominance requirements of a Rule 23 class action.[1]

## II. STATEMENT OF FACTS[2]

First Advantage is a Consumer Reporting Agency ("CRA") that provides, among other things, background screening services to its customers, including preparing background reports on individuals for prospective employers. (*See* Compl. ¶ 17.) Plaintiff alleges that First Advantage prepared a background report on him for Defendant Lowe's that contained inaccurate

---

[1] First Advantage does not seek to dismiss Counts III or IV to the extent they assert claims solely on behalf of Plaintiff in his individual capacity.

[2] Given the standard of review applicable to this Motion to Dismiss, First Advantage sets forth the facts as alleged in Plaintiff's FAC without admitting that any such alleged facts are true.

- 2 -

information as part of Plaintiff's application for employment. (*See id.* ¶¶ 26-32.) Specifically, Plaintiff alleges that the "inaccurate report" First Advantage furnished to Lowe's on March 2, 2022 contained "three past criminal convictions with the disposition stated as 'guilty'." (*See id.* ¶ 32.) Although Plaintiff admits that he did plead guilty to those three criminal charges, he alleges that on November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt. (*See id.* ¶¶ 33-34.) Plaintiff further alleges that First Advantage failed to provide him with any notice that public record information was being provided to Lowe's that could have an adverse effect on his employment. (*See id.* ¶ 37.)

Plaintiff asserts two claims against First Advantage in his individual capacity: Count III asserting a claim under § 1681e(b), and Count IV asserting a claim under § 1681k. Relevant to this Motion, Plaintiff also asserts Counts III and IV on behalf of the following putative class:

> **First Advantage Class:** All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) about whom First Advantage provided a consumer report; (3) to any employer or potential employer; (4) where the consumer report contained a criminal disposition of "guilty"; and (5) where the consumer's conviction had been set aside pursuant to A.R.S. § 13-905.

(*See id.* ¶ 40; *see also* Counts III & IV.) As context, § 1681e(b) of the FCRA requires an individual Plaintiff to plead and prove: 1) the existence of an inaccurate credit report; 2) that First Advantage failed to follow reasonable procedures to assure the maximum accuracy of the report it prepared on him; 3) that Plaintiff suffered an injury; and 4) that First Advantage's failure to follow reasonable procedures with regard to his report caused his injury. *See* 15 U.S.C. § 1681e(b); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008); *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1154-56 (11th Cir. 1991); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996). As discussed below, when this claim is asserted on behalf of a class, the plaintiff must make this same individualized showing with regard to each putative class member.

Section 1681k, on the other hand, gives CRAs like First Advantage two options for compliance, requiring *either* that they notify an individual when they are furnishing a report about him to the prospective employer at the time they do so, *or* that they maintain strict procedures to

insure that the report is complete and up to date. Specifically, § 1681k(a) requires a CRA *either* to:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; **_or_**
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date ….

15 U.S.C. §§ 1681k(a)(1)-(2) (emphasis added).  Because subsections 1 and 2 are alternatives, in order to state a viable claim under §1681k, Plaintiff must prove that First Advantage failed to comply with **both** § 1681k(a)(1) **and** § 1681k(a)(2) with regard to his report.  And as discussed below, because Plaintiff attempts to assert this claim on behalf of a putative class, he would have to be able to make this same individualized showing with regard to each putative class member.

## III. ARGUMENT AND CITATION OF AUTHORITIES

### A. Relevant Standards

#### 1. Rule 12(b)(6) standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  Facts should be viewed "in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013).  While the Court accepts the FAC's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.*

## 2. Motion to Strike Class Claims Standard of Review

Although courts may have some hesitancy to grant a motions to dismiss (or strike) class claims at the pleadings stage, "[i]n some instances, the propriety *vel non* of class certification can be gleaned from the face of the pleadings," and dismissal is appropriate. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008); *see also Gen Tel. Co. of the Southwest v Falcon*, 457 U.S. 147, 160 (1982) ("[S]ometimes [class certification] issues are plain enough from the pleadings. . . ."); *Kennedy v. Unumprovident Corp.*, 50 F. App'x 354, 355-56 (9th Cir. 2002) ("As an initial matter, we reject Kennedy's argument that it was error for the district court to determine, on a motion to dismiss, as opposed to a motion for class certification, whether Kennedy could proceed on her First, Second and Third Causes of Action, all of which requested class relief, and on her Fourth Cause of Action, to the extent that it requested class relief. . . . Because Kennedy's claims are atypical, the district court did not err in granting Defendants' motion to dismiss or strike Kennedy's class claims.").

Indeed, "nothing in the rules says that the court must await a [class certification] motion by the plaintiffs" or the close of discovery before ruling on the propriety of a class. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Naiman v. Alle Processing Corp.*, No. 20-0963, 2020 WL 6869412, at *6 (D. Ariz. Nov. 23, 2020) ("[This] Court also noted, however, that 'class allegations may be stricken when it is clear from the face of the complaint that no class can be certified.' . . . Given the undisputed facts, Rule 23's requirements cannot be satisfied for the ACFA subclass."). As explained below, this case presents one of those instances where the viability of the proposed class is discernable from the face of the FAC.

