Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Lowe's Home Centers, LLC, a North Carolina limited liability company, and First Advantage Corporation, a Delaware corporation,<br><br>*Defendants*. | Case No. 3:22-cv-08159-SPL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FIRST ADVANTAGE CORPORATION'S MOTION TO DISMISS AND/OR TO STRIKE PLAINTIFF'S CLASS CLAIMS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................iii

I. INTRODUCTION.................................................................................................1

II. STATEMENT OF FACTS ...................................................................................2

III. ARGUMENT ........................................................................................................3

    A. Defendant's Motion is Improper and Premature ......................................3

    B. The Motion fails in any case—the proposed class is limited to individuals who, due to First Advantage's failure to screen for such updates, had reports that claimed they had a conviction when the conviction had actually been set aside under Arizona law ......................5

    C. The Section 1681k(a) class allegations survive as well............................9

IV. CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

*Bearden v. Honeywell Int'l, Inc.,* 720 F.Supp.2d 932 (M.D. Tenn. 2010) .......................... 4

*Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292 (N.D. Ill. 2014) ............................ 4

*Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKX), 2014 WL 12708972 (C.D. Cal. Oct. 20, 2014) ................................................................................... 3

*Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815 (D. Ariz. 2016) ........................................... 3

*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011) ......... 3, 4

*Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR, 2013 WL 1892337 (N.D. Cal. May 6, 2013) .................................................................................................................................... 3

*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) .......................................... 7

*Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688 (N.D. Ga. 2012) ................................... 10

*Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974 (S.D. Cal. 2022) ................... 9

*Gadomski v. Equifax Info. Servs., LLC*, No. 2:17-CV-00670-TLN-AC, 2018 WL 2096862 (E.D. Cal. May 7, 2018) ......................................................................................... 9

*Gomez v. Kroll Factual Data, Inc.*, No. 13-CV-0445-WJM-KMT, 2014 WL 1456530 (D. Colo. Apr. 14, 2014) ............................................................................................................. 9

*Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044 (C.D. Cal. 2014) .................. 7

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) ........................... 7

*Harper v. Trans Union, LLC*, No. CIV.A. 04-3510, 2006 WL 3762035 (E.D. Pa. Dec. 20, 2006) .................................................................................................................................... 9

*Hawkins v. S2Verify*, No. C 15-03502 WHA, 2015 WL 5748077 (N.D. Cal. Oct. 1, 2015) ........................................................................................................................................ 9, 10

*Huff v. N.D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973) .......................................................... 5

*Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP RCX, 2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) ............................................................................................................... 4

*Leoni v. Experian Info. Sols. Inc.*, No. 217CV01408RFBVCF, 2019 WL 4866118 (D. Nev. Sept. 26, 2019), *aff'd*, 850 F. App'x 532 (9th Cir. 2021) ............................................. 6

*Naiman v. Alle Processing Corp.*, No. CV20-0963-PHX-DGC, 2020 WL 6869412 (D.

Ariz. Nov. 23, 2020) .................................................................................................. 4

*National Organization for Women v. Sperry Rand Corp.,* 88 F.R.D. 272 (D. Conn. 1980) ........................................................................................................................................ 5

*Nickerson v. Goodyear Tire & Rubber Corp.*, No. 820CV00060JLSJDE, 2020 WL 4937561 (C.D. Cal. June 3, 2020) ........................................................................... 5

*Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Com. Servs., Inc.*, 537 F.3d 1184 (10th Cir. 2008) ..................................................................................................... 9

*Perez v. Safelite Grp. Inc.*, 553 F. App'x 667 (9th Cir. 2014) ............................................ 7

*Phillips v. Philip Morris Companies, Inc.*, No. 5:10CV1741, 2013 WL 3291516 (N.D. Ohio June 28, 2013) ................................................................................................ 5

*Ramos v. U.S. Bank Nat. Ass'n,* No. CV 08–1150–PK, 2009 WL 3834035 (D. Or. Nov. 16, 2009) .................................................................................................................. 4

*Reyes v. Experian Info. Sols., Inc.*, No. SACV1600563AGAFMX, 2019 WL 4854849 (C.D. Cal. Oct. 1, 2019) ......................................................................................... 8

