Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>Lowe's Home Centers, LLC, a North Carolina limited liability company, and First Advantage Corporation, a Delaware corporation,<br><br>　　　　　*Defendants*. | Case No. 3:22-cv-08159-SPL<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS COUNTS I AND II** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................... 1

III.  ARGUMENT ............................................................................................... 2

    A.    **Plaintiff Adequately Pleads Claims For Violation Of Section 1681b Of The FCRA—Defendant's Motion To Dismiss Should Be Denied** ........... 4

        1.    **The disclosure that Lowe's provided to Plaintiff fails to stand alone—it contains extraneous language purporting to allow Lowe's to obtain information regarding the applicant's children or wards.** ........................................................................................ 4

        2.    **The language in Lowe's FCRA disclosure is not "clear and conspicuous."** ........................................................................... 7

    B.    **Plaintiff Plausibly Alleges That Lowe's Willfully Violated The FCRA By Providing A Disclosure Clouded By Extraneous Information** ......... 10

    C.    **To The Extent Plaintiff Must Allege More Facts To Show Actual Damages For His Alternative Claim Of Negligence, The Court Should Permit Plaintiff To Amend The Complaint** .............................................. 13

IV.  CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

*Arnold v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD,
    2021 WL 1222160 (N.D. Cal. Mar. 31, 2021)..........................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................................................3

*Barnett v. Centoni,* 31 F.3d 813 (9th Cir.1994)......................................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).............................................................................3

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).............................................................10, 12

*Gilberg v. California Check Cashing Stores, LLC*,
    913 F.3d 1169 (9th Cir. 2019) ........................................................................................ *passim*

*King v. Bank of Am., N.A.*, No. C-12-04168 JCS,
    2012 WL 4685993 (N.D. Cal. Oct. 1, 2012) ........................................................................14

*Knievel v. ESPN,* 393 F.3d 1068 (9th Cir. 2005)....................................................................................3

*Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 668 (9th Cir. 2020) .................. 10-11, 13

*Moore v. Cnty. of Butte*, 547 F. App'x 826 (9th Cir. 2013).....................................................................3

*Moore v. Rite Aid Hdqtrs Corp.*, No. CIV. A. 13-1515,
    2015 WL 3444227 (E.D. Pa. May 29, 2015)...........................................................................11

*Phoenix Payment Sols., Inc. v. Towner*, No. CV-08-651-PHX-DGC,
    2008 WL 2263765 (D. Ariz. May 30, 2008) .........................................................................3

*Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG,
    2022 WL 3219411 (S.D. Cal. Aug. 9, 2022).........................................................................8

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)..............................................................10

*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017)........................................................ *passim*

*Walker v. Fred Meyer*, 953 F.3d 1082 (9th Cir. 2020) ....................................1, 6, 7, 11, 14

*Whittaker v. WinRed Tech. Servs. LLC*, No. CV-20-08150-PCT-JJT,
    2021 WL 1102297 (D. Ariz. Mar. 23, 2021)..........................................................................3

**STATUTES, RULES, SECONDARY SOURCES**

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*................................. 1, 4-5

ii

## I. INTRODUCTION

This case challenges Lowe's Home Centers, LLC's ("Lowe's" or "Defendant") and First Advantage Corporation's ("First Advantage") (collectively "Defendants") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Specifically the FCRA's requirements for background checks for employment purposes. Lowe's uses a Disclosure when obtaining background checks for employment purposes that contains extraneous information—rendering the Disclosure confusing and incapable of standing alone. (*See* Disclosure, attached hereto as Ex. A.)

Plaintiff Justin Downing ("Downing" or "Plaintiff") is one applicant out of thousands who received Lowe's confusing Disclosure form. Yet rather than admit its error, Lowe's instead seeks early dismissal, asserting that its Disclosure is compliant as a matter of law in light of *Walker v. Fred Meyer*, 953 F.3d 1082 (9th Cir. 2020) and that Plaintiff cannot plausibly allege willful or negligent violations of the FCRA in any case. These arguments fail. First, Plaintiff adequately alleges that Lowe's disclosure form fails the statutory requirements to be clear, conspicuous, and in a "standalone" document free from extraneous information. Lowe's interpretation of *Walker*—as a safeguard for employers to include any extraneous language in the disclosure as long as it is "helpful"—is deeply flawed. Second, and in light of ample judicial and administrative guidance as to the FCRA's requirements, Plaintiff's allegations support the reasonable inference that Defendant's violations were willful and based on an objectively unreasonable interpretation of authority, and his claims for relief are sufficiently plausible to survive a motion to dismiss.

