Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

Jason C. Schwartz *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Justin Downing, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Lowe's Home Centers, LLC, a North Carolina corporation, and First Advantage Corporation, a Delaware corporation,

Defendants.

No. 3:22-cv-08159-SPL

**LOWE'S HOME CENTERS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND II**

Assigned to Hon. Steven P. Logan

**ORAL ARGUMENT REQUESTED**

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

## Table of Contents

**Page**

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 2

I. Downing Fails To State A Claim That Lowe's Violated The Fair Credit Reporting Act. ........................................ 2

A. *Walker* Forecloses Downing's Claim That Lowe's Disclosure Violated The Standalone Requirement. ........................................ 2

B. For Similar Reasons, Downing Cannot Plausibly Allege That Lowe's Disclosure Violated The Clear-And-Conspicuous Requirement. ........................................ 4

II. Downing Cannot Plausibly Allege A Willful Or Negligent Violation. ........ 6

III. Downing's Negligence Claim Fails For The Additional Reason That He Does Not Allege Any Actual Damages. ........................................ 10

CONCLUSION ........................................ 11

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

## Table Of Authorities

**Page(s)**

**Cases**

*Arnold v. DMG*,
2021 WL 1222160 (N.D. Cal. Mar. 31, 2021) .......... 3, 4

*Dawson v. Wonderful Pistachios & Almonds, LLC*,
2018 WL 5263063 (C.D. Cal. Apr. 27, 2018) .......... 9

*Fuges v. Sw. Fin. Servs., Ltd.*,
707 F.3d 241 (3rd Cir. 2012) .......... 10

*Gilberg v. Cal. Check Cashing Stores, LLC*,
913 F.3d 1169 (9th Cir. 2019) .......... 3, 8

*Horne v. Dep't of Educ.*,
2009 WL 775432 (D. Ariz. Mar. 23, 2009) .......... 11

*Juster v. Workday, Inc.*,
--- F. Supp. 3d ---, 2022 WL 3030530 (N.D. Cal. Aug. 1, 2022) .......... 3, 5

*Kivo v. Blumberg Exelsior, Inc.*,
982 F. Supp. 2d 217 (E.D.N.Y. 2013) .......... 6

*Levine v. World Fin. Network Nat'l Bank*,
554 F.3d 1314 (11th Cir. 2009) .......... 8

*Long v. Tommy Hilfiger USA, Inc.*,
671 F.3d 371 (3d Cir. 2012) .......... 8

*Lugo v. Experian Info. Sols., Inc.*,
2017 WL 3605228 (N.D. Cal. Aug. 22, 2017) .......... 6

*Marino v. Ocwen Loan Servicing LLC*,
978 F.3d 669 (9th Cir. 2020) .......... 10

*Moore v. Rite Aid Headquarters Corp.*,
2015 WL 3444227 (E.D. Pa. May 29, 2015) .......... 8, 9

*Safeco Insurance Co. of America v. Burr*,
551 U.S. 47 (2007) .......... 1, 8, 10

*Syed v. M-I, LLC*,
853 F.3d 492 (9th Cir. 2017) .......... 3, 4, 8

*Walker v. Fred Meyer, Inc.*,
2021 WL 4239988 (D. Or. Aug. 13, 2021) .......... 2, 9, 10

*Walker v. Fred Meyer, Inc.*,
953 F.3d 1082 (9th Cir. 2020) .......... *passim*

*Warr v. Cent. Garden Pet Co.*, 2021 WL 6275013 (N.D. Cal. Sept. 21, 2021) .................................................... 3, 5, 11

*Wheeler v. MicroBilt Corp.*, 700 F. App'x 725 (9th Cir. 2017) ........................................................................ 11

*Williams v. Savage Servs. Corp.*, 2020 WL 13328483 (C.D. Cal. Oct. 7, 2020)........................................................ 4, 5, 6

**Statutes**

15 U.S.C. § 1681a(d)(1) ............................................................................................ 5

**Regulatory Material**

FTC, Advisory Opinion to Coffey, 1998 WL 34323748 (Feb. 11, 1998)........................ 2, 7

**Rules**

Fed. R. Civ. P. 15(a)(1) ........................................................................................... 11

