**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Justin Downing, | ) | No.  CV-22-08159-PCT-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Lowe's Companies Incorporated, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Lowe's Companies Incorporated's ("Lowe's" or "Defendant") Motion to Dismiss (Doc. 18). Defendant requests dismissal of Counts I and II of Plaintiff Justin Downing's ("Plaintiff") Amended Complaint (Doc. 11). Defendant's Motion has been fully briefed and is ready for review. (Docs. 18, 23, & 24). For the following reasons, the Motion is granted.[1]

I.    **BACKGROUND**

In February 2022, Plaintiff applied for a job with Lowe's. (Doc. 11 at 5). As part of the hiring process, Plaintiff was provided with several acknowledgments of company disclosures, including the following disclosure regarding a background report:

> DISCLOSURE REGARDING BACKGROUND REPORT
>
> Lowe's . . . may obtain a "background report" about you or
> your child/ward for employment purposes from a third-party

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1
2
3
4
5
6
7
8
9

> consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.

> Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

10
11
12
13
14
15

(the "Disclosure") (Doc. 13 at 2–3). On February 26, 2022, Plaintiff indicated his acknowledgment of the Disclosure by signing it. (*Id.*). Thereafter, Lowe's contracted with First Advantage Corporation ("First Advantage" or, together with Lowe's, "Defendants")—a consumer reporting agency ("CRA") that provides, among other things, "background screening services to employers nationwide"—to compile and furnish the background report. (Doc. 11 at 5, 7).

16
17
18
19
20
21
22
23
24
25
26

Between February 26 and March 2, 2022, First Advantage "commenced a search for Plaintiff's past criminal history to be included in his consumer report." (*Id.*). On March 2, 2022, First Advantage provided a completed background report to Lowe's. (*Id.*). On March 10, 2022, Lowe's denied Plaintiff employment "based in whole or in part on information contained within his consumer report." (*Id.* at 8–9). Plaintiff alleges that the background report inaccurately included three past criminal convictions with the disposition stated as "guilty." (*Id.* at 7). Although Plaintiff admits to pleading guilty to three criminal charges between 2006 and 2009, he contends that "it is not accurate to state that the disposition of those cases is 'guilty'" because, on November 24, 2020, the three judgments of guilt were set aside by the Navajo County Superior Court, pursuant to A.R.S. § 13-905. (*Id.* at 7–8).

27
///
28

On September 8, 2022, Plaintiff filed this action against Defendants Lowe's and First Advantage.[2] (*See* Doc. 1). Plaintiff filed it as a class action suit, asserting his claims on behalf of himself and all those similarly situated. (Doc. 11 at 9). The Amended Complaint defines two separate classes—the "Lowe's Class" and the "First Advantage Class." (*Id.*). The Lowe's Class is defined as:

> All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) applied for employment with Lowe's; (3) about whom Lowe's procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Lowe's provided to Plaintiff.

(*Id.*).[3] Plaintiff alleges that Defendants' actions—relating to the disclosure, procurement, compiling, and furnishing of the background report upon which his denial of employment was based—violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (*Id.* at 1–4). In Count I, Plaintiff and the Lowe's Class assert a claim against Lowe's for violation of the FCRA's "standalone" disclosure requirement, which is found in § 1681b(b)(2)(A). (*Id.* at 12–15). In Count II, Plaintiff and the Lowe's Class assert a claim against Lowe's for violation of the FCRA's "clear and conspicuous" disclosure requirement, which is also found in § 1681b(b)(2)(A).[4] (*Id.* at 15–18). On November 10, 2022, Defendant Lowe's filed the present Motion seeking dismissal with prejudice of

---

[2] On October 27, 2022, Plaintiff filed the Amended Complaint (Doc. 11), which remains the operative complaint in this matter.

[3] The First Advantage Class is defined as: "All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) about whom First Advantage provided a consumer report; (3) to any employer or potential employer; (4) where the consumer report contained a criminal disposition of "guilty"; and (5) where the consumer's conviction had been set aside pursuant to A.R.S. § 13-905." (Doc. 11 at 9).

