Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-08159-SPL |
| *Plaintiff*, | **MOTION FOR CERTIFICATION OF FED. R. CIV. P. 54(B) JUDGMENT** |
| v. | |
| Lowe's Home Centers, LLC, a North Carolina limited liability company, and First Advantage Corporation, a Delaware corporation, | |
| *Defendants*. | |

## I.    INTRODUCTION

On June 20, 2023, the Court entered an Order granting Defendant Lowe's Home Centers, LLC's ("Defendant" or "Lowe's") motion to dismiss (dkt. 29) ("Order"). The Order dismissed with prejudice all counts asserted against Lowe's for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") and dismissed Lowe's from the Action. (*Id.*) Hence, the Order constitutes the "ultimate disposition" of all claims asserted against Lowe's.

Rule 54(b) allows courts to direct the entry of final judgment with respect to fewer than all parties where there is no just reason for delay. Fed. R. Civ. P. 54(b). This standard is met here. Because the claims asserted against Lowe's are premised on a completely

separate set of factual allegations from the claims asserted against Defendant First Advantage Corporation ("First Advantage"), the Order constitutes a final decision on Downing's "disclosure" claim. Further, there is no just reason for delaying the entry of judgment, because further litigation will not yield any facts or conclusions relevant to the issues for appeal, which ask whether Lowe's disclosure complied with the FCRA's standalone disclosure requirement, and whether the disclosure was clear and conspicuous. As such, an immediate appeal will streamline the instant litigation and should avoid the need for multiple trials.

Accordingly, and as explained further below, Fed. R. Civ. P. 54(b) certification is appropriate here.

## II.    FACTUAL BACKGROUND

Lowe's is a nationwide retailer of home improvement supplies and products. (Dkt. 11 at ¶ 16.) In or around February 2022, Plaintiff applied for a job at a Lowe's store located in Show Low, Arizona. As part of his employment application, Downing was required to review and complete several employment forms. (*Id.* ¶¶ 18–19.) Among these forms was a Disclosure regarding the procurement of Plaintiff's background report. (*Id.* ¶ 19; Ex. A at 1–2.) Following this disclosure, Lowe's obtained a background check on Downing and ultimately denied him employment as a result of the report received from First Advantage. (Dkt. 11 at ¶¶ 26–31, 38.) Plaintiff filed the present action asserting claims that the Disclosure violated the FCRA's "clear and conspicuous" and "standalone" disclosure requirements. (Dkt. 11.)

On November 10, 2022, Lowe's filed a motion to dismiss counts I and II of the FAC: Downing's "disclosure" claims. (Dkt. 14.) After briefing, the Court issued its Order granting the motion by finding that the Disclosure complied with both the FCRA's standalone and clear and conspicuous requirements. (Dkt. 29.) The Court thus dismissed Lowe's from this action with prejudice. (*Id.*) Plaintiff respectfully disagrees with the Court's conclusions and wishes to appeal that Order. There is no reason for delaying an appeal here.

## III.    ARGUMENT

"Rule 54(b) relaxes the former general practice that, in multiple claims actions, all the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Vota v. Hobbs*, No. CV-21-01423-PHX-DWL, 2022 WL 16636832, at *2 (D. Ariz. Nov. 2, 2022) (citing *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)). In relevant part, Rule 54 states "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Where "the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." *Gonzalez v. US Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *2 (D. Ariz. Apr. 8, 2021) (citing *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)). Before entering judgment under Rule 54(b), the Court must first render "an ultimate disposition of an individual claim.". *Id.* (citing *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980))). Second, the Court "must find that there is no just reason for delaying judgment" on the claims. *Id.* The party seeking Rule 54(b) certification bears the burden to establish both requirements. *Gonzalez v. US Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *2 (D. Ariz. Apr. 8, 2021) (citing *First Amendment Coal. of Ariz., Inc. v. Ryan*, 2016 WL 4236373, *1 (D. Ariz. 2016).

As explained next, both requirements are met in this case.

### A.    The Court's Order is an Ultimate Disposition of an Individual Claim

The word "claim" under Rule 54(b) refers to "a set of facts giving rise to legal rights in the claimant." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (citation omitted). Multiple claims exist where "a case joins multiple sets of facts." *Id.* (citing *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979)). On the other hand, "only one claim is presented when 'a single set of facts

3

giv[es] rise to a legal right of recovery under several different remedies.'" *Id.* (citing *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991)). An order that dismisses all claims against a portion of the defendants in a lawsuit is typically regarded as a final or "ultimate" disposition of an individual claim. *See Gonzalez v. US Hum. Rts. Network, No.*, CV-20-00757-PHX-DWL, 2021 WL 1312553, at *3 (D. Ariz. Apr. 8, 2021); *Neerman v. Cates*, No. CV 22-2751 PA (PVCX), 2023 WL 3431285, at *2 (C.D. Cal. Mar. 23, 2023).

