Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

Jason C. Schwartz *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated, | No. 3:22-cv-08159-SPL |
| Plaintiff, | **LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF FED. R. CIV. P. 54(B) JUDGMENT** |
| v. | |
| Lowe's Home Centers, LLC, a North Carolina corporation, and First Advantage Corporation, a Delaware corporation, | |
| Defendants. | Assigned to Hon. Steven P. Logan |

**Table of Contents**

Page

INTRODUCTION .................................................................................................................. 1
ARGUMENT .......................................................................................................................... 1
    I.    A Rule 54(b) Judgment Will Not Promote Judicial Efficiency. ................... 2
    II.   There Is No Equitable Justification For An Early Appeal. .......................... 3
CONCLUSION ...................................................................................................................... 4

# Table Of Authorities

**Page(s)**

**CASES**

*Alexander v. City of Mesa*,
  No. 2:14-cv-00754-SPL, 2015 WL 13655444 (D. Ariz. Nov. 6, 2015) ................. 1, 2, 4

*Frank Briscoe Co. v. Morrison-Knudsen Co.*,
  776 F.2d 1414 (9th Cir. 1985) ........................................................................... 2

*Fuller v. Lopez*,
  No. 2:19-cv-05818-DWL-CDB, 2022 WL 20032604 (D. Ariz. July 13, 2022) ........ 1, 4

*Gausvik v. Perez*,
  392 F.3d 1006 (9th Cir. 2004) .......................................................................... 1

*Morrison-Knudsen Co., Inc. v. Archer*,
  655 F.2d 962 (9th Cir. 1981) ............................................................................ 2

*Murray v. Mayo Clinic*,
  No. 2:14-cv-01314-SPL, 2017 WL 5989042 (D. Ariz. June 8, 2017) ..................... 3

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018) ............................................................................ 2

*Smith as Tr. for Bos. Chicken v. Andersen*,
  No. 2:01-cv-0218-PGR, 2005 WL 8160702 (D. Ariz. Jan. 27, 2005) ..................... 2

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) ............................................................................ 2

**RULE**

Fed. R. Civ. P. 54(b) ................................................................................ 1, 2, 3, 4

**OTHER AUTHORITIES**

*Moore's Fed. Practice* § 54.23[1][b], [3] .......................................................... 3

U.S. Courts, *Federal Court Management Statistics–Summary,
  March 2023*, https://tinyurl.com/3m6jutme ..................................................... 3

# INTRODUCTION

Plaintiff Justin Downing brought this putative class action alleging separate violations of the Fair Credit Reporting Act by Lowe's Companies, Inc. ("Lowe's") and First Advantage Corp. ("First Advantage"). In the Lowe's Claims (Counts I and II), he challenged the sufficiency of the background check disclosure provided to Downing (and putative class members) in the course of applying for employment with Lowe's. *See* First Am. Compl. (ECF No. 11) ¶¶ 49–73. The First Advantage Claims (Counts III and IV) challenged the propriety of the processes used by First Advantage in preparing background reports, in particular the handling of Arizona state convictions that had been "set aside." *Id.* ¶¶ 74–109. First Advantage moved to dismiss or strike only the class portion of First Advantage Claims. ECF No. 15. Lowe's moved to dismiss the Lowe's Claims in their entirety. ECF No. 18. The Court denied First Advantage's motion on June 8, 2023 (ECF No. 28), and the First Advantage Claims are proceeding to discovery. On June 20, 2023, the Court granted Lowe's motion to dismiss in full, relying on controlling Ninth Circuit case law to conclude that "the Disclosure in this case complied with the [FCRA] standalone requirement and was clear and conspicuous." ECF No. 29 at 6. Plaintiff has now requested that the Court deviate from the standard course and enter a Rule 54(b) judgment to allow an immediate appeal of that dismissal. ECF No. 31 ("Mot."). His motion should be denied because he cannot demonstrate that this a "special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Alexander v. City of Mesa*, No. 2:14-cv-00754-SPL, 2015 WL 13655444, at *1 (D. Ariz. Nov. 6, 2015) (Logan, J.) (denying Rule 54(b) judgment) (internal quotation marks omitted).

# ARGUMENT

The Ninth Circuit has "repeatedly admonished that 'Rule 54(b) should be used sparingly.'" *Fuller v. Lopez*, No. 2:19-cv-05818-DWL-CDB, 2022 WL 20032604, at *3 (D. Ariz. July 13, 2022) (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)). This Court has similarly recognized that judgment under Rule 54(b) is "generally disfavored," and consequently "should be employed with great circumspection."

- 1 -

1  *Alexander*, 2015 WL 13655444, at *1 (internal quotation marks omitted).  The rare case that merits such treatment must clear several hurdles.  As a threshold matter, there must be an "ultimate disposition" of the claims for which a judgment is sought.[1]  Then the moving party has the burden of showing that "this is one of those exceptional cases where the pressing needs of a litigant demands accelerated final adjudication as a matter of equity." *Alexander*, 2015 WL 13655444, at *2.  Or, in the words of the Ninth Circuit, there must be "pressing needs of the litigants for an early and separate judgment" that "outbalanc[e]" "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).  But Downing cannot demonstrate either that there is a judicial efficiency to be gained by an immediate appeal (the "judicial administration" prong of the inquiry), or that there is sufficient equitable justification for deviating from the standard final-judgment rule (the "equitable" prong).  Thus the Court should deny the motion.

