Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>Lowe's Home Centers, LLC, a North Carolina limited liability company, and First Advantage Corporation, a Delaware corporation,<br><br>*Defendants.* | Case No. 3:22-cv-08159-SPL<br><br>**REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF FED. R. CIV. P. 54(B) JUDGMENT** |

## I. INTRODUCTION

Defendant Lowe's Home Centers, LLC's ("Defendant" or "Lowe's") opposition to the entry of Rule 54(b) judgment concedes that the Court's Order granting its motion to dismiss (dkt. 29) ("Order") constitutes an "ultimate disposition" of the claims against Lowe's (opp. at 2, n.1), yet it will not consent to the entry of judgment. Instead, Lowe's claims that judicial administration will not be served by piecemeal appeals and that there is no equitable justification for an early appeal. These arguments miss the mark and lose focus of the central purpose of Rule 54(b), which "was adopted 'specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case.... The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Merrick*

1

*v. Inmate Legal Servs.*, No. CV-13-01094-PHX-SPL, 2018 WL 10344746, at *1 (D. Ariz. Apr. 4, 2018) (Logan, J.) (quoting *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (cleaned up).

First, judicial administration would undoubtedly be served by the entry of judgment because there is no risk of piecemeal appeals. As Lowe's admits, the claims at issue are wholly distinct from the claims against the other defendant, First Advantage. (Opp. at 3.) For this reason, there is no risk that the appellate court will be required to hear multiple appeals "which should be reviewed only as single units". Rather, delaying the entry of judgment will only result in a duplication of the appellate court's burden at a later date by merging two distinct appeals into one cumbersome appeal. This does not serve judicial economy.

Second, Lowe's fails to properly weigh the risks of delay against the alternative to an appeal. Instead, it asserts that Plaintiff has failed to allege enough harm from continual delay—which it claims is present in any denial of Rule 54(b) certification. This argument ignores the risk of prejudice associated with delay. The risk is not that some delay will occur, but rather that the delay is likely to be significant. Indeed, this is an alleged class action in which discovery has not yet commenced. The First Advantage claims could take years to be resolved—all without any possibility that further facts or issues will be developed in the underlying litigation that would be relevant to the Lowe's appeal. Again, the claims against Lowe's do not overlap in any way with the claims against First Advantage. Put simply, there is no reason, let alone a "just reason to delay" the entry of judgment. *Gonzalez v. US Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *2 (D. Ariz. Apr. 8, 2021).

For these reasons and as set forth below, the Court should grant the instant motion and enter judgment with respect to Counts I and II of Plaintiff's complaint.

## II. ARGUMENT

### A. Because the Lowe's claims are distinct from the First Advantage claims, there is no risk of piecemeal appeals and judicial economy would be served by the entry of judgment.

Lowe's first asserts that "judicial administration" would not be served because a Rule 54(b) judgment will not streamline the overall case, even if it "would hasten the final resolution of the Lowe's claims." (Opp. at 2.) This argument misunderstands "judicial administration" and the effect of a denial of Rule 54(b) certification.

"The principle of sound judicial administration requires the court to consider 'whether the claims under review [are] separable,' legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues." *Found. of Hum. Understanding v. Talk Radio Network, Inc.*, No. 1:20-CV-01652-AA, 2023 WL 2207636, at *1 (D. Or. Feb. 24, 2023) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Generally speaking, the judicial administration inquiry works to "prevent piecemeal appeals in cases **which should be reviewed only as single units**." See *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (quoting *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir.1986) (emphasis added)); *see also Vawter v. Quality Loan Serv. Corp. of Washington*, No. C09-1585JLR, 2010 WL 11523625, at *1 (W.D. Wash. May 24, 2010) (finding that the judicial administration inquiry involves "such factors as (1) whether the claims under review are separable from the others remaining to be adjudicated; and (2) whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once."); *Modoral Brands Inc. v. Swedish Match N.A. LLC*, No. 220CV08729SBMRW, 2022 WL 2188539, at *5 (C.D. Cal. Mar. 1, 2022) ("Relevant factors may include 'whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'").

Contrary to Lowe's claim, certification of the Lowe's Order does not present the danger of piecemeal appeals. Rather, as Lowe's agrees, there is no overlap between the claims at issue and the claims brought against First Advantage. (Opp. at 3.) For this reason, the case is not going to come back to the Ninth Circuit on the same set of facts nor will it ever be reviewed as a single unit. Rather, the alternative to Rule 54(b) is to allow the Lowe's claims to languish for potentially years, solely so they can be packaged together in a potential appeal at a later date with the First Advantage claims. But Lowe's does not explain how this would streamline the case or the appeal process. It would not. Rather, delaying judgment will only multiply the appellate court's burden down the road. Indeed, each appeal would involve separate facts and legal issues, and both Lowe's and First Advantage would be permitted to file separate briefs. Put simply, the facts and the claims are wholly distinct and there is no risk that the appellate court will have to decide the same issues more than once.

