**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, | No.  CV-22-08159-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Lowe's Companies Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Justin Downing's ("Plaintiff") Motion for Certification of Judgment (Doc. 31) in which Plaintiff requests that the Court direct the entry of final judgment with respect to Defendant Lowe's Companies Incorporated ("Lowe's"), pursuant to Federal Rule of Civil Procedure 54(b). The Motion is fully briefed and ready for review. (Docs. 31, 32, & 33). The Court rules as follows.[1]

On June 20, 2023, the Court granted Lowe's' motion to dismiss and dismissed the company from this action with prejudice. (Doc. 29). The Court found that, as a matter of law, Lowe's did not violate 15 U.S.C. § 1681b(b)(2)(A) of the Fair Credit Reporting Act ("FCRA"). (*Id.* at 14). This action was not dismissed entirely, however, as Plaintiff's two separate claims against Defendant First Advantage Corporation ("First Advantage") remain. (*See* Doc. 28 (June 8, 2023 Order *denying* First Advantage's motion to dismiss)).

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff seeks to appeal this Court's June 20, 2023 Order dismissing his claims against Lowe's. (Doc. 31 at 2). He now seeks entry of final judgment pursuant to Rule 54(b).

Rule 54(b) provides that where, as here, an action involves multiple claims or parties,

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.
>
> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "The Rule was adopted 'specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Krause v. Yavapai Cnty.*, No. CV 19-08054-PCT-MTL (ESW), 2020 WL 4530467, at *1 (D. Ariz. Aug. 6, 2020) (alterations omitted) (quoting *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015)). "The Rule thus aimed to augment, not diminish, appeal opportunity." *Id.* (quoting *Jewel*, 810 F.3d at 628). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id.* (internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "In making this determination, it is proper for courts to consider 'whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

The Court may only exercise its discretion to enter a Rule 54(b) final judgment if it first "render[s] an ultimate disposition of an individual claim" and then "find[s] that there is no just reason for delaying judgment on this claim." *Pakootas v. Teck Cominco Metals,*

*Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016). Courts must consider two prongs when determining whether there is just reason for delaying entry of judgment. *Jewel*, 810 F.3d at 628. First, the court must analyze "juridical concerns," including "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id.* Second, courts conduct an "equitable analysis" in which they "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). The parties *agree* that the Court's June 20, 2023 Order constituted an "ultimate disposition" of Plaintiff's claims against Lowe's. (*See* Doc. 32 at 5, n.1 (Lowe's conceding that "there has been an 'ultimate disposition' of the claims against it")). Thus, the Court need only consider whether juridical concerns and equitable principles demonstrate that there is no just reason for delaying judgment on Plaintiff's two FCRA claims against Lowe's.

With respect to juridical concerns, the Court agrees with Plaintiff that the claims against Lowe's rest on entirely independent legal theories and facts as compared to the still-pending claims against First Advantage. In fact, Lowe's itself concedes this, recognizing that the issues presented by the claims against Lowe's are "largely distinct" from those presented by the claims against First Advantage, and that "the overwhelming likelihood is that any appeal [on the Lowe's claims] would have little bearing on the remaining claims [against First Advantage]." (Doc. 32 at 6). Thus, the Court finds that this is *not* the sort of case where the "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005).

As to equitable considerations, the Court also agrees with Plaintiff that—because this Court has already rendered an ultimate disposition as to his claims against Lowe's— denying Plaintiff the opportunity to appeal now would mean that his claims against Lowe's

would merely "stagnate" until Plaintiff's claims against First Advantage are resolved and final judgment is entered. (*See* Doc. 31 at 5). Given that this case was filed in September 2022, is only just beyond the motion-to-dismiss stage, and involves potential class certification issues, this delay could be substantial. Plaintiff contends that a lengthy delay would "prejudice both parties in the form of unavailability of witnesses, the potential loss of pertinent records, and faded memories." (Doc. 31 at 6). Lowe's responds that Plaintiff's assertion of harm "is a generic argument that would apply in virtually every situation in which a portion of the case is dismissed and others proceed." (Doc. 32 at 7). Lowe's also points out that there is no risk of severe financial harm. (*Id.*). The Court agrees with Lowe's that Plaintiff's assertions of potential harm are not novel to a situation such as this. Moreover, the harms are speculative, as Plaintiff fails to offer any specific details explaining how or why the unavailability of witnesses or the loss of certain records is likely to occur. Nonetheless, the Court finds that the equities weigh in favor of granting Plaintiff's Motion. The Court is not aware of any harm that will be caused to Lowe's by allowing Plaintiff to appeal this Court's dismissal of the Lowe's claims, particularly given that those claims are entirely distinct and independent from the First Advantage claims. This total lack of harm is outweighed by the harm put forth by Plaintiff, despite Plaintiff's harm being somewhat speculative. At the least, a significant delay could occur. In turn, that delay could cause a host of other issues for both parties.

In sum, the Court finds that there is no just reason for delay. There is almost no risk that granting Plaintiff's Rule 54(b) request will cause duplicate proceedings before the Ninth Circuit because the Lowe's claims are wholly and definitively separate from the First Advantage claims. Further, in the absence of a Rule 54(b) judgment, there is a reasonable chance that a *significant* delay will occur with respect to final resolution of the Lowe's claims. This chance for a delay (and the possible issues that may occur because of it) outweighs any potential harm to Lowe's.

///

///

4

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Certification of Judgment (Doc. 31) is **granted**. The Clerk of Court is directed to **enter a final judgment** dismissing with prejudice all claims against Defendant Lowe's Companies Incorporated pursuant to Federal Rule of Civil Procedure 54(b).

Dated this 31st day of July, 2023.

Honorable Steven P. Logan
United States District Judge