When assessing early motions attacking class claims, courts use the same standard of review as with a motion to dismiss for failure to state a claim. *See, e.g. Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 660 (D. Nev. 2009) (granting defendant's motion to deny certification prior to any discovery and construing the motion under standards of Fed. R. Civ. P. 12(b)(6)); *Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 614 (W.D. Wisc. 2003) ("[W]hen there has been no discovery and the defendants challenge class certification on the basis of the allegations in the

FAC only, the proper standard is the same as a motion to dismiss for failure to state a claim."); *Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442, 450 (Bankr. D.R.I. 2002) ("For purposes of a motion to strike class allegations, asserted prior to any discovery on the matter, this Court will employ the standard set forth in FRCP 12(b)(6), reviewing this motion as if it were a motion to dismiss."). Accordingly, First Advantage moves under the Rule 12(b)(6) standard.

**B. Argument**

**1. The Court should dismiss Plaintiff's § 1681e(b) class claim because the individualized inquiries necessary to assess "reasonable procedures," "inaccuracy," and "causation" for each class member on a class-wide basis make Plaintiff's § 1681e(b) claim inappropriate for class treatment.**

Plaintiff's § 1681e(b) class claim cannot be saved from dismissal because the necessary individualized inquiries regarding each putative class member would inevitably predominate over common questions of law and fact, rendering the proposed class uncertifiable. *See* Fed. R. Civ. P. 23(b)(3). If Plaintiff's § 1681e(b) class were certified, Plaintiff would still be required to put on admissible evidence regarding *each* and every putative class member showing that: (i) *each* putative class member's report contained inaccuracies; (ii) that those particular inaccuracies were the result of First Advantage's failure to follow "reasonable procedures"; and (iii) the inaccuracies in that putative class member's report actually caused the alleged harm that class member suffered. These showings would necessitate testimony and documents from, for example, each class member's employer who hired First Advantage to prepare background reports (for causation testimony), each class member (for causation and inaccuracy testimony), various First Advantage employees (for testimony regarding the reasonableness of the particular procedures followed in preparing the individualized report for that particular class member), and potentially employees of various courthouses across Arizona (for verification of the accuracy of the information in each putative class member's background report at the time the report was prepared). Each class member would, in effect, be subject to his or her own "mini-trial" to determine whether, in fact, § 1681e(b) was violated as to them. These mini-trials would run afoul of Rule 23(b)(3)'s predominance requirement and therefore preclude class certification.

The Court would not till new ground in ruling on predominance before discovery. Indeed, courts across the country have dismissed class claims at this early stage, where it was clear from the pleadings that the class would fail Rule 23(b)(3)'s predominance requirement. *See, e.g. John v. National Sec. Fire & Cas. Co.*, No. 06-1407, 2006 WL 3228409, at *4 (W.D. La. Nov. 3, 2006) (necessary factual inquiries apparent from the face of the complaint weighed in favor of dismissing class claims on a 12(b)(6) motion); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005-06 (11th Cir. 1997) ; *Burdette v. Fed. Express Corp.*, No. 97-2935, 1998 WL 190275, at *1 (N.D. Ga. Feb. 18, 1998); *Cooper v. Coil Chem, LLC*, No. 16-473, 2016 WL 7168235, at *5 (W.D. Okla. Dec. 8, 2016); *Hioll v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 830 (N.D. Ill. 2013); *Picus*, 256 F.R.D. at 660.

The instant case is consistent with this line of precedents, as Courts have denied motions to certify § 1681e(b) class claims for the reasons stated above. *See, e.g. Owner-Operator Indep. Drivers Assoc., Inc. v. USIS Commercial Servs.*, Inc., 537 F.3d 1184 (10th Cir. 2008) ("[W]hether a report is accurate may involve an individualized inquiry . . . . The district court also explained that factual disputes regarding whether an individual [record] was accurate existed for other plaintiffs . . . . This demonstrates the necessity of an individualized inquiry for each claim."); *Gomez v. Kroll Factual Data, Inc.*, No. 13-0445, 2014 WL 1456530, at *3 (D. Colo. Apr. 14, 2014) ("To sustain a claim, each putative class member will need to prove that the information in the report Defendant furnished was inaccurate. 'This will entail an individual inquiry into the contents of each consumer report issued by defendant.'"); *Harper v. Trans Union, LLC*, No. 04-3510, 2006 WL 3762035, at *8 (E.D. Pa. Dec. 20, 2006) ("[P]laintiff ignores the fact that the defendants' failure to follow reasonable procedures to assure maximum possible accuracy comprises only one of the four elements of a claim under § 1681e(b). Plaintiff must also establish that the credit reports at issue included inaccurate information, and the individual consumers' injuries were caused by the inclusion of the inaccuracies. At trial, proof of these three additional elements, though traceable to defendants' conduct and policies, will require highly individualized proofs as to the injuries suffered by the putative class members."). As described above, Plaintiff's proposed 1681e(b) class would be inappropriate for certification, and the Court therefore may

appropriately dismiss the class claim in Count III, leaving only Plaintiff's individual 1681e(b) claim.