*Romano v. Motorola, Inc.,* No. 07–CIV–60517, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007) ........................................................................................................................ 4

*Sanders v. Apple Inc.,* 672 F.Supp.2d 978 (N.D. Cal. 2009) ............................................. 4

*Schilling v. Kenton Cnty., Ky.*, No. CIV.A. 10-143-DLB, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011) .................................................................................................................. 4

*Speers v. Pre-Employ.com, Inc.*, No. 13-CV-01849-HU, 2014 WL 2611259 (D. Or. May 13, 2014) .................................................................................................................. 9

*TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190 (2021) ........................................................ 8

*Weathers v. Peters Realty Corp.*, 499 F.2d 1197 (6th Cir. 1974) ...................................... 5

*Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) ........................................................................................................................ 4

**STATUTES, RULES, SECONDARY SOURCES**

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* ....................................... 1

A.R.S. § 41-1750 ................................................................................................................ 6

## I.   INTRODUCTION

This case challenges Defendant First Advantage Corporation's ("Defendant" or "First Advantage") systemic practice of furnishing consumer reports containing inaccurate and incomplete criminal history information to prospective employers in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"). In Plaintiff Justin Downing's ("Plaintiff" or "Downing") case, First Advantage provided a consumer report to his prospective employer, Lowe's Home Centers, LLC ("Lowe's"), that included inaccurate criminal disposition information with respect to three prior convictions that had actually been set aside under Arizona law. In response, Plaintiff filed this lawsuit, on behalf of himself and a class of similarly situated individuals challenging First Advantage's failure to adopt reasonable procedures to ensure that convictions that have been set aside under Arizona law are accurately reported under § 1681e(b), and its failure to adopt strict procedures to ensure that information contained within reports is complete and up-to-date under § 1681k(a).

First Advantage asks the Court to summarily dismiss or strike the class allegations with respect to Downing's claims under § 1681e(b) and § 1681k(a) because, supposedly, individualized issues predominate. This fails. As an initial matter, First Advantage's Motion is premature. There has been no discovery, and First Advantage must show, on the pleadings alone, that it would be impossible for the Court to certify any Class. First Advantage makes no such showing.

Even if the Motion were timely, it is premised solely on speculative and hypothetical individualized issues. Contrary to First Advantage's argument, the § 1681e(b) claims are capable of class-wide resolution. The class definition, which Courts may change at any time, is presently tailored to convictions that were set aside in the State of Arizona. Criminal histories are capable of being systematically searched, and discovery is likely to reveal the existence of a certifiable class. Further, because the FCRA requires First Advantage to adopt and follow reasonable procedures to ensure the accuracy of the information contained in its consumer reports, this litigation will answer for every Class

Member, in a single stroke, whether First Advantage's procedures were adequate. Finally, and contrary to First Advantage's assertions, to confer standing a class member's report must only have been released to a third party. First Advantage cannot carry its burden to demonstrate that certification is impossible.

Plaintiff will also ultimately be able to certify a class under § 1681k(a). Discovery relating to this claim will largely parallel discovery relating to the § 1681e(a) claim. That is, if discovery reveals a collection of consumers whose consumer reports included "guilty" criminal dispositions despite those judgments having been set aside, then the reports will have been both inaccurate under § 1681e(b) and incomplete and not current under § 1681k(a). In short, the § 1681e(b) and § 1681k(a) class claims will succeed or fail together, but at this stage there is no basis to conclude that a class could never be certified as to either.

As explained below, First Advantage's motion should be denied.