As such, and as detailed below, Downing plausibly alleges his claims for relief under Section 1681b of the FCRA, and Lowe's motion to dismiss Counts I and II from the Complaint should be denied.

## II. FACTUAL BACKGROUND

Lowe's is a nationwide retail company specializing in the sale home improvement supplies and products. (Dkt. 11 at ¶ 16.) In or around February 2022, Plaintiff applied for a job at a Lowe's store located in Show Low, Arizona. As part of his employment application,

Downing was required to review and complete a variety of employment forms. (*Id.* ¶¶ 18–19.) Among these forms was a Disclosure regarding the procurement of Plaintiff's background report. (*Id.* ¶ 19; Ex. A at 1–2.) The background check Disclosure stated as follows:

> Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.
>
> Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

(Ex. A at 1–2.) Following this disclosure, Lowe's procured a background check on Downing and ultimately denied him employment as a result of the report received from First Advantage. (Dkt. 11 at ¶¶ 26–31, 38.) Plaintiff filed the present action on September 8, 2022. (Dkt. 1.)

## III.   ARGUMENT

Lowe's motion to dismiss Plaintiff's claims for violation of Section 1681b of the FCRA should be denied. First, Plaintiff adequately sets forth facts to support his causes of action against Lowe's for failing to provide a background check disclosure that is clear and conspicuous and consists solely of the disclosure. Lowe's arguments against these claims are based largely in its belief that the *Walker* Opinion permits employers to include any extraneous information they fancy so long as that information is "helpful." This interpretation of *Walker* is severely flawed and stands in direct contrast to the plain language

2

of the statute, not to mention the *Walker* Opinion itself. And in any case, Lowe's disclosure contains language that is objectively confusing and distracts from what should be the "standalone" nature and purpose of the disclosure.

Second, Plaintiff has alleged sufficient facts to support a finding that Lowe's violations of the FCRA were willful. Defendant's reading of *Walker* and the FCRA as permitting any inclusions that are "helpful" to an applicant amounts to a reckless disregard of the Act's requirements and creates a higher risk of violating the statute than a careless reading would produce. Downing alternatively alleges that Lowe's acted negligently, and if the Court determines that he cannot support claims of negligent violation without more allegations related to actual damages, Plaintiff asks that he may be permitted to amend his complaint. In short, Plaintiff has met his burden to plead his claims above the speculative level. Dismissal of his first and second causes of action is not warranted, and the Court should deny Lowe's motion in its entirety.

To survive dismissal, a complaint must contain sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). On a motion to dismiss, a court must accept all factual allegations as true and construe the pleadings in a light most favorable to the nonmoving party. *Moore v. Cnty. of Butte*, 547 F. App'x 826, 828 (9th Cir. 2013); *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). "A court may not dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Phoenix Payment Sols., Inc. v. Towner*, No. CV-08-651-PHX-DGC, 2008 WL 2263765, at *1 (D. Ariz. May 30, 2008) (quoting *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994)). Indeed, a well-pleaded complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Whittaker v. WinRed Tech. Servs. LLC*, No. CV-20-08150-PCT-JJT, 2021 WL 1102297, at *1 (D. Ariz. Mar. 23, 2021) (quoting *Twombly*, 550 U.S. at 556).

### A. Plaintiff Adequately Pleads Claims For Violation Of Section 1681b Of The FCRA—Defendant's Motion To Dismiss Should Be Denied.

Despite Lowe's assertions to the contrary, the disclosure form at issue does not comply with the FCRA. Section 1681b(b)(2)(A)(i) of the FCRA requires employers to make a "clear and conspicuous disclosure" to employees or prospective employees of their intent to procure a consumer credit report. 15 U.S.C. § 1681b(b)(2)(A)(i). The statute further mandates that the background check disclosure be made "in a document that consists *solely* of the disclosure." *Id.* (emphasis added). This is the FCRA's "stand-alone" disclosure requirement. As alleged in the complaint, the Disclosure that Lowe's provided to Plaintiff was not clear and conspicuous, and it did not consist solely of the disclosure—rather, the document contains extraneous language related to background checks of children or wards of the applicant, and it further contains a confusing, conflicting explanation as to future disclosures. As a result, the disclosure made to Downing and other members of the class was not clear, nor did the form stand alone. Accordingly, Plaintiff has sufficiently pleaded violations of the FCRA, and Defendant's Motion to Dismiss should be denied.