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

## INTRODUCTION

Downing's opposition brief makes clear that his claims against Lowe's can be disposed of based on legal questions that are properly resolved on a motion to dismiss. In particular, under *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082 (9th Cir. 2020), Downing cannot state a claim that Lowe's disclosure violated the FCRA's standalone or clear-and-conspicuous requirements. The four corners of the disclosure itself demonstrate that no reasonable applicant could have been confused as to whether Lowe's might request a background report or as to the potential scope of that background report. Moreover, Downing identifies no appellate precedent or authoritative guidance from the Federal Trade Commission that could have made the disclosure objectively unreasonable under *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007). For any or all of those reasons, Downing's claims against Lowe's fail as a matter of law.

Downing offers little in response. His primary argument in opposition to Lowe's motion is that even "helpful" information in an employer's FCRA disclosure is impermissible unless it is part of the standalone disclosure itself. But here, the challenged language in Lowe's disclosure *was* part of the standalone disclosure itself, as it explained the scope of the information that a background report might include, and therefore fits comfortably within *Walker*'s holding that "some concise explanation" of a consumer report "may be included as part of the 'disclosure' required by § 1681b(b)(2)(A)(i)." 953 F.3d at 1088. Downing's attempt to manufacture a lack of clarity in Lowe's disclosure fails for reasons Lowe's already has explained. The disclosure unambiguously tells an applicant: (1) Lowe's might request a background report that could include a wide range of information about a consumer or his children or wards; and (2) Lowe's will *not* request credit information about the consumer (or his children or wards) without additional notice. As for Downing's gripes about the difficulty that a plaintiff faces in plausibly alleging a willful or negligent violation under *Safeco*, those arguments are better addressed to Congress or the Supreme Court; the fact remains that Downing has not met his burden here.

For these reasons, this Court can and should dismiss all claims against Lowe's.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

## ARGUMENT

### I. Downing Fails To State A Claim That Lowe's Violated The Fair Credit Reporting Act.

#### A. *Walker* Forecloses Downing's Claim That Lowe's Disclosure Violated The Standalone Requirement.

Downing's primary argument rests on a mischaracterization of Lowe's motion and the Ninth Circuit precedent that governs this case. Specifically, Downing repeatedly insists that Lowe's seeks dismissal on the theory that "the *Walker* Opinion permits employers to include any extraneous information they fancy so long as that information is 'helpful.'" Downing Br. 2; *see also, e.g.*, *id.* at 1 ("Lowe's interpretation of *Walker*—as a safeguard for employers to include any extraneous information in the disclosure as long as it is 'helpful'—is deeply flawed."). That is not Lowe's argument at all.

Instead, Lowe's argument is that the language challenged by Downing is *not* "extraneous," but rather, provides "helpful information about what information will be collected, who will be collecting the information, and how the information will be obtained." *Walker v. Fred Meyer, Inc.*, 2021 WL 4239988, at *5, *7 (D. Or. Aug. 13, 2021) (R&R on remand from Ninth Cir.), *adopted*, 2021 WL 4391550 (D. Or. Sept. 24, 2021). In other words, the language is *part* of the standalone disclosure, and the FCRA *does* allow employers to go "beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,'" *Walker*, 953 F.3d at 1088; *see also id.* at 1088 n.7 (citing FTC, Advisory Opinion to Coffey, 1998 WL 34323748, at *2 (Feb. 11, 1998)), and to provide "some concise explanation of what that phrase means . . . as part of the 'disclosure' required by § 1681b(b)(2)(A)(i)." *Id.* Thus, in *Walker*, the Ninth Circuit held that language was permissible as part of the employer's standalone disclosure where it described "what type[s] of information may be included in the 'consumer report.'" *Id.* at 1089; *see also id.* at 1090 (additional language was permissible because it explained "what private and public information about the applicant will be examined").