[4] In Counts III and IV, Plaintiff and the First Advantage Class assert claims against First Advantage for violation of §§ 1681e(b) and 1681k(a), provisions concerning the procedures that a CRA must follow when preparing a consumer report. (Doc. 11 at 18–25).

Counts I and II. (Doc. 18). Plaintiff later filed a Response. (Doc. 23). Defendant has since filed a Reply brief (Doc. 24), along with two separate Notices of Supplemental Authority (Docs. 26 & 27). The Court has fully considered the parties' briefing, Defendant's Notices of Supplemental Authority, and the entire record in this matter.

## II.    LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678. Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

### B. FCRA Overview

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In pursuing these goals, the FCRA "regulates the creation and the use of consumer reports by [CRAs] for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334–35 (2016) (citations omitted) (internal quotations omitted). "[T]he statute imposes . . . a panoply of procedural obligations and creates a private right of action for consumers to enforce compliance." *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT (DMF), 2020 WL

3271749, at *2 (D. Ariz. June 17, 2020) (citing *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113–14 (9th Cir. 2017)). Specifically relevant to the instant Motion is § 1681b, the provision under which Plaintiff asserts two claims against Lowe's. (*See* Doc. 11 at 12–18). Section 1681b "covers permissible purposes for consumer reports," and subsection (b) "relates to consumer reports for employment purposes." *Juster v. Workday, Inc.*, 617 F. Supp. 3d 1128, 1134 (N.D. Cal. 2022). Section 1681b(b)(2)(A) provides as follows:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . *a clear and conspicuous disclosure has been made* in writing to the consumer at any time before the report is procured or caused to be procured, in a document *that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes.

§ 1681b(b)(2)(A)(i) (emphasis added). "The question of whether a disclosure is 'clear and conspicuous' within the meaning of [§] 1681b(b)(2)(A)(i) is separate from the question of whether a document consists 'solely' of a disclosure." *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017).

### III.   **DISCUSSION**

Plaintiff in this case alleges that the Lowe's Disclosure violated § 1681b(b)(2)(A)(i). (Doc. 11 at 18–25). Plaintiff contends that the Disclosure contains (i) extraneous language relating to background checks of children or wards and (ii) a confusing, conflicting explanation as to future disclosures related to credit information. (Doc. 23 at 7). Plaintiff argues that, as a result, the Disclosure did not consist solely of the disclosure, and was not clear and conspicuous, in violation of the FCRA. (*Id.*). In its Motion, Defendant requests that this Court dismiss both of Plaintiff's claims against Lowe's for failure to state a claim. (Doc. 18 at 6). Defendant argues that the Disclosure satisfied the standalone requirement because it did not contain any extraneous information. (*Id.* at 9–13). Likewise, Defendant argues that the Disclosure satisfied the clear and conspicuous requirement because it was readily noticeable and reasonably understandable to the consumer. (*Id.* at 13–15). Defendant alternatively argues that, even if Plaintiff could establish that the Lowe's

5

Disclosure violated the substantive requirements of § 1681b, Plaintiff's claims must be dismissed nonetheless because he failed to plausibly allege that Lowe's willfully or negligently violated the statute. (*Id.* at 15–22).

As explained below, the Court finds that the Disclosure in this case complied with the standalone requirement and was clear and conspicuous. Questions concerning whether a particular disclosure meets the requirements § 1681b(b)(2)(A) are questions of law properly decided by the Court at this motion-to-dismiss stage. *See Wynn v. United Parcel Serv., Inc.*, No. 21-cv-10029-CRB, 2023 WL 2324288, at *4, n.1 (N.D. Cal. Mar. 1, 2023) (citation omitted) (rejecting plaintiff's argument that the court was required to assume as true plaintiff's allegation that disclosure was *not* clear and conspicuous and did *not* comply with standalone requirement because such "statements are legal conclusions, which the Court is 'not bound to accept as true'"); *Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1099 (D. Idaho 2019) (alterations omitted) (quoting *Gilberg*, 913 F.3d at 1177)) ("The Ninth Circuit . . . has 'assumed, without deciding, that clarity and conspicuousness under FCRA present questions of law rather than fact.'"). Because the Court finds that the Disclosure in this case meets the FCRA requirements, dismissal of Plaintiff's claims is appropriate. The Court need not reach Defendant's arguments with respect to whether Plaintiff sufficiently alleged willfulness or negligence because the Court finds that, as a matter of law, the Disclosure in this case does not violate the FCRA.