Applied here, the Court's Order was an "ultimate disposition" of all claims asserted against Lowe's, and, indeed, all of Downing's "disclosure" claims. The underlying facts giving rise to the claims against Lowe's are wholly distinct from the facts giving rise to the claims against First Advantage. As to Lowe's, Downing alleges that it violated the FCRA's provisions requiring that employers provide job applicants with a standalone, clear and conspicuous disclosure prior to procuring a consumer report. (Dkt. 11 ¶¶ 18-24.) On the other hand, with respect to First Advantage, Downing claims that it failed to implement and follow adequate procedures to reasonably ensure the accuracy of his consumer report. (*Id.* ¶¶ 25-37.) As such, whereas the claims against Lowe's focus on sufficiency of the Lowe's Disclosure, the facts giving rise to the claims against First Advantage all hinge on the steps First Advantage took to compile Downing's report. The claims are therefore independent of each other and are only connected through the fact Downing applied to work at Lowe's. Otherwise, the claims rest on entirely separate legal theories and facts.

And finally, nothing remains to be done with respect to the Lowe's claims except to enter final judgment. This is a telltale mark of a final decision with respect to an individual claim. *See Edison v. United States*, No. 1:12-CV-02026-AWI, 2014 WL 896977, at *3 (E.D. Cal. Mar. 6, 2014) ("Here, the Motion to Dismiss in favor of Defendant USA is final. Nothing remains for the court to do with respect to Plaintiff's claim against USA except to enter judgment. Thus, there has been a final decision on a separate and distinct legal claim.").

**B.   There Is No Just Reason To Delay The Entry Of Judgment.**

Two considerations "bear on whether there is 'just reason' for delaying entry of judgment." *Gonzalez*, 2021 WL 1312553, at *2. First, courts analyze "judicial concerns", primarily "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Fuller v. Lopez*, No. CV1905818PHXDWLCDB, 2022 WL 20032604, at *3 (D. Ariz. July 13, 2022). Second, courts undertake an "equitable analysis," which focuses "on traditional equitable principles such as prejudice and delay." *Id.* (citing *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989)).

The Ninth Circuit takes "a more pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (citations omitted). The issues are not required to be "completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Fuller*, 2022 WL 20032604, at *3 (citing *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015)). Ultimately, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted).

Rule 54(b) will aid in an expeditious decision of the instant case. As explained above, the Lowe's claims are fully resolved and are distinct from the First Advantage claims. Therefore, there is no possibility that the continuing litigation will produce any facts or legal conclusions relevant to the issues for appeal—which are (1) whether the Disclosure failed to standalone as required by the FCRA; and (2) whether the Disclosure was clear and conspicuous as required by the FCRA. An immediate appeal will therefore streamline the ensuing litigation and may avoid the need for duplicative trials.

The equities also tilt in favor of permitting an appeal of the Lowe's claims. That is, the instant lawsuit is in its infancy and discovery has yet to commence. Absent an appeal, the Lowe's claims will stagnate only to await the entry of final judgment. A lengthy delay will only serve to prejudice both parties in the form of unavailability of witnesses, the

potential loss of pertinent records, and faded memories. Additionally, any eventual appeal of the First Advantage claims will involve separate and distinct arguments and facts from the Lowe's appeal. Hence, even if delayed, the appeal will not involve overlapping issues or facts. Put simply, the appeal is not likely to come back to the Ninth Circuit on the same set of facts.

Because entering judgment will streamline the judicial process, the Court should grant this motion and enter judgment with respect to the Lowe's claims.

## IV. CONCLUSION

In sum, this case presents the textbook scenario for Rule 54(b) certification. The claims asserted against Lowe's are distinct from the First Advantage claims and are fully resolved. Declining to enter judgment with respect to Lowe's will only result in stagnation of the claims divorced from any chance that further litigation will reveal any facts or issue relevant to the potential appeal. As such, the Court should grant the instant motion and enter judgment against Plaintiff and in favor of Lowe's with respect to Counts I and II of the complaint.

### NOTICE OF CONFERRAL

On June 30, 2023, counsel for Plaintiff conferred with counsel for Lowe's regarding the requested relief. Lowe's confirmed that it will oppose the motion.

Dated: June 30, 2023

**JUSTIN DOWNING**, individually and on behalf of all others similarly situated,

By: */s/* Patrick H. Peluso

Penny L. Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
pkoepke@hoalaw.com

Steven L. Woodrow (pro hac vice)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (pro hac vice)

ppeluso@woodrowpeluso.com
Taylor T. Smith (pro hac vice)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2023, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

/s/ Patrick H. Peluso