### I. A Rule 54(b) Judgment Will Not Promote Judicial Efficiency.

The "judicial administration" prong of the Rule 54(b) inquiry addresses whether entering a partial final judgment will "streamline the ensuing litigation" or "aid expeditious decision of the case." Mot. 5 (citations omitted).  To be sure, an immediate appeal would hasten the final resolution of the ***Lowe's Claims***—but that is always true with a motion for a Rule 54(b) judgment, which is by definition related to a subset of the case.  The relevant question is whether a Rule 54(b) judgment will streamline resolution of "the case" as a whole.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991).  The answer here is "no."  This is not a situation, for example, in which an appeal might resolve a question that would short-circuit or simplify the resolution of the remaining claims, and thus preserve

---

[1] Lowe's agrees there has been an "ultimate disposition" of the claims against it.  *See* Mot. 3–4; *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018).  But that "alone is not a sufficient condition for the Court to enter a 54(b) judgment." *Smith as Tr. for Bos. Chicken v. Andersen*, No. 2:01-cv-0218-PGR, 2005 WL 8160702, at *11 (D. Ariz. Jan. 27, 2005).

- 2 -

judicial resources. To the contrary, the overwhelming likelihood is that any appeal would have little bearing on the remaining claims, all of which are against First Advantage. Substantively, as Plaintiff agrees, the issues presented by the Lowe's Claims and the First Advantage Claims are largely distinct from one another. *See* Mot. 4 ("The claims are therefore independent of each other" and "rest on entirely separate legal theories and facts.").

Further, it is quite likely the First Advantage Claims will be resolved—or close to resolved—in this Court before the Ninth Circuit will decide any appeal on the Lowe's Claims. Thus, even if Downing is correct about the Lowe's Claims (Lowe's believes he is not) and the Ninth Circuit reverses this Court and remands for discovery (Lowe's believes it will not), there will be no savings of resources: the Court, First Advantage, and Downing will still have to proceed with the First Advantage claims in the interim.

Indeed, allowing piecemeal appeals in this case would increase the overall burden for the Ninth Circuit, which does not need additional work: it had 7,302 cases pending as of March 31, 2023, and the highest median time from filing to disposition of the twelve regional circuit courts. Admin. Office of U.S. Courts, *Federal Court Management Statistics–Summary, March 2023*, https://tinyurl.com/3m6jutme. That is the *opposite* of an "identifiable judicial administrative interes[t] [that] would be served by an immediate appeal." *Moore's Fed. Practice* § 54.23[1][b].

## II. There Is No Equitable Justification For An Early Appeal.

A party requesting a Rule 54(b) judgment "should be required to make an affirmative showing of the hardship or injustice that would result if judgment is not entered." *Moore's* at 54.23[1][b], [3]. Downing has not identified any such "harsh or unjust result that would occur by following the ordinary course of appeal." *Murray v. Mayo Clinic*, No. 2:14-cv-01314-SPL, 2017 WL 5989042, at *2 (D. Ariz. June 8, 2017) (Logan, J.) (denying Rule 54(b) motion).

The only rationale offered by Downing to support a Rule 54(b) order is a vaguely stated concern that Lowe's claims will "stagnate" while he awaits final judgment of the

First Advantage Claims, positing broadly that evidence may become less available in the interim. Mot. 5, 6. But that is a generic argument that would apply in virtually every situation in which a portion of the case is dismissed and others proceed—something that occurs every day in federal courts. Such "routine" "partial adjudication" of a case does not constitute "genuine risk of legal prejudice" justifying a Rule 54(b) judgment. *Alexander*, 2015 WL 13655444, at *2.

Nor is this a situation in which delay "would inflict severe financial harm." *Fuller*, 2022 WL 20032604, at *3 (internal quotation marks omitted). Downing primarily requests "statutory damages of not less than $100 and not more than $1,000," ECF No. 11 ¶¶ 58, 71, with a secondary request for "actual" damages unsupported by any facts suggesting any exist. *See* ECF No. 18 at 15–17.

## CONCLUSION

Downing was free to bring the First Advantage Claims and Lowe's Claims in separate suits. As a consequence of Downing's strategic choice to bring these claims in the same suit, there was the potential (now realized) that the claims would be resolved at different times, and a wait required before a singular trip to the Ninth Circuit for the parties. Nothing about that outcome is unusual or unfair. This is not "the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Alexander*, 2015 WL 13655444, at *1. The Court should deny Downing's motion for entry of a Rule 54(b) judgment on the Lowe's Claims.

1  RESPECTFULLY SUBMITTED this 14th day of July, 2023.

2  /s/ Walker F. Crowson
Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

I certify that I caused the attached document to be filed with the Clerk's Office using the CM/ECF System, and transmittal of a Notice of Electronic Filing to be sent to the following CM/ECF Registrants, and a copy of the same to be mailed to the following if non-registrants on this 14th day of July, 2023:

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Steven L. Woodrow
Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

*Attorneys for Plaintiff Justin Downing*

Mandi J. Karvis
WICKER SMITH O'HARA MCCOY & FORD P.A.
One N. Central Ave., Suite 885
Phoenix, Arizona 85004
mkarvis@wickersmith.com

Henry Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
henry.chalmers@agg.com
edward.cadagin@agg.com

*Attorneys for Defendant First Advantage Background Services Corporation*

/s/ Jason C. Schwartz
Jason C. Schwartz