Furthermore, Lowe's is also incorrect when it claims that an appeal will not streamline the overall case because it "would have little bearing on the remaining claims" against First Advantage (opp. at 3)—which is true of every case in which the claims are distinct. What Lowe's ignores is that the overall time to resolve the underlying subject matter of the case will be reduced, which serves judicial economy. *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (finding that the district court's equities determination was proper where "the factual bases of many of the claims differ as to each defendant" and an early appeal of a portion of the claims would streamline the overall duration of the underlying subject matter of the case). Here, requiring the appeal of the Lowe's claims to await a determination of the First Advantage claims will only lengthen the overall duration of the case as a whole.

Even under Lowe's desired approach, the claims would be at vastly different stages of litigation at the time of appeal. Indeed, Plaintiff and First Advantage will have litigated their claims through all discovery, class certification, and summary judgment. If the Ninth Circuit were to reverse any potential order with respect to First Advantage, its claims would

still be near the finish line on remand. But the Lowe's claims would be in their infancy on remand. Hence, even under Lowe's approach, there is no conversation of resources. It is thus far more efficient to have the appeal of the Lowe's claims taken up as soon as possible.

Accordingly, judicial administration would be served by permitting the Lowe's claims to be appealed now.

### B. The equities tilt decidedly in favor of entering Rule 54(b) judgment.

Next, Lowe's asserts that there is no equitable justification for an early appeal because Downing has not identified any "harsh or unjust result that would occur by following the ordinary course of appeal." (Opp. at 3.) In making this argument, Lowe's ignores that the equities must be weighed against the alternative to an appeal. *See Gonzalez v. US Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *5 (D. Ariz. Apr. 8, 2021) ("The Court finds that, on balance, the equities tip in Plaintiff's favor."); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) ("The role of the court of appeals is 'not to **reweigh** the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record.'" (citation omitted) (emphasis added)).

Here, Lowe's can't point to any benefits or judicial economy that would be served by delaying the entry of judgment (there are none). Instead, it asserts that Plaintiff hasn't demonstrated sufficient hardship (monetary or otherwise) that would result from delaying judgment (Opp. at 3-4.) Lowe's ignores the risks of prejudice. As explained in his original motion, a lengthy delay will prejudice the parties in the form of unavailability of witnesses, the potential loss of pertinent records, and faded memories. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." (citations omitted)).

In response, Lowe's—relying on *Alexander v. City of Mesa*, No. CV-14-00754-PHX-SPL, 2015 WL 13655444 (D. Ariz. Nov. 6, 2015)—asserts that prejudice from delay "would apply in virtually every situation in which a portion of the case is dismissed and others proceed". (Opp. at 4.) This argument misses the point. The issue is not that some

delay will exist, the issue is that the delay could be substantial. Indeed, a lengthy delay weighs in favor of granting the instant motion. *Compare Moriarty v. Hashemite Kingdom of Jordan*, No. CV 18-2649 (CKK), 2019 WL 6701339, at *2 (D.D.C. Dec. 9, 2019) (finding that the equities weigh in favor of granting rule 54(b) certification based on "the potential for a **lengthy delay** in the resolution of the remainder of Plaintiffs' claims" (emphasis added)), *with Alexander*, 2015 WL 13655444 at *2 (finding that the equities weigh against granting Rule 54(b) certification because "there is limited discovery outstanding and a determination on it will be accomplished in the not so distant future.").

In this case, the First Advantage claims are in their infancy and discovery has yet to commence. Plaintiff and First Advantage will likely propose a yearlong discovery period to be followed by briefing on class certification and then briefing regarding dispositive motions. In total, the remaining claims could take years to resolve—all without any chance that the litigation will develop any facts or issues relevant to the Lowe's appeal. Instead, the claims will stagnate only to ultimately be lumped in with the First Advantage claims, which as explained above, will not conserve appellate resources in any substantial manner.

On balance, the risks of prejudice from delaying the entry of judgment far outweigh the benefits of delaying judgment. Accordingly, the equities weigh in favor of granting the instant motion.

### III. CONCLUSION

Defendant's arguments against Rule 54(b) certification fall flat. Because the Lowe's claims are completely distinct from the First Advantage claims, there is no risk of piecemeal appeals and the equities tip in favor of the entry of judgment. As such, the Court should grant the instant motion and enter judgment against Plaintiff and in favor of Lowe's with respect to Counts I and II of the complaint.

Dated: July 21, 2023

**JUSTIN DOWNING**, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
pkoepke@hoalaw.com

Steven L. Woodrow (pro hac vice)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (pro hac vice)
ppeluso@woodrowpeluso.com
Taylor T. Smith (pro hac vice)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

/s/ Patrick H. Peluso