### 2. The court should dismiss Plaintiff's § 168k class claims because the individualized inquiries necessary to assess whether First Advantage maintained "Strict Procedures" under 168k(a)2 with regard to each putative class member make Plaintiff's § 168k claim inappropriate for class treatment.

As stated above, compliance with § 1681k requires that First Advantage *either* (i) notify Plaintiff that it is furnishing a report to the prospective employer at the time it does so (§ 1681k(a)(1)); *or* (ii) maintain "strict procedures" to insure that the report is complete and up to date (§ 1681k(a)(2)). When it comes to class certification, courts generally accept that a defendant's non-compliance with § 1681k(a)(1) can be subject to generalized proof if, for example, the defendant *never* sends out notice to consumers. *See, e.g. Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 702 (N.D. Ga. 2012). Demonstrating non-compliance with § 1681k(a)(2) on a class-wide basis is another matter, however, because the question of "strict procedures" is highly individualized.

Indeed, to show that First Advantage willfully failed to comply with § 1681k(a)(2), Plaintiff must show – *with regard to each class member* – that First Advantage: (1) furnished a consumer report containing potentially adverse information about that consumer; (2) failed to maintain strict procedures when it prepared its report regarding that particular putative class member; and (3) furnished a consumer report containing adverse information that was either incomplete or not up to date. *See id*. (denying certification); *Henderson v. Corelogic National Background Data, LLC*, No. 12-97, 2016 WL 4611570, at *11 (E.D. Va. Sept. 2, 2016) (denying certification and noting that "[n]on-compliance with § 1681k(a)(2) . . . is much more complicated."). As explained by the District Court for the Northern District of Georgia in denying certification of a § 1681k class:

> the court will need to conduct individual inquiries for each consumer with respect to: (1) the precise source of the adverse records reported and their accuracy; (2) the additional discretionary searches (if any) that were made during the quality review process on that consumer's report; and (3) whether adverse information in the report is complete and up to date. These inquiries will predominate over the common issues, which include whether defendant sent the notice required by § 1681k(a)(1),

the quality of the general databases that defendant uses to obtain information, and the general quality control procedures that defendant prescribes. Each of these factual inquiries will require the presentation of significant amounts of new evidence for each putative class member. Thus, it is clear that the predominance requirement is not met and this [§ 1681k] class cannot be certified.

*Farmer*, 285 F.R.D. at 703; *see also Henderson*, 2016 WL 4611570 (denying certification of § 1681k claim). Accordingly, in this case each class member would inevitably be, as with the § 1681e(b) class, subject to a "mini-trial" to determine where their records came from, what searches and quality review processes were used for their background report, and whether their information was complete and up to date. These mini-trials would run afoul of Rule 23(b)(3)'s predominance requirement and therefore preclude class certification, making it appropriate for the Court to dismiss the class claim in Count IV, leaving only Plaintiff's individual 1681k claim.

## IV.  CONCLUSION

For the foregoing reasons, the class claims in Counts III and IV of Plaintiff's First Amended Complaint should be dismissed, leaving only Plaintiff's individual § 1681e(b) and § 1681k claims in each Count.

RESPECTFULLY SUBMITTED this 10th day of November, 2022.

WICKER SMITH O'HARA McCOY & FORD, P.A.

By: */s/Mandi J. Karvis*
  Mandi J. Karvis
  One N. Central Avenue, Suite 885
  Phoenix, AZ 85004

  *-and-*

  Henry R. Chalmers *(admitted pro hac vice)*
  Georgia Bar No. 118715
  Edward P. Cadagin *(admitted pro hac vice)*
  Georgia Bar No. 647699
  **ARNALL GOLDEN GREGORY LLP**
  171 17th Street NW, Suite 2100
  Atlanta, GA 30363
  Telephone: (404) 873-8646
  henry.chalmers@agg.com
  edward.cadagin@agg.com

  *Attorneys for Defendant First Advantage Background Services Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to all CM/ECF registrants.

Penny L. Koepke, Esquire
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
pkoepke@hoalaw.com

*-and-*

Steven L. Woodrow, Esquire
Patrick H. Peluso, Esquire
Taylor T. Smith, Esquire
**WOODROW & PELUSO, LLC**
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com
*Attorneys for Plaintiff*

David A. Schnitzer, Esquire
Jason Schwartz, Esquire
Molly Senger, Esquire
Matthew Gregory, Esquire
**GIBSON DUNN & CRUTCHER, L.L.P.**
Washington, DC 20036
dschnitzer@gibsondunn.com
jschwartz@gibsondunn.com
msenger@gibsondunn.com
mgregory@gibsondunn.com
*Attorneys for Defendant Lowe's Companies, Inc.*

Walker F. Crowson, Esquire
**SNELL & WILMER, L.L.P.**
1 E. Washington St., Suite 2700
Phoenix, AZ 85004-2202
wcrowson@swlaw.com
*Attorney for Defendant Lowe's Companies, Inc.*

Henry R. Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, GA 30363
henry.chalmers@agg.com
edward.cadagin@agg.com
*Attorneys for Defendant First Advantage Background Services Corp.*

*/s/Vicki L. Cobbs*