## II.   STATEMENT OF FACTS

Defendant First Advantage is a consumer reporting agency ("CRA") that collects and aggregates information about consumers world-wide. (FAC ¶ 17.) First Advantage generates a substantial portion of its business and income by providing background screening services to employers nationwide. (*Id.*)

In Plaintiff's case, Downing applied for employment with Defendant Lowe's Home Centers, LLC ("Lowe's") in or around February 2022. (*Id.* ¶ 18.) In connection with Lowe's onboarding process, First Advantage furnished a consumer report to Lowe's regarding Downing. (*Id.* ¶¶ 25, 31.) Despite purporting to have conducted "research" with respect to Downing's criminal history, First Advantage prepared and furnished a report containing three past criminal convictions with the disposition listed as "guilty". (*Id.* ¶¶ 29-32.) At the time the report was furnished, this was false: it was inaccurate and incomplete to state that Downing's dispositions were "guilty." Rather, on November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt, which restored Plaintiff's civil rights under A.R.S. § 13-905. (*Id.* ¶ 34; Ex. B.) The Order

2

setting aside the judgments of guilt were publicly available. (*Id.*) First Advantage has prepared multiple reports regarding Plaintiff with the same inaccurate and outdated information. (*Id.* ¶ 85.)

In preparing Plaintiff's report, First Advantage failed to adopt and follow reasonable procedures to ensure the maximum possible accuracy of the information contained in the report. (*Id.* ¶ 32.) First Advantage also failed to adopt and follow strict procedures designed to ensure that when public information contained in a consumer report is likely to have an adverse effect on a consumer's ability to obtain employment, that this type of sensitive information is complete and up to date. (*Id.* ¶ 25.) As such, Plaintiff brings this case on behalf of himself and a class of similarly situated consumers. (*Id.* ¶ 40.)

Based on these facts, the Court should deny the instant Motion.

### III. ARGUMENT

#### A. Defendant's Motion is Improper and Premature.

As a preliminary matter, Rule 12(b)(6) is not an appropriate vehicle to challenge class allegations. *See, e.g., Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKX), 2014 WL 12708972, at *9 (C.D. Cal. Oct. 20, 2014) (collecting cases) ("VSS cites no binding authority, and the Court is aware of none, authorizing a defendant to use the 12(b)(6) vehicle to defeat class certification."); *Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013) ("Sky Chefs fails to identify any Ninth Circuit authority permitting the use of a Rule 12 motion to dismiss class allegations."). Rather, Rule 12(b)(6) motions challenge pleadings that fail "to state a claim upon which relief can be granted", however, "class treatment is a 'procedural device,' not a claim for relief." *Casas*, 2014 WL 12708972, at *9.

Striking class allegations "is in fact rare…in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases). Striking class allegations before discovery is only appropriate "when it is clear from the face of the complaint that no class can be certified." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citation omitted); *see*

3

*also Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (citations omitted) (movant must show that the class allegations are 'facially and inherently deficient.") That is, "[t]he moving party has the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove [through discovery]."[1] *Schilling v. Kenton Cnty., Ky.*, No. CIV.A. 10-143-DLB, 2011 WL 293759, at *4 (E.D. Ky. Jan. 27, 2011); *see also Bearden v. Honeywell Int'l, Inc.,* 720 F.Supp.2d 932, 942 (M.D. Tenn. 2010) (providing that class allegations should be stricken prior to discovery only if "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23"). Put differently, "[b]efore a motion to strike class allegations is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim[s] ... succeed in class action form." *Sanders v. Apple Inc.,* 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (citations omitted).

If the "dispute concerning class certification is factual in nature and 'discovery is needed to determine whether a class should be certified,' a motion to strike the class allegations at the pleading stage is premature." *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010); *see also Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP RCX, 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007) ("Because striking is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation."). The better course of action is "to analyze

---

[1] *Naiman v. Alle Processing Corp.*, No. CV20-0963-PHX-DGC, 2020 WL 6869412, at *6 (D. Ariz. Nov. 23, 2020) (a defendant "must bear the burden of proving that the class is not certifiable."); *see also Cholakyan*, 796 F. Supp. 2d at 1246; *see also Ramos v. U.S. Bank Nat. Ass'n,* No. CV 08–1150–PK, 2009 WL 3834035 (D. Or. Nov. 16, 2009) ("[I]n the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable."); *Romano v. Motorola, Inc.,* No. 07–CIV–60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) ("Defendants, in contending that class certification in this case is precluded as a matter of law, have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.")