#### 1. The disclosure that Lowe's provided to Plaintiff fails to stand alone—it contains extraneous language purporting to allow Lowe's to obtain information regarding the applicant's children or wards.

Defendant first argues for dismissal of Downing's claim for violation of the FCRA's "standalone" disclosure requirement—according to Lowe's, its form consists solely of the disclosure and does not run afoul of the Act. (Dkt. 18 at 4–8.) Though Defendant maintains that any extraneous information in the Disclosure is helpful, akin to certain extra information that the Court in *Walker* found acceptable, that simply isn't true. Rather, the instant Disclosure purports to enable First Advantage to procure reports for both applicants and their children, and the additional information impermissibly pulls applicants' attention away from the rights at issue.

The FCRA requires that a consumer report disclosure be made "in a document that consists solely of the disclosure"—this provision is frequently referred to as the

"standalone" disclosure requirement. 15 U.S.C. § 1681b(b)(2)(A)(i). The language is not superfluous or subject to interpretation:

> Where congressional intent "has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." . . . The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively."

*Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017) (citations omitted). The *Syed* Court noted that other FCRA disclosure provisions omit the term "solely," which indicates "that Congress intended that term to carry meaning in 15 U.S.C. § 1681b(b)(2)(A)(i)." *Id.* at 501. Further, "in light of Congress's express grant of permission for the inclusion of an authorization, the familiar judicial maxim *expressio unius est exclusio alterius* counsels against finding additional, implied, exceptions." *Syed*, 853 F.3d at 501. Thus, any extraneous information contained in a disclosure form violates the standalone requirement.

The Ninth Circuit in *Gilberg* reinforced this aspect of *Syed*. *See Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1175–76 (9th Cir. 2019). Considering the inclusion of state law disclosures, the *Gilberg* Court clarified that "*Syed*'s holding and statutory analysis were *not* limited to liability waivers; *Syed* considered the standalone requirement with regard to *any* surplusage." *Id.* at 1175 (emphasis added). This result was compelled by the clarity of the FCRA's standalone provision:

> We concluded [in *Syed*] the statute meant what it said: the required disclosure must be in a document that "consist[s] 'solely' of the disclosure." We based this holding on the statute's plain language, noting "[w]here congressional intent 'has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'"

*Id.* (citing *Syed*, 853 F.3d at 496, 500). Taken together, *Gilberg* and *Syed* hold firmly "that the standalone requirement forecloses implied exceptions." *Id.* at 1176. Hence, even if extraneous information is included under the guise of furthering the purpose of the FCRA, "purpose does not override plain meaning"—"even 'related' information may distract or confuse the reader," as the presence of extraneous information in a disclosure form that is "as likely to confuse as it is to inform" does not further the purpose of the FCRA. *Id.* at 1175–76; *see also Arnold v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2021 WL 1222160, at *3 (N.D. Cal. Mar. 31, 2021) (finding that language related to rights to inspect,

"even if presented 'in good faith,' is inconsistent with the standalone document requirement.").

Here, Plaintiff has alleged that Defendant's form fails to stand alone for at least two reasons. First, the disclosure contains extra language purporting to allow First Advantage to pull reports for either the applicant "or [their] child/ward." (Dkt. 11 at 53; Ex. A at 1–2.) In other words, Lowe's disclosure form purports to extend to the rights of multiple individuals, including the applicant's children. Defendant dismisses this flaw briefly, providing an example of a parent completing the employment form on behalf of a minor. (*See* Dkt. 18 7.) But the language in the form is not one, standalone disclosure, but a joint disclosure for multiple people. The statement that Lowe's "may obtain a 'background report' about you or your child/ward for employment purposes" is not qualified in any way and applies to any party signing the form—if a parent fills out the form on behalf of a minor applicant, the form discloses a potential report for either the parent or child. (Ex. A at 1.) Similarly, for any adult applicant, the Disclosure suggests that Lowe's may obtain a background report about the applicant *or* their child.[1]

Second, the Disclosure concludes with a separate paragraph related to the potential for an *additional* disclosure and authorization that Lowe's would present to the applicant prior to pulling a consumer credit report. (*Id.* at 2.) Leaving aside that this second paragraph renders the Disclosure unclear, it pulls attention away from the rights at issue by informing applicants that there will be some other form or forms to review later. The Ninth Circuit has uniformly considered extraneous information that "pulls the applicant's attention away" from the Disclosure itself to violate the standalone requirement. *Syed*, 853 F.3d at 502; *Walker*, 953 F.3d at 1090 (citing *Syed*); *Gilberg*, 913 F.3d at 1175 (same).