That is precisely the case here. As Lowe's explained in its opening brief, the language challenged by Downing "elucidate[s] what it means to obtain a consumer report,"

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

*Walker*, 953 F.3d at 1090, by explaining the types of information that the consumer report might reveal, including: (1) *whose* information might be implicated (*i.e.*, the applicant and his children or wards); and (2) the kinds of information that would *not* be searched without additional notice even though they are within the scope of the FCRA's definition of a consumer report (*i.e.*, credit information). Opening Br. 5–8. This type of information is permissible under *Walker*, which is why district courts in this Circuit routinely dismiss claims like Downing's here. *See, e.g.*, *Juster v. Workday, Inc.*, --- F. Supp. 3d ---, 2022 WL 3030530, at *6 (N.D. Cal. Aug. 1, 2022); *Warr v. Cent. Garden Pet Co.*, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021); *see also* Opening Br. 6 (collecting additional cases). Downing makes no attempt to distinguish these common sense decisions, choosing instead to spend the bulk of his brief rebutting an argument that Lowe's does not make.

In fact, Downing's own cases show why his claim fails. *See Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1175–76 (9th Cir. 2019); *Syed v. M-I, LLC*, 853 F.3d 492, 500–03 (9th Cir. 2017); *Arnold v. DMG*, 2021 WL 1222160, at *3 (N.D. Cal. Mar. 31, 2021). In *Syed* and *Gilberg*, "unlike here, the disclosure page included information that did not reasonably serve the purpose of helping the consumer *understand the disclosure*." *Warr*, 2021 WL 6275013, at *6 (emphasis added). In *Syed*, for example, the employer included a liability waiver. 853 F.3d at 500–03. In *Gilberg*, the employer combined its FCRA disclosure with additional state-mandated disclosures about rights under *state* law. 913 F.3d at 1175–77. Neither addition fell within the permitted scope of a "concise explanation" of the "type of information" that an employer might seek under the FCRA. *Walker*, 953 F.3d at 1088–89. For that reason, the language at issue in *Syed* and *Gilberg* provided extraneous information that had no bearing on the FCRA disclosure itself.

The language that the Ninth Circuit held unlawful in *Walker* was similarly beyond a "brief explanation of what a consumer report is and what [information] can be obtained" by the employer under the FCRA. *See Juster*, 2022 WL 3030530, at *7 (citing *Walker*, 953 F.3d at 1088–89). In *Walker*, in addition to the permitted information explaining the nature and scope of the consumer report, the employer included two *additional* paragraphs,

informing applicants that they had a right to inspect the reporting agency's files. 953 F.3d at 1090; *see also Arnold*, 2021 WL 1222160, at *3 (similar). Those paragraphs "'pull[ed] the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights' that he ha[d] to inspect [the reporting agency]'s files." *Walker*, 953 F.3d at 1090 (quoting *Syed*, 853 F.3d at 502). Here, by contrast, the disclosure states that Lowe's "may obtain a 'background report,'" describes what that phrase means, and briefly explains the kinds of information that the report requested by Lowe's might include. Am. Compl., Ex. A at 2–3. That is precisely the sort of "concise explanation" that is permitted as part of the standalone disclosure under *Walker*. 953 F.3d at 1088–89.

**B. For Similar Reasons, Downing Cannot Plausibly Allege That Lowe's Disclosure Violated The Clear-And-Conspicuous Requirement.**

Just as Downing has failed to plausibly allege a violation of the standalone requirement, so, too, has he failed to plausibly allege a violation of the clear-and-conspicuous requirement. Opening Br. 8–10. Downing concedes that Lowe's disclosure was conspicuous. Downing Br. 8. But he argues that the disclosure was unclear in two ways: First, because it explained Lowe's might obtain information about a consumer or his "child/ward," and second, because it explained Lowe's would not request credit information without an additional disclosure. *Id.* at 8–9. Neither of Downing's arguments has merit.