**A. Alleged Violation of the Standalone Requirement (Count I)**

Section 1681b(b)(2)(A)'s standalone requirement provides that the disclosure must be made "in a document that consists *solely* of the disclosure." § 1681b(b)(2)(A)(i) (emphasis added). The Ninth Circuit has interpreted this to require that the disclosure "contain nothing more than the disclosure itself" and that it "not contain any extraneous information" beyond the disclosure required by the FCRA. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1087–88 (9th Cir. 2020) (citations and quotations omitted). That said, an employer's disclosure is *not* limited to a plain statement that "a consumer report may be obtained for employment purposes." *Id.* at 1084. Rather the Ninth Circuit explained that:

> [B]eyond a plain statement disclosing "that a consumer report may be obtained for employment purposes," some concise explanation of what that phrase means *may* be included as part of the "disclosure" required by § 1681b(b)(2)(A)(i). For example, a company could briefly describe what a "consumer report" entails, how it will be "obtained," and for which type of "employment purposes" it may be used. Such information would further the purpose of the disclosure by helping the consumer understand the disclosure.

*Id.* at 1088–89 (internal citations omitted) (emphasis added).

The Disclosure at issue contains only four sentences. The question, then, is whether any of these sentences contains "extraneous information" falling outside the scope of the FCRA disclosure requirement as interpreted by the Ninth Circuit in cases like *Walker*. The first sentence states that Lowe's "may obtain a 'background report' about you or your child/ward for employment purposes from a third-party consumer reporting agency." (Doc. 13 at 2). Setting aside its reference to the applicant's "child/ward"—which is discussed in greater depth below—this sentence merely provides the disclosure envisioned and explicitly required by the FCRA, that is, it provides the disclosure "that a consumer report may be obtained for employment purposes." § 1681b(b)(2)(A)(i). The Court finds the first sentence does not contain any extraneous information in violation of the FCRA.

The second sentence states that "'[b]ackground report' means any written, oral, or other communication of any information by a consumer reporting bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." (Doc. 13 at 2). Again setting aside the sentence's reference to the applicant's "child/ward" for later discussion, the Court finds that the second sentence does not contain any extraneous information. Rather, the sentence merely explains the type of information that may be included in the background report and, in doing so, borrows directly from the FCRA's definition of "consumer report." *See* § 1681a(d)(1) (defining "consumer report" as "any written, oral, or other communication of any information by a [CRA] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living");

*see also Walker*, 953 F.3d at 1089, n.9 (finding that language explaining "what type of information may be included in the 'consumer report'" does not violate standalone requirement and noting disclosure's specific language "tracks the language of the FCRA").

The third sentence states that the report "may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results." (Doc. 13 at 2). Again setting aside the sentence's reference to the applicant's "child/ward" for later discussion, the Court finds that the third sentence does not contain any extraneous information. In *Walker*, the Ninth Circuit considered a very similar sentence which stated that "[t]o prepare the reports, [the CRA] may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources." *Walker*, 953 F.3d at 1090. The Ninth Circuit found that this sentence "elucidate[s] what it means to 'obtain' a consumer report by providing helpful information about . . . what private and public information about the applicant will be examined to create a 'consumer report.'" *Id.* The Ninth Circuit found that the language therefore did *not* violate the FCRA's standalone requirement. *Id.* In accordance with the *Walker* decision, this Court also finds that the third sentence merely provides additional information as it relates to what private and public information may be examined to create the background report and that the third sentence therefore does not violate the standalone requirement.