4

the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied." *Nickerson v. Goodyear Tire & Rubber Corp.*, No. 820CV00060JLSJDE, 2020 WL 4937561, at *11 (C.D. Cal. June 3, 2020) (quoting *In re Ford Motor Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 338 (D.N.J. 1997)); *see also Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("Maintainability [of a class] may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings provide."); *Huff v. N.D. Cass Co.,* 485 F.2d 710 (5th Cir. 1973); *National Organization for Women v. Sperry Rand Corp.,* 88 F.R.D. 272, 276 (D. Conn. 1980); *Phillips v. Philip Morris Companies, Inc.*, No. 5:10CV1741, 2013 WL 3291516, at *3 (N.D. Ohio June 28, 2013). "Generally, 'a district court should defer decision on class certification issues and allow discovery 'if the existing record is inadequate for resolving the relevant issues.'" *Mod. Holdings, LLC v. Corning Inc.*, No. CIV. 13-405-GFVT, 2015 WL 1481459, at *2 (E.D. Ky. Mar. 31, 2015) (citing *Bearden v. Honeywell Int'l, Inc.,* 720 F.Supp.2d 932, 942 (M.D. Tenn. 2010); *In re Am. Med. Sys.,* 75 F.3d at 1086; *see also In re Allstate Ins. Co. Underwriting & Rating Practices Litig.,* 917 F.Supp.2d 740, 751 (M.D. Tenn. 2008) (noting that, where "there has not been class discovery ... nor extensive briefing on class issues," it is appropriate to defer decision on contested class issues)).

First Advantage wholly fails in this case to meet its burden of demonstrating that Plaintiff's class allegations are "facially and inherently deficient" or that "under no set of circumstances could the claims succeed as a class action." In fact, just the opposite is true: class certification is attainable in this case following reasonable discovery (which will resolve the litany of factual questions that permeate the present record) and First Advantage's arguments against certification are wholly devoid of merit.

> **B.     The Motion fails in any case—the proposed class is limited to individuals who, due to First Advantage's failure to screen for such updates, had reports that claimed they had a conviction when the conviction had actually been set aside under Arizona law.**

First Advantage claims that dismissal of Plaintiff's § 1681e(b) class is required because, supposedly, "mini-trial[s]" will be necessary to determine whether: "(i) each putative class member's report contained inaccuracies; (ii) those particular inaccuracies were the result of First Advantage's failure to follow 'reasonable procedures'; and (iii) the inaccuracies in that putative class member's report actually caused the alleged harm that class member suffered." (Mot. at 6.) This argument fails. It is premised on pure speculation and misunderstands § 1681e(b) claims.

To prevail on his § 1681e(b) claim, Plaintiff "must present evidence tending to show that a [CRA] prepared a report containing inaccurate information." *Leoni v. Experian Info. Sols. Inc.*, No. 217CV01408RFBVCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019), *aff'd*, 850 F. App'x 532 (9th Cir. 2021) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). "Once the consumer has made prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information." *Id.*

Whether class members' reports contained inaccuracies will be shown by common proof. Plaintiff seeks to represent a limited class of consumers whose reports contained a criminal disposition of "guilty" and where the individual's conviction was set aside pursuant to A.R.S. § 13-905. (FAC ¶ 40.) The class claims are therefore premised on the same alleged inaccuracy as Plaintiff's claims. For certification, Plaintiff will need to show that a list may be compiled of reports that included a "guilty" disposition after the convictions had been set aside under Arizona law.

Discovery will likely reveal whether and to what extent compiling such reports is possible—at the pleadings stage, it would be improper to conclude as a matter of law that certification would be impossible. First Advantage has records of the reports it produced and the criminal dispositions included in each report. Further, because the class is limited to convictions in the State of Arizona—which requires all criminal history to be housed in one "central state repository", *see* A.R.S. § 41-1750—whether a conviction was set aside should be susceptible to a systematic search. That First Advantage was able to run a query

for outstanding criminal convictions relating to Plaintiff and the class members further suggests that criminal histories can be searched electronically.[2] At this stage, there is simply no basis to conclude certification would be impossible. *See Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citations omitted) ("[t]he propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion."); *Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 669 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014) (finding district court's failure to permit adequate precertification discovery regarding existence of a class was an abuse of discretion).