As is the theme throughout Defendant's motion, Lowe's attempts to argue that *Walker* permits the inclusion of "helpful" information which would otherwise be extraneous

---

[1] To the extent Lowe's wanted a form that a parent could use for their child, it could have created such a separate form specifying that it pertained solely to parents applying on behalf of their minor children or wards. By combining such a disclosure into a single form, Lowe's has plausibly run afoul of the statute and the motion to dismiss should be denied.

6

to the disclosure. (Dkt. 18 at 5–7.) The Ninth Circuit in *Walker* analyzed several paragraphs of a disclosure form, finding that two paragraphs explaining "what it means to 'obtain' a consumer report" were acceptable, and two paragraphs containing otherwise "useful information" about a consumer's right to obtain and inspect information about any background investigation were unacceptable. *Walker*, 953 F.3d at 1090–91. *Walker* did not hold that any manner of "helpful" information may be included in a disclosure report; it held quite the opposite—that even useful information included in good faith "cannot reasonably be deemed part of" a standalone disclosure if it pulls applicants' attention away from the disclosure itself and draws attention to other rights or information. *Id.*

Such is the case here. The language in Lowe's Disclosure referring to reports that may be pulled on an applicant's child or ward, as well as the language referring to tentative future information or forms to be provided for credit reports functions to pull the applicant's attention away from what must solely be a disclosure "that a consumer report will be obtained for employment purposes." *Id.* at 1191. *Walker* does not authorize employers like Lowe's to include any information they believe is "helpful" in their consumer report disclosure form. Plaintiff has adequately alleged, above the speculative level, that Defendant's form fails to satisfy the FCRA's standalone disclosure requirement. Accordingly, Lowe's motion to dismiss Count I for failure to state a claim should be denied.

### 2. The language in Lowe's FCRA disclosure is not "clear and conspicuous."

In addition to standing alone, an employer's FCRA disclosure form must be clear and conspicuous. Lowe's contends that its form satisfies this requirement due to its heading, brevity, and the absence of "incomplete sentences or grammatical errors." (Dkt. 18 at 8–10.) Plaintiff, however, has sufficiently alleged that the language of Defendant's Disclosure is not reasonably understandable. As such, the disclosure is unclear, and Lowe's has not met its statutory burden.

Though the FCRA's "clear and conspicuous" provision is a singular requirement, each prong is analyzed and must be satisfied individually. The Ninth Circuit explained that,

to be "clear," a disclosure must be "reasonably understandable," and to be "conspicuous" it must be "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019); *Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG, 2022 WL 3219411, at *8 (S.D. Cal. Aug. 9, 2022) (citing *Gilberg*). To satisfy the FCRA, a disclosure must be both clear *and* conspicuous—the *Gilberg* form was conspicuous, but it "contain[ed] language that a reasonable person would not understand" and was therefore unclear and in violation of the FCRA. *Gilberg*, 913 F.3d at 1177.

Here, Lowe's disclosure may have been presented with a conspicuous heading to indicate to applicants what they were reviewing, but, as alleged in the Complaint, the Disclosure is not clear. It contains language that is not reasonably understandable—first, the Disclosure confusingly informs applicants that Lowe's may obtain consumer reports regarding the applicant "or [their] child/ward," with no explanation. (Dkt. 11 at ¶¶ 24, 65); (Ex. A at 1.) Lowe's may have its own rationale for including such language—supposedly to account for minor applicants—but given that it is included in a form disclosure presented to all applicants, the language is not reasonably understandable. (*Compare* Dkt. 18 at 7, *with* Ex. A at 1–2.) This is not merely an "overbroad" or explanatory disclosure; rather, it is a form rendered unclear by secondary disclosure of the potential for consumer reports on an applicant's children: "it is unclear as to whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both." (Dkt. 11 at ¶ 4.)[2]

Second, the closing paragraph of the Disclosure creates confusion as to what sort of report may be pulled and what report is actually being disclosed. The second paragraph states that information related to "you or your child's/ward's worthiness, credit standing, or credit capacity" will not be requested without disclosing further information and obtaining separate authorization. (Ex. A at 2.) Given that Lowe's included information that may bear on worthiness, credit standing, and credit capacity in its prior explanation as to what constitutes a "background report," this second paragraph seems to contradict the notion that

---

[2] Indeed, at best the Disclosure is ambiguous, and subject to multiple competing interpretations. That is the opposite of clarity.