For starters, Downing confuses the relevant standard in arguing that Lowe's disclosure was "not reasonably understandable to himself or other Lowe's applicants." Downing Br. 10. To prevail on his claim, Downing must plausibly allege that the disclosure is *objectively* not "reasonably understandable," which is a legal question that this Court can decide. *E.g.*, *Williams v. Savage Servs. Corp.*, 2020 WL 13328483, at *5 (C.D. Cal. Oct. 7, 2020) (quotation marks omitted). The test is not whether Downing subjectively understood the disclosure, or whether Downing's lawyers could have drafted a better one. Instead, the question is whether a *reasonable* applicant would be confused about the fact that Lowe's might seek a consumer report or about the kinds of information that the report might include. Courts often decide that legal question at the motion-to-dismiss stage where,

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

as here, the disclosure is attached to or incorporated into the plaintiff's complaint and shows that "the prospective employee is given full notice of what the employer intends to do so that the prospective employee can give knowing consent." *Juster*, 2022 WL 3030530, at *6; *see also, e.g.*, *Warr*, 2021 WL 6275013, at *6–7; *Williams*, 2020 WL 13328483, at *5.

Here, Lowe's disclosure provides applicants with full notice that Lowe's might request background information about them or their children or wards, *see* Am. Compl., Ex. A at 2–3; Opening Br. 9, and no reasonable person could read the disclosure and be confused as to that fact. At most, Downing argues that the *scope* of the information Lowe's tells its applicants it might seek about them is unreasonably broad—that is, he argues that Lowe's impermissibly tells consumers that a background report might include information about not only them but also their children or wards. Downing Br. 8. However, that "is not the kind of problem with which the FCRA is concerned." *Juster*, 2022 WL 3030530, at *6. "[T]he prospective employee is not being misled about what type of information the employer wants to get," and "if the disclosure is overbroad and excessively intrusive, the point of the FCRA is to afford the applicant [the ability] to refuse consent." *Id.*

The second paragraph in Lowe's disclosure—regarding the fact that Lowe's will not obtain credit information without an additional disclosure—similarly concerns only the scope of the information that Lowe's might request. The paragraph informs consumers that Lowe's will *not* request one subcategory of data—credit information—without an additional notification. *See* Am. Compl. Ex. A at 2–3; Opening Br. 9–10. Downing argues that this paragraph is contradictory because the first paragraph defines a background report to potentially include credit information. But the language in the first paragraph tells the consumer what a background report is and "tracks the language of the FCRA," *Walker*, 953 F.3d at 1089 n.9, which defines a "consumer report" to include information "bearing on a consumer's credit worthiness, credit standing, [and] credit capacity," 15 U.S.C. § 1681a(d)(1). The second paragraph then *clarifies* for the applicant that although he is authorizing Lowe's to pull a background report, Lowe's will *not* seek credit information without a further disclosure. Thus, the second paragraph helps an applicant understand the

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

disclosure by further "'elucidat[ing] what it means to 'obtain' a consumer report' in terms of what type of information will be collected and from what source." *Williams*, 2020 WL 13328483, at *5 (quoting *Walker*, 953 F.3d at 1089).

Downing seeks to manufacture ambiguity in this paragraph by noting that, unlike the first paragraph's definition of a "background report," the second paragraph uses the word "worthiness" in the phrase "worthiness, credit standing, or credit capacity." Downing Br. 8–9. According to Downing, the term "worthiness" here could refer to "some other nebulous category of information that Lowe's may review." *Id.* at 9. But this is the sort of contrived reading that "stretches the statute's requirements beyond the limits of law and common sense." *Williams*, 2020 WL 13328483, at *4 (quotation marks omitted). Read in context, any *reasonable* consumer would understand that "worthiness" in the second paragraph—when coupled with the references to credit standing and credit capacity in the second paragraph and the reference to "credit worthiness" in the first paragraph—refers to *credit* worthiness. Downing's own Complaint shows he understands that the second paragraph is about "credit information," Am. Compl. ¶ 66, not some "other nebulous category" of information. Downing Br. 9.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

**II. Downing Cannot Plausibly Allege A Willful Or Negligent Violation.**

Even if Downing somehow could allege a violation of the FCRA, his claims against Lowe's still would fail as a matter of law because he cannot plausibly allege that Lowe's willfully or negligently violated the statute. Opening Br. 10–15.