The final sentence states that "Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required." (Doc. 13 at 3). Plaintiff argues that this sentence "relate[s] to the potential for an *additional* disclosure and authorization" and therefore "pulls attention away from the rights at issue by informing applicants that there will be some other form or forms to

review later." (Doc. 23 at 9 (emphasis in original)). To be sure, the Ninth Circuit has consistently recognized as extraneous any information that "pulls the applicant's attention away from his privacy rights protected by the FCRA." *Syed v. M-I, LLC*, 853 F.3d 492, 502 (9th Cir. 2017); *see also Gilberg*, 913 F.3d at 1175–76; *Walker*, 953 F.3d at 1090–91. The caselaw cited by the parties provides examples of such attention-diverting information. In *Syed*, the disclosure contained a liability waiver stating, "I hereby discharge, release and indemnify prospective employer . . . from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained by a third party without verification." *Syed*, 853 F.3d at 497–98. The Ninth Circuit found that the inclusion of the liability waiver violated the standalone requirement because instead of "focus[ing] the applicant's attention on the nature of the personal information the prospective employer may obtain," it called the applicant's "attention to the rights he must forego if he signs the document." *Id.* at 502. The Ninth Circuit explained that, in reading the disclosure, an applicant "could reasonably conclude that his signature was not consent to the procurement of the consumer report, but to a broad release of the employer from claims arising from the totality of the 'investigative background inquiries' referenced in the first sentence of the form." *Id.*

Likewise, in *Gilberg* and *Walker*, the disclosures contained language relating to non-FCRA rights held by the applicant. Specifically, in *Gilberg*, the disclosure stated, in part, that "[y]ou have the right, upon written request made within a reasonable time after receipt of this notice, to request whether a consumer report has been run about you, and the nature and scope of any investigative consumer report, and request a copy of your report." *Gilberg*, 913 F.3d at 1172. Similarly, the *Walker* disclosure provided that

> You may inspect [the CRA]'s files about you . . . by providing identification to the [CRA]. If you do, [the CRA] will provide you help to understand the files, including communication with trained personnel and an explanation of any codes. Another person may accompany you by providing identification. If [the CRA] obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed.

*Walker*, 953 F.3d at 1090. In both cases, the Ninth Circuit found that the language concerning the applicant's other rights violated the standalone requirement. The Ninth Circuit reasoned that such language was "as likely to confuse as it is to inform" because it concerned rights outside the scope of the FCRA. *Gilberg*, 913 F.3d at 1175–76. The Ninth Circuit noted that it understood *why* the employers sought, "in good faith," to provide such information to applicants but that the language "should have been provided in a separate document, because the information cannot reasonably be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes.'" *Walker*, 953 F.3d at 1090–91 (quoting § 1681b(b)(2)(A)(i)).

Unlike the liability waiver in *Syed* and the language referencing the applicant's non-FCRA rights in *Gilberg* and *Walker*, the final sentence in the Lowe's Disclosure does not divert the applicant's attention away from his or her rights under the FCRA. Rather, the Court finds that the sentence—which explains that certain credit-related information will only be obtained if a separate authorization is signed—is merely part of the Disclosure's "concise explanation" of what it means for Lowe's to obtain a consumer report. *See Walker*, 953 F.3d at 1088–89. This is similar to a sentence analyzed in *Warr*, a case relied upon by Defendant. In *Warr*, the disclosure stated that the applicant's "[c]redit history [would] only be requested where such information [was] substantially related to the duties and responsibilities of the position for which [the applicant was] applying." *Warr v. Cent. Garden & Pet Co.*, No. 20-cv-09405-JST, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021). The Northern District of California rejected the plaintiff's argument that such a phrase was extraneous, reasoning that the phrase appropriately "describ[ed] what a 'consumer report' entails" and nothing more. *Id.* at *6 (citing *Walker*, 953 F.3d at 1088–89). In a similar manner, the final sentence in the Lowe's Disclosure reasonably describes "what a 'consumer report' entails" and "how it will be 'obtained,'" *see Walker*, 953 F.3d at 1084, by explaining that a specific category of information—that is, information related to the applicant's worthiness, credit standing, or credit capacity—would *not* be requested by Lowe's unless the applicant signed a separate authorization. For purposes of the

standalone-requirement analysis, the Court sees no meaningful difference between reasonably informing the applicant that credit-related information must be "substantially related" to the employment position before such information will be obtained, and informing the applicant that a separate authorization will be provided to the applicant before credit-related information will be obtained. In both cases, the disclosures are simply informing the applicant that a specific category of information will *not* be part of the consumer report unless some additional condition is satisfied. The Court finds that the final sentence of the Lowe's Disclosure does not violate the standalone requirement.