The reasonableness of First Advantage's procedures also poses common questions for which the lawsuit will provide common answers. First Advantage claims that individualized inquiries will be necessary "regarding the reasonableness of the particular procedures followed in preparing the individualized report for that particular class member". (Mot. at 6.) This makes little sense. If the procedures change with respect to each person, they are hardly procedures at all. To be clear, the FCRA requires consumer reporting agencies to "adopt" and "follow" reasonable procedures "to assure 'maximum possible accuracy' in consumer credit reports." *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1060 (C.D. Cal. 2014); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (Once a plaintiff demonstrates a report was released containing an inaccuracy, then the defendant can "escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures."). Given that the class is limited to individuals whose convictions were set aside in the State of Arizona, First Advantage has not, and cannot, explain why it would employ different

---

[2] In its annual report to investors, First Advantage touts its creation of a "propriety databases", which house "more than 616 million **criminal**, education, and work history observations" and relies on hundreds of "third-party data providers", including "federal, **state**, and local government entities." *See* https://investors.fadv.com/static-files/44c8c916-5038-4a4f-94d0-b7aeb0eb2867, pg. 6 (last visited Dec. 5, 2022) (emphasis added).

procedures to verify the result. Discovery will ultimately show that First Advantage employed the same procedures with the same results for all class members.[3] *See Reyes v. Experian Info. Sols., Inc.*, No. SACV1600563AGAFMX, 2019 WL 4854849, at *6 (C.D. Cal. Oct. 1, 2019) (certifying § 1681e(b) class claims and finding whether the defendant employed reasonable procedures presented common question under Rule 23(a)(2)). Again, at this stage, there is no basis to conclude that certification is impossible.

First Advantage also gets it wrong when it asserts that class members' injury and standing will require individualized inquiries. Instead, and as explained in *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190 (2021), class members must only show that their consumer reports were <u>released</u> to a third party to confer standing. In *TransUnion, LLC*, the Supreme Court addressed whether class members had standing to assert § 1681e(b) claims when TransUnion placed OFAC designations[4] on their consumer reports. *Id.* at 2201. The Court considered two separate categories of class members: members whose reports were disseminated to third-parties and members whose reports were never disseminated. *Id.* at 2208-2210. The Court concluded that the class members whose reports were "provided" to third-party businesses "suffered a concrete injury in fact under Article III" to bring a § 1681e(b) claim. *Id.* at 2209. Conversely, the remaining class members whose reports were not disseminated to a third party lacked standing to sue. *Id.* at 2212. Accordingly, First Advantage's suggestion that the Court will be required to sift through class members' purported injuries is incorrect. Plaintiff must only prove that a report was ***provided*** to a potential employer—nothing more is needed to satisfy the standing inquiry.

As a final point here, First Advantage cites a string of cases to suggest that denial of certification is common in § 1681e(b) claims. (Mot. at 7.) Of course, all of these cases were decided following discovery based on fully briefed motions for class certification.

---

[3] Again, First Advantage produced multiple reports regarding Plaintiff with the **same** inaccuracies. (FAC ¶ 85.)

[4] "OFAC maintains a list of 'specially designated nationals' who threaten America's national security. Individuals on the OFAC list are terrorists, drug traffickers, or other serious criminals." *TransUnion*, 141 S. Ct. at 2201.

8

*See Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Com. Servs., Inc.*, 537 F.3d 1184, 1194 (10th Cir. 2008); *Gomez v. Kroll Factual Data, Inc.*, No. 13-CV-0445-WJM-KMT, 2014 WL 1456530, at *1–2 (D. Colo. Apr. 14, 2014); *Harper v. Trans Union, LLC*, No. CIV.A. 04-3510, 2006 WL 3762035, at *1 (E.D. Pa. Dec. 20, 2006). And First Advantage ignores cases that have denied motions to strike § 1681e(b) class allegations. *See Hawkins v. S2Verify*, No. C 15-03502 WHA, 2015 WL 5748077, at *4 (N.D. Cal. Oct. 1, 2015) (denying a motion to strike § 1681e(b) and § 1681k class allegations); *Gadomski v. Equifax Info. Servs., LLC*, No. 2:17-CV-00670-TLN-AC, 2018 WL 2096862, at *7 (E.D. Cal. May 7, 2018) (denying a motion to strike § 1681e(b) class allegations); *Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974 (S.D. Cal. 2022) (denying a motion to strike § 1681e(b) class allegations).