8

Lowe's intends to obtain a background report at all—it is not reasonably understandable why Lowe's would disclose that it may obtain a report containing various information, only to state in the same form that it will not do so without providing further disclosure. (*See* Dkt. 11 at 22, 66.) Likewise, the second paragraph refers to "worthiness," as opposed to credit worthiness, and it is unclear whether a term like "worthiness" would encompass some or all of the information noted in the first paragraph, or some other nebulous category of information that Lowe's may review. (Ex. A at 2.) In short, the second paragraph of Lowe's form further muddles what it already a confusing disclosure, to the point that applicants like Downing cannot reasonably understand what exactly is being disclosed and what report, if any, Lowe's intends to procure.

Lowe's also argues that its form is clear because it contains "no incomplete sentences or grammatical errors" and is thus distinguishable from the form in *Gilberg*. (Dkt. 18 at 10.) But the FCRA requires clarity, not the absence of any particular errors or language. In *Gilberg*, the form at issue was unclear because: (1) it contained language that a reasonable person would not understand, and (2) it combined federal and state disclosures. *Gilberg*, 913 F.3d at 1177. This holding did not require the presence of any errors or specific extraneous information—the form was unclear because it was confusing to a reasonable reader. In the present action, Plaintiff expressly alleges that Lowe's Disclosure was unclear and confusing not just to himself, but to any reasonable person. (Dkt. 11 at ¶¶ 4, 55, 67.) Lowe's cannot force dismissal on the pleadings simply by disagreeing. Rather, at this stage of the case, Plaintiff has plausibly alleged that Defendant's disclosure form violates the FCRA's "clear and conspicuous" requirement, and his claim is supported by the factual assertions that the form contains contradictory and confusing language that a reasonable person would not understand, obfuscating the nature of both the potential report and the disclosure itself.

By including confusing language regarding background reports of applicants' children, and by contradicting its own expressed intent with a qualification for any report concerning "worthiness," Lowe's rendered its disclosure form unclear, if not

9

indecipherable. Plaintiff alleges that Defendant's disclosure was not reasonably understandable to himself or other Lowe's applicants—the form is not clear. Accordingly, Downing has adequately stated a claim for relief for violation of the FCRA, and Lowe's motion to dismiss should be denied.

### B. Plaintiff Plausibly Alleges That Lowe's Willfully Violated The FCRA By Providing A Disclosure Clouded By Extraneous Information.

Lowe's next basis for seeking dismissal is its contention that Plaintiff supposedly cannot plausibly allege a willful violation of the FCRA. Defendant's argument is correctly rooted in the standard established by *Safeco*, but Lowe's conclusion ultimately rests upon a misunderstanding of authorities like *Marino* and *Walker*. As Plaintiff has alleged, ample judicial and administrative guidance counsels against inclusions of any kind. (Dkt. 11 at ¶ 57(v)–(vi).) Lowe's decision to add novel language to its disclosure, claiming that it is permitted to do so if the substance is "helpful" and has not yet been explicitly addressed by a court, meets the standard for reckless disregard that qualifies as a willful violation.

In the FCRA context, the Supreme Court held that "reckless disregard of a requirement of FCRA would qualify as a willful violation" of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). Reckless disregard occurs where the defendant acts or interprets a statute in a way that is "objectively unreasonable" and creates a risk of violation that is substantially greater than the risk associated with a careless reading. *Id.* at 69–70. While the Court deemed the statute "less-than-pellucid" on the issue in 2007 (*id.* at 70), even a lack of definitive authority "does not, as a matter of law, immunize [a party] from potential liability" for violating the FCRA. *Syed*, 853 F.3d at 504 (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010)) (alterations in original).