A violation of the FCRA must be either willful or negligent in order for a private plaintiff to state a viable claim; accordingly, courts routinely dismiss FCRA lawsuits like Downing's for failure to plausibly allege willfulness or negligence. Opening Br. 10–15 (collecting examples); *see also, e.g.*, *Lugo v. Experian Info. Sols., Inc.*, 2017 WL 3605228, at *5 (N.D. Cal. Aug. 22, 2017) (dismissing willfulness claim); *Kivo v. Blumberg Exelsior, Inc.*, 982 F. Supp. 2d 217, 220 (E.D.N.Y. 2013) ("Courts have specifically held that … *Safeco* based arguments regarding the reasonableness of their statutory interpretation are grounds upon which to grant a motion to dismiss." (quotation marks omitted)).

Downing's main argument that he did, in fact, allege a willful or negligent violation again rests on his mischaracterization of Lowe's motion—that is, he insists that it would be unreasonable to be able to include extraneous information in a FCRA disclosure solely because the information is "helpful." Downing Br. 11. But that is not, and has never been, Lowe's argument. Instead, Lowe's disclosure was lawful because it included no extraneous information and consisted solely of the disclosure itself, which had a concise explanation of the types of information the background report might include. Opening Br. 11–12.

Downing then points cryptically to his Complaint and insists without further elaboration that it includes "a litany of reasons why Lowe's violation was willful, including the plain language of established law and clear judicial and administrative guidance that counsels against including extraneous language." Downing Br. 11 (citing Am. Compl. ¶¶ 57, 70). But the only guidance specifically cited in the Amended Complaint consists of the *Syed*, *Gilberg*, and *Walker* decisions—none of which help Downing's cause. *See* Opening Br. 12–14. Moreover, in his opposition brief, Downing fails to address—or even cite—the FTC's most relevant guidance, which advises employers that "some additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure." FTC, Advisory Opinion to Coffey, 1998 WL 34323748, at *2. Nor does Downing attempt to identify any other "administrative guidance," Downing Br. 11, that might support his claim. Needless to say, the Complaint's oblique reference to Lowe's previous settlement of a FCRA class action lawsuit involving *different* disclosure language does not suffice to show that he has plausibly alleged a *willful* FCRA violation by Lowe's based on the language at issue in this case. *See* Opening Br. 13–14.

Next, Downing contends that the interpretation of the FCRA in Lowe's motion itself serves to show that Lowe's FCRA violation was willful. *See* Downing Br. 11. The argument appears to be that Lowe's "has revealed its own unreasonable [and reckless] interpretation of *Walker*" by arguing that Downing's claims fail because *Walker* is "permissive of any 'helpful' inclusions." *Id.* For at least three reasons, this argument is

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

meritless. First, as explained above, the premise is false—Lowe's has never argued that an employer can include any language it chooses in a FCRA disclosure so long as the employer believes the language is "helpful"; instead, Lowe's argues that helpful, elucidating language about the content of the background-report information sought, which is *part* of the disclosure, is permissible. Second, Downing's new argument that Lowe's chose the language in its disclosure based on an egregious misreading of *Walker* appears nowhere in the Complaint, and of course, is incompatible with what *Walker* actually says. Third, at the motion-to-dismiss stage, Lowe's subjective interpretation of the FCRA would be irrelevant anyway because the question is whether Downing can plausibly allege that Lowe's disclosure was *objectively* reckless and unreasonable in light of the text of the FCRA, existing appellate precedent, and authoritative FTC guidance. *Safeco*, 551 U.S. at 70; *see also, e.g.*, *Long v. Tommy Hilfiger USA, Inc.*, 671 F.3d 371, 377 (3d Cir. 2012) (affirming dismissal of FCRA claim because *Safeco* "held that evidence of subjective bad faith or intent of the defendant is irrelevant when there is an objectively reasonable interpretation of the statute that would allow the conduct in question"); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1319 (11th Cir. 2009) (similar). He has not and cannot do so.