Finally, Plaintiff argues that the Disclosure's inclusion of "extra language purporting to allow First Advantage to pull reports for either the applicant 'or [their] child/ward'" renders the entire Disclosure to be in violation of the standalone requirement. (Doc. 23 at 9). Plaintiff explains that this language makes the Disclosure "not one, standalone disclosure, but a joint disclosure for multiple people" and that it "functions to pull the applicant's attention away." (*Id.* at 9–10). The Court is unpersuaded. This language merely informs the applicant of *whose* information might be obtained as part of the background report, which falls squarely within the scope of "describ[ing] what a 'consumer report' entails." *Walker*, 953 F.3d at 1084.

In sum, the Court finds that the Lowe's Disclosure did not contain any extraneous information and that, as a matter of law, it does not violate the standalone requirement. The Court concludes that dismissal of Count I with prejudice is appropriate.

**B. Alleged Violation of the Clear and Conspicuous Requirement (Count II)**

As noted above, § 1681b(b)(2)(A) requires that the disclosure be "clear and conspicuous." § 1681b(b)(2)(A)(i). The Ninth Circuit has interpreted "clear" to mean "reasonably understandable," and "conspicuous" to mean "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019) (citations and quotations omitted). "The Ninth Circuit has analyzed each prong separately." *Mitchell*, 379 F. Supp. 3d at 1099 (citing *Gilberg*, 913 F.3d at 1177)).

Here, Plaintiff alleges that the Disclosure was unclear for two reasons.[5] First, he contends that the Disclosure "confusingly informs applicants that Lowe's may obtain consumer reports regarding the applicant 'or their child/ward,' with no explanation." (Doc. 23 at 11 (alteration omitted)). Second, he contends that the Disclosure was unclear because it indicated that Lowe's would not seek credit-related information without a separate authorization from the applicant. (*Id.* at 11–12). Defendant objects to both arguments, asserts the Disclosure was sufficiently clear, and requests dismissal of Plaintiff's claim for violation of the clear-and-conspicuous requirement. (Doc. 18 at 13–15).

The Court agrees with Defendant and finds that the Disclosure was reasonably understandable and therefore sufficiently clear for purposes of the FCRA. The Disclosure does not "contain[ any] language that a reasonable person would not understand." *See Gilberg*, 913 F.3d at 1177. Rather, the Disclosure straightforwardly provides that Lowe's may obtain a background report and that such report will concern the consumer/applicant or his or her "child/ward." (Doc. 13 at 2–3). The Disclosure provides the statutory definition of "background report" to help the consumer/applicant understand what the report may entail and what types of information it may contain. (*Id.*). Finally, the Disclosure advises that no credit-related information will be requested by Lowe's unless the company first obtains independent authorization from the consumer/applicant or his or her "child/ward." (*Id.*). The Disclosure is short, to-the-point, and does not contain any typographical or grammatical errors. *Compare with Gilberg*, 913 F.3d at 1177 (discussing how grammatical error relating to use of semi-colon rendered disclosure unclear). As discussed above, the Disclosure in this case stands on its own and does not contain any

---

[5] There is no dispute that the Disclosure was conspicuous. It included a heading stating "DISCLOSURE REGARDING BACKGROUND REPORT" and making the Disclosure readily noticeable to the applicant. (*See* Doc. 13 at 2). Indeed, Plaintiff appears to concede the "conspicuousness" issue and focuses his argument on the "clearness" prong instead. (*See* Doc. 23 at 11 ("Here, Lowe's disclosure may have been presented with a conspicuous heading to indicate to applicants what they were reviewing, but . . . the Disclosure is not clear.")). The Court will do the same and finds that the Disclosure was sufficiently conspicuous for purposes of the clear-and-conspicuous requirement.