Accordingly, the Court should deny First Advantage's motion to dismiss and/or to strike the § 1681e(b) class allegations.

### C. The Section 1681k(a) class allegations survive as well.

As a companion to its opening argument, First Advantage asserts that the § 1681k(a) class claims should also be "dismissed" because "mini-trial[s]" will be necessary "to determine where their records came from, what searches and quality review processes were used for their background report, and whether their information was complete and up to date." (Mot. at 9.) Again, this argument is based on speculation and should be rejected.

To prevail on his § 1681k(a) claim, Plaintiff must show that: "(1) a CRA furnished a consumer report for employment purposes compiled from public records containing adverse information; (2) the CRA failed to maintain strict procedures designed to insure that the information in that report was complete and up to date; and (3) the consumer report was either incomplete or not up to date." *Speers v. Pre-Employ.com, Inc.*, No. 13-CV-01849-HU, 2014 WL 2611259, at *6 (D. Or. May 13, 2014), *report and recommendation adopted*, No. 3:13-CV-01849-HU, 2014 WL 3672910 (D. Or. July 23, 2014) (citation omitted).

Each element will be proven using common evidence for all class members.

9

Initially, whether a report contained adverse public record information that is incomplete or not up to date will be subjected to the same common proof used to demonstrate § 1681e(b) claims. Again, the class is limited to individuals whose reports contained a criminal disposition of "guilty" despite the fact that the individual's conviction had been set aside pursuant to A.R.S. § 13-905. (FAC ¶ 40.) A guilty criminal conviction is undoubtably adverse public record information. As such, if Plaintiff can present evidence to show that First Advantage systematically failed to report that a prior conviction has been set aside, then—in addition to being inaccurate under § 1681e(b)—their reports will also have been incomplete and not up to date. In other words, the § 1681e(b) and § 1681k(a) class claims will likely succeed or fail together. But as with the § 1681e(b) claim, discovery is needed prior to a consideration of Rule 23's elements.

Likewise, whether First Advantage adopted and followed strict procedures to ensure the completeness of the reports will be resolved using common evidence. Once again, First Advantage claims that individualized inquiries are necessary based on the "searches and quality review processes" that were used with respect to each report (Mot. at 9). As with its § 1681e(b) argument, this does not make sense. The FCRA "requires a CRA to keep <u>in existence</u> strict procedures that are <u>followed</u> whenever a consumer report containing adverse information is furnished." *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 696 (N.D. Ga. 2012) (emphasis added). First Advantage intimates that it changed its procedures for each individual person. That defies common sense. Discovery will reveal what First Advantage's procedures were with respect to updating its reports with respect to "guilty" verdicts or pleas that had been set aside. As previously explained, First Advantage cannot (and has not) explained why those predesigned procedures would vary when the purpose is to verify the same result for everyone: whether an Arizona conviction has been set aside. Put simply, the strict procedures inquiry will be a common question for all class members. *See Hawkins*, 2015 WL 5748077, at *3 (finding that whether defendant failed to maintain strict procedures to assure that the criminal history information furnished was complete, accurate, and up-to-date presented common question for Rule 23.).

Accordingly, the Court should deny First Advantage's motion to dismiss and/or to strike Plaintiff's § 1681k(a) class allegations.

## IV. CONCLUSION

First Advantage's attempt to prematurely litigate class certification should be rejected. Instead, and in line with the majority of courts to consider this issue, the Court should decide certification following discovery and based on a complete record. For this reason, the Court should deny Defendant's motion and order such additional relief as it may deem necessary and just.

Dated: December 9, 2022

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalow.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Steven L. Woodrow (pro hac vice)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (pro hac vice)
ppeluso@woodrowpeluso.com
Taylor T. Smith (pro hac vice)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 9, 2022.

    /s/ Taylor T. Smith