Since *Safeco*, the Ninth Circuit has repeatedly addressed the FCRA's disclosure requirement and has established definitive authority on the issue. In *Syed*, the Ninth Circuit adopted the standards of *Safeco* and held that the standalone requirement, as is at issue in the present case, "is not subject to a range of plausible interpretations." *See Syed*, 853 F.3d at 503–06. "15 U.S.C. § 1681b(b)(2)(A) unambiguously forecloses the inclusion of a

liability waiver in a disclosure document. Thus we need not consider . . . subjective interpretation of the FCRA in determining whether [the defendant] acted [recklessly]." *Id.* And, as confirmed in *Gilberg*, *Syed*'s holding and analysis is "not limited to liability waivers," but applies "to any surplusage." *Gilberg*, 913 F.3d at 1175.

At this stage of the litigation, Plaintiff "simply must allege sufficient facts to demonstrate the alleged violation, as pled, amounts to an objectively unreasonable reading of the statute." *Moore v. Rite Aid Hdqtrs Corp.*, No. CIV. A. 13-1515, 2015 WL 3444227, at *10 (E.D. Pa. May 29, 2015) (evaluating a motion to dismiss in a substantially-similar FCRA case that raised a similar willfulness argument and finding that the attack improperly "go[es] to the merits of plaintiff's case"). Here, Plaintiff has done so, alleging a litany of reasons why Lowe's violation was willful, including the plain language of established law and clear judicial and administrative guidance that counsels against including extraneous language. (Dkt. 11 at 57, 70.)

In moving to dismiss, Lowe's has revealed its own unreasonable interpretation of *Walker* that creates a greater risk of violating the FCRA than a careless reading. Defendant frequently cites *Walker* as "encourag[ing]" employers to include additional information in the report that is "helpful." (Dkt. 18 at 6, 7, 9, 10.) *Walker* made no such holding—the Ninth Circuit deemed three paragraphs lawful not because they contained "helpful information" but because they could be "considered part of the 'disclosure' itself" and thus were not extraneous information. *Walker*, 953 F.3d at 1090. Immediately thereafter, the Court held that two more paragraphs were unlawful because, even if they were "included in good faith in order to provide additional useful information," they pulled attention away from the disclosure and "cannot reasonably be deemed part of" a standalone disclosure. *Id.* at 1090–91. Notwithstanding that the statute's standalone requirement is unambiguous and thus not subject to interpretation, reasonable or otherwise, *see Syed*, 853 F.3d at 505, Defendant's interpretation of *Walker* as permissive of any "helpful" inclusions is not only incorrect but reckless, and adopting such a view creates a heightened risk of violating the FCRA.

Lowe's further attempts to shield its violations behind language in *Marino*, stating that "a defendant will nearly always avoid liability so long as an appellate court has not already interpreted that language." (Dkt. 18 at 10, 15) (citing *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 668, 673–74 (9th Cir. 2020)). Defendant's citation takes the Ninth Circuit's recognition of a problem out of context and attempts to spin it into a standard for dismissal. The *Marino* Court held not that defendants *should* avoid liability, but that addressing willfulness first creates a "problem" by enabling courts to dispose of cases without resolving interpretive issues: "if the appellate court addresses only the negligence or willfulness issue and leaves the question of statutory interpretation undecided, then the question of statutory interpretation will likely never be answered." *Id.* at 674. Thus, the Ninth Circuit "encourage[s]" courts in this circuit to determine whether defendants violated the FCRA before turning to questions of negligence or willfulness. *Id.*

It is unsurprising that employers like Lowe's would prefer to be off the hook for any inclusions that have not been specifically addressed by an appellate court, such that they could enjoy a safe harbor from liability as they test and stretch the limits of the FCRA's standalone disclosure requirement. However, even if there were a lack of judicial guidance (there is not), it would not immunize parties from liability for statutory damages. *See Syed*, 853 F.3d at 504. An employer whose conduct "is first examined under [a] section of the Act should not receive a pass because the issue has never been decided." *Id.* at 506 (citing *Cortez*, 617 F.3d at 722) (alterations in original). Under the approach encouraged by Lowe's, defendants would be rewarded for finding new ways to violate the same statute— so long as employers injected novel categories of information into their disclosures, the courts would be unable to assign liability, even to the employers in *Syed*, *Gilberg*, or *Walker*. The Ninth Circuit has not adopted such a lenient approach to violations of the FCRA, and neither should this Court.

The Disclosure in this case was presented in February of 2022. *Syed*, *Gilberg*, and *Walker* were firmly the law. There is simply no basis for finding the law was unsettled at the time of the alleged violations.