Downing argues that if his claim fails here for lack of an authoritative interpretation by a court of appeals or the FTC, then no plaintiff could ever establish a willful or negligent violation. Downing Br. 12. That is wrong, and Downing's own cases again illustrate why. In *Syed* and *Gilberg*, the employer's disclosures were reckless under *Safeco*, even without directly analogous appellate precedent or authoritative FTC guidance, because those employers included language in the disclosure that was facially unrelated to the standalone FCRA disclosure or was grammatically incoherent. *Syed*, 853 F.3d at 500–03 (liability waiver); *Gilberg*, 913 F.3d at 1175–77 (state-mandated disclosures and grammatically incoherent disclosure). The Eastern District of Pennsylvania's decision in *Moore v. Rite Aid Headquarters Corp.*, 2015 WL 3444227 (E.D. Pa. May 29, 2015), is similar. There, the employer's form included "releases of liability and waivers" that were objectively unreasonable under the plain text of the FCRA and analogous FTC guidance that "advised

against including . . . a waiver of consumer rights provision." *Id.* at *11–12. In cases like *Syed*, *Gilberg*, and *Moore*, the plain text of the FCRA, appellate precedent, or FTC guidance (or all three) put the employers on notice that their disclosures were unlawful, and those courts found that no reasonable employer could have concluded otherwise.

This case is the opposite. Here, for example, nothing in the text of the FCRA "define[s] the term 'disclosure' or explain[s] what information can be considered part of that 'disclosure' for purposes of the standalone requirement." *Walker*, 953 F.3d at 1088. The most analogous appellate precedent and FTC guidance affirmatively *support* Lowe's belief that its disclosure was lawful. Opening Br. 12. And Downing "has cited no case in which a disclosure notice like that at issue here has supported a viable FCRA claim." *Dawson v. Wonderful Pistachios & Almonds, LLC*, 2018 WL 5263063, at *6 (C.D. Cal. Apr. 27, 2018); *see also id.* at *5 (explaining that "the only basis for the Ninth Circuit's ruling in *Syed* is the liability waiver, not the additional information concerning the scope of the consumer report and an applicant's right to review the consumer report").

Downing also suggests that Lowe's interpretation of *Safeco* would mean that the court could not have assigned liability in *Walker* for the unlawful portions of the employer's disclosure. *See* Downing Br. 12 ("Under the approach encouraged by Lowe's . . . the courts would be unable to assign liability, even to the employers in *Syed*, *Gilberg*, **or *Walker***." (emphasis added)). The argument is difficult to understand—in *Walker*, on remand from the Ninth Circuit, the district court held that the plaintiff's willfulness claim failed, because "under *Safeco* and *Syed*, [the employer]'s disclosure was not based on an 'objectively unreasonable' interpretation of [the] FCRA's standalone requirement at the time Walker applied for a position." *Walker*, 2021 WL 4239988, at *6–7.[1] The district court there rejected the same arguments that Downing's counsel makes here, explaining that the

[1] Downing's counsel represented the plaintiff in *Walker*, and therefore it is unclear why he erroneously suggests that the court "assign[ed] liability" to the employer in that case. Downing Br. 12. After the district court granted partial summary judgment to the defendant, the parties entered a settlement and stipulated to the dismissal of the plaintiff's claims. *See* Stipulation of Dismissal, ECF 83, *Walker v. Fred Meyer, Inc.*, No. 3:17-cv-1791 (D. Or. Feb. 17, 2022).



Snell & Wilmer L.L.P. LAW OFFICES One East Washington Street, Suite 2700 Phoenix, Arizona 85004 602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

plaintiff "fundamentally misconstrue[d] the Ninth Circuit's analysis of the issues on appeal." 2021 WL 4239988, at *6.

Next, Downing complains that *Safeco* "creates a 'problem' by enabling courts to dispose of cases without resolving interpretive issues." Downing Br. 12 (quoting *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673–74 (9th Cir. 2020)). But the solution is not to ignore Supreme Court precedent establishing a rule under which "a defendant will nearly always avoid liability so long as an appellate court has not already interpreted that language." *Marino*, 978 F.3d at 674; *see also, e.g.*, *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3rd Cir. 2012) ("A defendant's conduct is reckless only if it was 'objectively unreasonable' in light of 'legal rules that were 'clearly established' at the time.'" (quoting *Safeco*, 551 U.S. at 69–70)). Instead, the solution is for courts to "determine whether the defendant committed a violation of the FCRA *before* turning to questions of negligence and willfulness," although "this is not an ironclad rule" and a court may answer the questions in whichever order it chooses. *Marino*, 978 F.3d at 674 (emphasis added).