extraneous, unrelated, or otherwise confusing terms that would lead a reasonable reader astray. A reasonable, prospective employee is provided full notice of what Lowe's intends to do as it relates to the background report, and such employee is able to make an informed decision as to whether he or she wishes to authorize the action. *See Syed*, 853 F.3d at 496 ("The disclosure and authorization provision codified at 15 U.S.C. § 1681b(b)(2)(A) was intended to address [Congress' concern that prospective employers were violating applicants' privacy rights] by requiring the prospective employer to disclose that it may obtain the applicant's consumer report for employment purposes and providing the means by which the prospective employee might prevent the prospective employer from doing so—withholding of authorization.").

Moreover, the Court is unpersuaded by the Complaint's allegations that the Disclosure was unclear. The Disclosure's repeated references to the consumer or applicant's "child/ward" are not confusing; rather, the references simply disclose to the reader that Lowe's may obtain information about their child. Plaintiff argues that ambiguity exists as to "whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both." (Doc. 23 at 11 (citing Doc. 11 at 3)). Even assuming such ambiguity exists, however, the Court cannot find that the entire Disclosure is rendered confusing, misleading, or otherwise unclear as a result. Whether the report concerns "the applicant, their children/wards, or both" is of no matter to the FCRA disclosure requirement. Rather, the Act requires only "a clear and conspicuous disclosure . . . that a consumer report may be obtained for employment purposes." § 1681b(b)(2)(A)(i). The Disclosure here does just that; it *clearly* discloses that Lowe's may obtain, for purposes of employment, a background report concerning the consumer/applicant or their child/ward. In other words, the Disclosure's inclusion of language relating to the reader's child/ward "does not create confusion as to the person or entity that will conduct the report" and therefore does not violate § 1681b(b)(2)(A)'s clear and conspicuous requirement. *Keefer v. Ryder Integrated Logistics, Inc.*, No. 21-cv-07503-HSG, 2023 WL 1442891, at *4 (N.D. Cal. Feb. 1, 2023) (quoting *Warr*, 2021 WL 6275013, at *7).

Similarly, the Court finds that the Disclosure is not rendered unclear by its final sentence which states that certain credit-related information will not be included in the background report unless further authorization is obtained. Plaintiff argues that this sentence "creates confusion as to what sort of report may be pulled and what report is actually being disclosed." (Doc. 23 at 11). According to Plaintiff, the sentence "seems to contradict the notion that Lowe's intends to obtain a background report at all—it is not reasonably understandable why Lowe's would disclose that it may obtain a report containing various information, only to state in the same form that it will not do so without providing further disclosure." (*Id.* at 11–12). The Court does not agree. As discussed above, the Disclosure's final sentence merely provides that a specific category of information— *i.e.*, information related to the applicant's worthiness, credit standing, or credit capacity— would *not* be requested by Lowe's unless the applicant signed a separate authorization. The Disclosure's previous inclusion of "information . . . bearing on your or your child's/ward's credit worthiness, credit standing, [and] credit capacity" in its definition of "background report" does not contradict the Disclosure's final sentence. Stated more simply, the Disclosure is essentially stating that "Lowe's may obtain a background report for employment purposes. The term 'background report' may include information bearing on X, Y, and Z. However, Employer will not request any information bearing on X without obtaining separate authorization." The Court finds this to be more than reasonably understandable. Plaintiff has failed to sufficiently allege that the Disclosure used by Lowe's was not clear and conspicuous.

## IV.   <u>CONCLUSION</u>

The Court finds that the Disclosure in this case lacked any extraneous information in violation of the standalone requirement, and that it was reasonably understandable such that it did not violate the clear-and-conspicuous requirement. As a matter of law, the Disclosure did not violate § 1681b(b)(2)(A) of the FCRA and Counts I and II are dismissed with prejudice.

///

1

Accordingly,

2

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **granted**.

3

Counts I and II are **dismissed with prejudice**, and Defendant Lowe's Home Centers LLC

4

is dismissed from this action.

5

Dated this 20th day of June, 2023.

6

7

Honorable Steven P. Logan
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28