Despite Lowe's flawed readings of *Walker* and *Marino*, the FCRA's standalone requirement is unambiguous, and the meaning of the word "solely" has not changed since the law was drafted. Defendant's interpretation of *Walker* as permitting inclusion of "helpful" information amounts to a reckless disregard of the statutory mandate and creates an unjustifiably higher risk of violating the FCRA. Taken as true, as must be done on a motion to dismiss, Plaintiff's allegations are sufficient to state a claim for willful violation of the FCRA above the speculative level. Accordingly, the Court should deny Lowe's motion to dismiss.

### C. To The Extent Plaintiff Must Allege More Facts To Show Actual Damages For His Alternative Claim Of Negligence, The Court Should Permit Plaintiff To Amend The Complaint.

Finally, Lowe's argues that Plaintiff cannot plausibly allege his alternative claim for negligent violation of the FCRA—Defendant first reiterates its assertion that the Disclosure was "objectively reasonable," and it further claims that Plaintiff does not allege any actual damages. (Dkt. 18 at 15–17.) For the same reasons identified above, Lowe's "objectively reasonable" interpretation falls flat, and to the extent Plaintiff must allege more facts to show actual damages for his negligence claim, the Court should permit Downing to amend his Complaint.

In asserting that its interpretation of the statute was "objectively reasonable," Lowe's once again cites to *Marino* for the proposition that defendants will "nearly always avoid liability" when the specific language has not yet been ruled on by an appellate court. (Dkt. 18 at 15.) As explained above, the language quoted from *Marino* referred to what the Ninth Circuit viewed as a problem, which it intended to curb or address by encouraging courts in this circuit to first consider the violations themselves before turning to the question of negligence or willfulness. *Marino*, 978 F.3d at 674.

Lowe's highlights the fact that defendants often avoid liability by driving analysis to willfulness or negligence as if it is a standard to which the Court must adhere, but it is not. Nevertheless, Plaintiff has adequately alleged willfulness and, in the alternative, negligence to support his claims for relief. Lowe's incorrect interpretation of *Walker* as permitting

13

inclusion of any language that may be "helpful" to an applicant is both objectively unreasonable and a reckless disregard of the plain language in the Act's "solely consisting of the disclosure" requirement. *Walker* did not make any holding that would expand the standalone provision; it found that multiple paragraphs, even if helpful and included in good faith, were not part of the disclosure and therefore impermissible. *Walker*, 953 F.3d at 1090–91. The same is true here.

With regard to damages, Plaintiff has alleged that he and other members of the class "would not have authorized the procurement of their reports" if they understood the disclosure provided; instead, and as a result of Defendant's form, Plaintiff has suffered damages in the form of all the efforts taken to remedy the unlawful disclosure and incorrect report and to bring this action. (*See* Dkt. 11 at 24, 59, 72.) The extent of Plaintiff's damages will be proven at trial, and the pleading requirements for damages under the FCRA permit a variety of damages, including reviewing credit reports, sending demand letters, impairment to credit score, impeding access to credit, and pain and suffering. *King v. Bank of Am., N.A.*, No. C-12-04168 JCS, 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012). In the event that Plaintiff is required to allege additional facts regarding actual damages to support his alternative theory of negligence, Plaintiff asks that he be given leave to amend his complaint as necessary.

**IV.   CONCLUSION**

Defendant's motion to dismiss Plaintiff's first and second causes of action should be denied. Plaintiff has alleged sufficient facts to support his claims for violation of the FCRA's "clear and conspicuous" and "standalone" disclosure requirements above the speculative level, and Lowe's flawed interpretation of *Walker* does not warrant dismissal. Further, Plaintiff has adequately pleaded that Lowe's violations of the FCRA were willful given its objectively unreasonable interpretation of *Walker* and the standalone requirement that created a heightened risk of violating the statute. Accordingly, Plaintiff has met his burden to plausibly plead claims for relief, and the Court should deny Defendant's motion and award such relief as it deems necessary and just. Further, in the event the Court

determines that Downing's alternative claim for negligent violation lacks allegations as to actual damages, Plaintiff should be permitted to amend his complaint.

Dated: December 9, 2022　　　　　　　**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: */s/* Patrick H. Peluso

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
pkoepke@hoalaw.com

Steven L. Woodrow (pro hac vice)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (pro hac vice)
ppeluso@woodrowpeluso.com
Taylor T. Smith (pro hac vice)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

/s/ Patrick H. Peluso