That is exactly what Lowe's has argued this Court should do. First, the Court should hold that Lowe's disclosure did not violate the FCRA, and the Court can stop there because at that point, "the issue of willfulness [or negligence] is essentially moot." *Marino*, 978 F.3d at 676. Second, the Court should dismiss Downing's claims against Lowe's for the independent reason that Downing cannot plausibly allege that the disclosure was reckless or unreasonable even assuming the disclosure violated the FCRA. Either way, the result is the same—Downing cannot state a claim against Lowe's.

## III. Downing's Negligence Claim Fails For The Additional Reason That He Does Not Allege Any Actual Damages.

Even if Downing could show that Lowe's violation was objectively unreasonable, his negligence claim still would fail because he does not plead any facts to support his claim that he suffered actual damages. Opening Br. 15–17. In response, Downing argues that he "suffered damages in the form of all the efforts taken to remedy the unlawful disclosure and incorrect report and to bring this action." Downing Br. 14. But a plaintiff's costs in

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

*bringing suit* cannot create the "actual damages" necessary to state a claim under Section 1681*o*; otherwise, that element would be satisfied in every case. And, in any event, Downing must plead actual damages with more clarity and specificity that what appears in the Complaint or his opposition brief. *See, e.g.*, *Horne v. Dep't of Educ.*, 2009 WL 775432, at *5 (D. Ariz. Mar. 23, 2009) (plaintiff could not amend complaint "by making new allegations in an opposition brief"). For example, Downing's assertions that "[t]he extent of Plaintiff's damages will be proven at trial," and that the FCRA *permits* "a variety of damages," Downing Br. 14, are plainly insufficient to satisfy his obligation to plead actual *facts* that support a plausible claim that *he* suffered actual damages as a result of Lowe's disclosure, *see, e.g.*, *Wheeler v. MicroBilt Corp.*, 700 F. App'x 725, 727 (9th Cir. 2017).

Downing makes a throwaway request "that he be given leave to amend his complaint as necessary" to "allege additional facts regarding actual damages." Downing Br. 14. But he still fails to specify what those allegations he previously failed to include might be. Downing has now had three chances to identify facts to support his claim that he suffered actual damages due to Lowe's disclosure—once after the parties' October 19, 2022 meet-and-confer pursuant to Local Civil Rule 12.1(c), a second time when the parties met-and-conferred after he filed the Amended Complaint, and yet again after Lowe's filed its motion. *See* Fed. R. Civ. P. 15(a)(1) (plaintiff may amend as of right within 21 days after a motion to dismiss). Downing's failure to cure this deficiency despite three warnings has prejudiced Lowe's and wasted the Court's time in forcing litigation on this issue. Nor has Downing ever explained *how* he could amend his Complaint to plausibly plead actual damages. *See, e.g.*, *Warr*, 2021 WL 6275013, at *10 (plaintiff must allege "factual matter raising the reasonable inference" that the plaintiff suffered actual damages). In any event, even if Downing could plausibly plead actual damages on a fourth try, any amendment would be futile because Downing cannot state a claim that Lowe's disclosure violated the FCRA.

**CONCLUSION**

The Court should dismiss Counts I and II with prejudice.

RESPECTFULLY SUBMITTED this 23rd day of December, 2022.

/s/ Walker F. Crowson
Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

**CERTIFICATE OF SERVICE**

I certify that I caused the attached document to be filed with the Clerk's Office using the CM/ECF System, and transmittal of a Notice of Electronic Filing to be sent to the following CM/ECF Registrants, and a copy of the same to be mailed to the following if non-registrants on this 23rd day of December, 2022:

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Steven L. Woodrow
Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

*Attorneys for Plaintiff Justin Downing*

Mandi J. Karvis
WICKER SMITH O'HARA MCCOY & FORD P.A.
One N. Central Ave., Suite 885
Phoenix, Arizona 85004
mkarvis@wickersmith.com

Henry Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
henry.chalmers@agg.com
edward.cadagin@agg.com

*Attorneys for Defendant First Advantage Background Services Corporation*

/s/ Jason C. Schwartz
Jason C. Schwartz

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000