Mandi J. Karvis/Bar No. 021858
**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
One N. Central Ave., Suite 860
Phoenix, AZ 85004
Telephone: (602) 648-2240
Fax: (602) 812-4986
E-mail:  MKarvis@wickersmith.com

*-and-*

Henry R. Chalmers *(admitted pro hac vice)*
Edward P. Cadagin *(admitted pro hac vice)*
**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8646
E-mail:  henry.chalmers@agg.com
E-mail:  edward.cadagin@agg.com

*Attorneys for Defendant First Advantage Background Services Corp.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated, | Case No.:  CV-22-08159-PCT-SPL |
| Plaintiff, | **DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWER AND DEFENSES** |
| vs. | |
| Lowe's Home Centers, LLC, a North Carolina limited liability company; and First Advantage Background Services Corp., a Florida corporation, | |
| Defendants. | |

Defendant First Advantage Background Services Corp. ("First Advantage" or "Defendant") submits this, its Answer and Defenses to the Second Amended Class Action

Complaint ("Second Amended Complaint") filed by Justin Downing ("Plaintiff"), respectfully showing the Court as follows:

## ANSWER

1.     Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly protects consumer from disclosure of their personal information contained in their consumer reports. To that end, employers who obtain and use consumer reports regarding their job applicants and employees are required to provide, prior to obtaining consumer reports in the first place, a clear and conspicuous disclosure, in a document consisting solely of the disclosure (*i.e.*, that stands alone), that a consumer report will be obtained for employment purposes. And for their part, when preparing the reports, consumer reporting agencies must implement and follow procedures designed to ensure maximum possible accuracy of the information they provide concerning the individuals about whom the reports relate and to ensure that the information is complete and up to date.

**RESPONSE:**     First Advantage admits that the FCRA is a federal statute that is designed to address a number of issues, including those involving consumers and information contained in consumer reports. First Advantage admits that 15 U.S.C. § 1681b(b)(2)(A) states "Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless – a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." First Advantage admits that 15 U.S.C. § 1681e(b) states "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning

- 2 -

the individual about whom the report relates." First Advantage denies any and all remaining allegations in paragraph 1 of the Second Amended Complaint.

2.    Defendant Lowe's willfully violated the FCRA by: (1) failing to provide a standalone, upfront disclosure that Defendant may procure consumer reports about its applicants and employees, and (2) failing to provide a clear and conspicuous disclosure prior to obtaining consumer reports.

**RESPONSE:**    First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Second Amended Complaint. Accordingly, those allegations are denied.

3.    Lowe's willfully violated the FCRA by failing to provide applicants or employees with a standalone disclosure that clearly and conspicuously indicates—in a document consisting solely of the disclosure—that Lowe's may obtain a consumer report about them for employment purposes. That is, Lowe's provides a single disclosure that includes extraneous information regarding Lowe's supposed ability to obtain consumer reports regarding the applicant's children/wards. The disclosure also contains additional extraneous information regarding future disclosures and authorizations that may be sought.

**RESPONSE:**    First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Second Amended Complaint. Accordingly, those allegations are denied.

4.    The inclusion of such extraneous information overshadows the consumer report disclosure and renders the disclosure confusing to Plaintiff and to any reasonable person. By including extraneous information, it is unclear as to whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both. This lack of clarity frustrates the purpose of the FCRA, which is to inform consumers and allow them a meaningful opportunity to authorize such disclosures. Plaintiff was confused by the disclosure, and had a lawful disclosure been provided, Plaintiff would not have signed it.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Second Amended Complaint. Accordingly, those allegations are denied.

5.     For its part, Defendant First Advantage willfully violated the FCRA by furnishing consumer reports while failing to implement and follow reasonable procedures to ensure the maximum possible accuracy of the information contained in the report. That is, First Advantage compiled consumer reports regarding Plaintiff and class members that included inaccurate dispositions of past criminal histories.

**RESPONSE:**      First Advantage denies the allegations in paragraph 5 of the Second Amended Complaint.

6.     First Advantage also willfully violated, and continues to violate, the FCRA by failing to maintain (or follow) strict procedures designed to ensure that public record information is complete and up to date when it is included in consumer reports and is likely to have an adverse effect on a consumer's ability to obtain employment. Here, First Advantage furnished consumer reports relating to Plaintiff and class members containing outdated and incomplete dispositions of past criminal histories.

**RESPONSE:**      First Advantage denies the allegations in paragraph 6 of the Second Amended Complaint.

7.     By failing to adopt (or follow) reasonable or strict procedures as required, First Advantage furnished consumer reports to third parties that contained both false and misleading information, which had an adverse effect on consumers' ability to obtain employment.

**RESPONSE:**      First Advantage denies the allegations in paragraph 7 of the Second Amended Complaint.

8.     Additionally, First Advantage also willfully violated the FCRA by failing to provide notice to consumers that adverse public record information was being conveyed to potential employers. First Advantage deprived applicants of an opportunity to correct the false and misleading information.

**RESPONSE:**        First Advantage denies the allegations in paragraph 8 of the Second Amended Complaint.

9.      As a result of Defendants' willful violations of the FCRA, Plaintiff Downing and the members of the Classes were deprived of their privacy rights guaranteed to them by federal law, and they are therefore entitled to statutory damages of at least $100 and not more than $1,000 for each willful violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

**RESPONSE:**        First Advantage denies the allegations in paragraph 9 of the Second Amended Complaint.

## PARTIES

10.      Plaintiff Downing is a natural person and citizen of the State of Arizona. He resides in Show Low, Navajo County, Arizona.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Second Amended Complaint. Accordingly, those allegations are denied.

11.      Defendant Lowe's is a North Carolina limited liability company with its principal place of business located at 1000 Lowe's Blvd, Mooresville, North Carolina 28117.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Second Amended Complaint. Accordingly, those allegations are denied.

12.      Defendant First Advantage is a Florida corporation with its principal place of business located at 1 Concourse Pkwy NE, Suite 200, Atlanta, GA 30328.

**RESPONSE:**        First Advantage admits that it is incorporated in Florida and admits that its principal place of business is located at 1 Concourse Pkwy NE, Suite 200,

Atlanta, GA 30328. First Advantage denies any and all remaining allegations in paragraph 12 of the Second Amended Complaint.

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., which is a federal statute. Jurisdiction is additionally proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), et seq. ("CAFA"), because the classes each consist of over 100 people, there is minimal diversity, and the amount in controversy, when aggregated, is over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

**RESPONSE:**     First Advantage admits that Plaintiff has asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and that the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations that "the classes each consist of over 100 people, there is minimal diversity, and the amount in controversy, when aggregated, is over $5,000,000 [and that] none of the exceptions to CAFA jurisdiction apply." Accordingly, those allegations are denied. First Advantage denies any and all remaining allegations in paragraph 13 of the Second Amended Complaint.

14.     This Court has personal jurisdiction over Defendants because they conduct substantial business in this District and the unlawful conduct alleged in the Complaint occurred in this District or the unlawful decisions that lead to the violations of the FCRA set forth in this Complaint were made in this District.

**RESPONSE:**     First Advantage admits that, in this case, it conducted business in this judicial district. First Advantage denies any and all remaining allegations in paragraph 14 of the Second Amended Complaint as alleged against it and denies any unlawful conduct. First Advantage is without knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 14 as alleged against the other defendant. Accordingly, those allegations are denied.

15.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in or emanated from this District, and because Plaintiff resides in this District and applied for work with Lowe's in this District.

**RESPONSE:**    Admitted.

16.    Lowe's is a well-known American retail company specializing in home improvement. It operates warehouse-style home improvement stores throughout the United States, including Arizona.

**RESPONSE:**    First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Second Amended Complaint. Accordingly, those allegations are denied.

17.    First Advantage is a consumer reporting agency that collects and aggregates information about consumers world-wide. First Advantage generates a substantial portion of its business and income by providing background screening services to employers nationwide.

**RESPONSE:**    First Advantage admits that it performs some actions and conducts some aspects of its business in a manner that may qualify it as a consumer reporting agency, and that it performs other actions and conducts other aspects of its business in a manner that would not qualify it as a consumer reporting agency. First Advantage admits that some aspects of its business include providing employment background screening services, while other aspects of its business do not. First Advantage

denies any and all remaining allegations in paragraph 17 of the Second Amended Complaint.

18.     In or around February 2022, Plaintiff applied for a job with Lowe's at a store located in Show Low, Arizona.

**RESPONSE:**     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Second Amended Complaint. Accordingly, those allegations are denied.

19.     In or around February 2022, in connection with his employment application, Plaintiff was required to complete various acknowledgements of company disclosures, including a disclosure regarding Plaintiff's background report.

**RESPONSE:**     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Second Amended Complaint. Accordingly, those allegations are denied.

20.     Rather than provide a standalone disclosure—as the FCRA unambiguously requires—Plaintiff was presented with a document styled, "Disclosure Regarding Background Report." (*See* FCRA Disclosure, a true and accurate copy of which is attached hereto as Ex. A.) The pre-report disclosure that Lowe's provided to applicants and employees unlawfully combines disclosures to obtain consumer reports regarding applicants and their children or wards. It states:

> Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background

check results. Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Second Amended Complaint. Accordingly, those allegations are denied.

21.    That is, Lowe's provides a single disclosure that seeks to satisfy the disclosure requirements for it to obtain a consumer report regarding both the applicants and their children, including their or their children's criminal history, motor vehicle records, credit standing, credit capacity, educational history, employment history and more.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Second Amended Complaint. Accordingly, those allegations are denied.

22.    The disclosure also contains additional extraneous information: Despite initially explaining that a consumer report may contain information relating to the applicant's or their children's credit worthiness, credit standing, and credit capacity, in the very next paragraph Lowe's purports to explain that it will not request any information relates to applicant's or their children's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for credit information.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Second Amended Complaint. Accordingly, those allegations are denied.

23.    The disclosure does not standalone, nor is it clear and conspicuous. It is opaque and confusing.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Amended Complaint. Accordingly, those allegations are denied.

24.     The inclusion of such extraneous information overshadows the consumer report disclosure and renders the disclosure confusing to Plaintiff and the other class members. By combining the disclosure to obtain an applicant's consumer report with a disclosure to obtain information about their child or ward in a single document, and by including a confusing and conflicting explanation regarding future disclosures, it is unclear whether Lowe's intends to procure consumer reports regarding applicants, their children/wards, or both. Nowhere does Lowe's make any attempt to explain why it would need to access the consumer report of an applicant's children, wards, or other offspring. This lack of clarity frustrates the purpose of the FCRA, which is to inform consumers and allow them a meaningful opportunity to authorize such disclosures. Had a lawful disclosure been provided, Plaintiff and others would not have signed it.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Second Amended Complaint. Accordingly, those allegations are denied.

25.     For its part, First Advantage furnished consumer reports to Lowe's and other potential employers without first implementing reasonable procedures to ensure the maximum possible accuracy of the information contained in the report, and failed to implement strict procedures designed to ensure that when public information contained in a consumer report is likely to have an adverse effect on a consumer's ability to obtain employment, that such sensitive information is complete and up to date.

**RESPONSE:**        First Advantage denies the allegations in paragraph 25 of the Second Amended Complaint.

26.     Lowe's contracted with First Advantage to compile and furnish a consumer report regarding Downing and other class members for employment purposes.

- 10 -

**RESPONSE:**        First Advantage admits that Lowe's engaged First Advantage to conduct a background check regarding Plaintiff. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Second Amended Complaint. Accordingly, those allegations are denied.

27.    On or about February 26, 2022, First Advantage commenced a search for Plaintiff's past criminal history, to be included in his consumer report.

**RESPONSE:**        First Advantage admits that it began preparing a background report regarding Plaintiff on or about February 26, 2022. First Advantage denies any and all remaining allegations in paragraph 27 of the Second Amended Complaint.

28.    After the search commenced, First Advantage noted that additional handling was required with respect to Plaintiff's past criminal history.

**RESPONSE:**        First Advantage admits that under a Source Status History section of Plaintiff's background report is the notation "Additional handing required." First Advantage denies any and all remaining allegations in paragraph 28 of the Second Amended Complaint.

29.    On February 26, 2022, First Advantage again noted that research was required with respect to Plaintiff's past criminal history.

**RESPONSE:**        First Advantage admits that under an Order Process History heading in Plaintiff's background report is the notation "26/Feb/2022 02:25:23 PM Research Required." First Advantage denies any and all remaining allegations in paragraph 29 of the Second Amended Complaint.

30.     On March 2, 2022, First Advantage again noted that research was required with respect to Plaintiff's past criminal history.

**RESPONSE:**     First Advantage admits that under an Order Process History heading in Plaintiff's background report is the notation "02/Mar/2022 02:49:28 PM Research Required." First Advantage denies any and all remaining allegations in paragraph 30 of the Second Amended Complaint.

31.     On March 2, 2022, First Advantage furnished a consumer report regarding Plaintiff to Lowe's for employment purposes.

**RESPONSE:**     First Advantage admits that, on or about March 2, 2022, it completed its background report regarding Plaintiff and provided it to Lowe's. First Advantage denies any and all remaining allegations in paragraph 31 of the Second Amended Complaint.

32.     The report included inaccurate and materially misleading information relating to Plaintiff's prior criminal history, which had a negative impact on his employment opportunities. In preparing the report, First Advantage failed to follow reasonable procedures to ensure the maximum possible accuracy of the information contained in the report. Instead, First Advantage furnished an inaccurate report containing three past criminal convictions with the disposition stated as "guilty."

**RESPONSE:**     First Advantage denies the allegations in paragraph 32 of the Second Amended Complaint.

33.     While Plaintiff did plead guilty to the three criminal charges between 2006 and 2009, it is not accurate to state that the disposition of those cases is "guilty."

**RESPONSE:**     First Advantage denies the allegations in paragraph 33 of the Second Amended Complaint.

34.     On November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt (*see* Order Setting Aside Judgment of Guilt, a true and accurate copy of which is attached hereto as Ex. B), which restored Plaintiff's civil rights under Arizona law pursuant to A.R.S. § 13-905. Order setting aside the judgments of guilt were made publicly available at https://apps.supremecourt.az.gov/publicaccess/minutes.aspx.

**RESPONSE:**       First Advantage admits that a Minute Entry by the Superior Court of the State of Arizona in and for the County of Navajo, dated 11/24/2020 states, among other things, "IT IS ORDERED granting the Motion to Set Aside Judgment of Guilt to include the restoration of the Defendant's civil rights and his right to own firearms." First Advantage denies any and all remaining allegations in paragraph 34 of the Second Amended Complaint.

35.     Judgments setting aside guilt are not some arbitrary distinction. Rather, when a court sets aside a criminal conviction pursuant to A.R.S. § 13-905 and includes a certificate of second chance, the individual's civil rights are restored, including occupational rights. The restoration of rights includes the release of the individual from all barriers and disabilities in obtaining occupational licenses issued under Arizona Title 32. *See.* A.R.S. § 13-905(K). Further, Arizona law provides potential employers with protection should they choose to hire individuals that have had their convictions set aside. *Id.*; *see also* A.R.S. § 12-558.03, *et seq.*

**RESPONSE:**       First Advantage admits that, as amended by AZ LEGIS 3 (2023), 2023 Ariz. Legis. Serv. Ch. 3 (S.B. 1036) (WEST), A.R.S. § 13-905(A) currently states "Except as provided in subsection P of this section, every person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the court to have the judgment of guilt set aside. The convicted person shall be informed of this right at the time of sentencing. The court may issue an order that

includes a certificate of second chance to a person whose judgment of guilt is set aside pursuant to subsection K or N of this section." First Advantage admits that, as amended by AZ LEGIS 3 (2023), 2023 Ariz. Legis. Serv. Ch. 3 (S.B. 1036) (WEST), A.R.S. § 13-905(D) currently states "If the application is granted, the court shall set aside the judgment of guilt, dismiss the complaint, information or indictment and order that the person be released from all penalties and disabilities resulting from the conviction except those imposed by: 1. The department of transportation pursuant to section 28–3304, 28–3305, 28–3306, 28–3307, 28–3308, 28–3312 or 28–3319. 2. The game and fish commission pursuant to section 17–314 or 17–340." First Advantage further admits that, as amended by AZ LEGIS 3 (2023), 2023 Ariz. Legis. Serv. Ch. 3 (S.B. 1036) (WEST), A.R.S. § 13-905(E) currently states "A conviction that is set aside may be: 1. Used as a conviction if the conviction would be admissible had it not been set aside. 2. Alleged as an element of an offense. 3. Used as a prior conviction. 4. Pleaded and proved in any subsequent prosecution of the person by this state or any political subdivision of this state for any offense. 5. Used by the department of transportation in enforcing section 28–3304, 28–3305, 28–3306, 28–3307, 28–3308, 28–3312 or 28–3319 as if the judgment of guilt had not been set aside." Finally, First Advantage admits that, as amended by AZ LEGIS 3 (2023), 2023 Ariz. Legis. Serv. Ch. 3 (S.B. 1036) (WEST), A.R.S. § 13-905(K) currently states "If the court grants the application to set aside the judgment of guilt, the court's order must include a certificate of second chance if the person was convicted of any of the

following: 1. A misdemeanor. 2. A class 4, 5 or 6 felony and at least two years have elapsed since the person fulfilled the conditions of probation or sentence. 3. A class 2 or 3 felony and at least five years have elapsed since the person fulfilled the conditions of probation or sentence." First Advantage denies any and all remaining allegations in paragraph 35 of the Second Amended Complaint.

36.     By failing to inform potential employers that a prior conviction was set aside, First Advantage provides false and inaccurate information that deprives employers of critical data needed to make an informed decisions regarding potential applicants. It also strips job applicants like Plaintiff from having the ability to attain gainful employment.

**RESPONSE:**      First Advantage denies the allegations in paragraph 36 of the Second Amended Complaint.

37.     Additionally, despite preparing the report with public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, First Advantage also failed to provide any notice that the information was being furnished to Lowe's. This failure deprived Plaintiff of a meaningful opportunity to correct the inaccurate information.

**RESPONSE:**      First Advantage denies the allegations in paragraph 37 of the Second Amended Complaint.

38.     On or around March 10, 2022, Lowe's informed Plaintiff that he was being denied employment based in whole or in part on information contained within his consumer report.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Second Amended Complaint.

39.    Based on foregoing, Plaintiff brings this suit, on behalf of himself and those similarly situated, seeking redress for Defendants' widespread and willful violations of the FCRA. Such violations entitle him, and other similarly situated persons, to statutory damages of not less than $100 and not more than $1,000 per violation.

**RESPONSE:**        First Advantage denies the allegations in paragraph 39 of the Second Amended Complaint.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) on behalf of himself and the following Classes defined as follows:

**Lowe's Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) applied for employment with Lowe's; (3) about whom Lowe's procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Lowe's provided to Plaintiff.

**First Advantage Class:** All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) about whom First Advantage provided a consumer report; (3) to any employer or potential employer; (4) where the consumer report contained a criminal disposition of "guilty"; and (5) where the consumer's conviction had been set aside pursuant to A.R.S. § 13-905.

**RESPONSE:**        First Advantage admits that Plaintiff purports to bring his claim pursuant to Federal Rule of Civil Procedure 23(b)(3). First Advantage denies any and all remaining allegations in paragraph 40 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

41.    Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4)

persons who have had their claims in this matter finally adjudicated and/or otherwise released, (5) Plaintiff's and Defendants' counsel, and (6) the legal representatives, successors, and assigns of any such excluded person. Plaintiff anticipates the need to amend the Complaint, including the Class Definitions, following a reasonable period for class discovery.

**RESPONSE:**     First Advantage admits that Plaintiff has defined the classes as listed. First Advantage denies any and all remaining allegations in paragraph 41 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

42.   **Numerosity:** The exact number of class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable for each of the Classes. On information and belief, there are thousands of individuals that fall into the defined Classes. Further, the class members can readily be ascertained through objective criteria, including Defendants' records.

**RESPONSE:**     First Advantage denies the allegations in paragraph 42 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

43.   **Commonality:** Common questions of law and fact exist as to all members of the Classes for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

  (a)   Whether First Advantage violated the FCRA;
  (b)   Whether First Advantage prepared consumer reports with inaccurate criminal dispositions;
  (c)   Whether First Advantage implemented policies and procedures to ensure maximum possible accuracy of the consumer reports that it prepares;
  (d)   Whether First Advantage failed to follow its own policies and procedures to ensure the maximum possible accuracy of the consumer reports that it prepares;
  (e)   Whether First Advantage implemented strict procedures to ensure that where adverse public record information reported on a consumer report is

likely to impact an applicant's ability to obtain employment that the information is complete and up to date;

(f)     Whether First Advantage failed to follow its own procedures to ensure that adverse public record information that is reported on a consumer report is complete and up to date;

(g)     Whether First Advantage's violations of the FCRA were willful;

(h)     Whether Lowe's conduct described herein violated the FCRA;

(i)     Whether Lowe's has procured or caused to be procured consumer reports about job applicants and employees;

(c)     [sic] Whether Lowe's disclosure violates the FCRA's requirement that the pre-report disclosure be clear and conspicuous in a document consisting solely of the disclosure; and

(j)     Whether Lowe's violations of the FCRA were willful.

**RESPONSE:**     First Advantage denies the allegations in paragraph 43 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

44.     **Typicality:** As a result of Defendants' uniform and repeated pattern of providing and preparing consumer reports, Plaintiff and the Class Members suffered the same injury and similar damages. If Defendants' actions violated the FCRA as to Plaintiff, then it violated the FCRA as to all Class Members. Thus, Plaintiff's claims are typical of the claims of the other Class Members.

**RESPONSE:**     First Advantage denies the allegations in paragraph 44 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

45.     **Adequate Representation:** Plaintiff is a member of the Classes and both he and his counsel will fairly and adequately represent and protect the interests of the Classes, as neither has interests adverse to those of the Class Members and Defendants have no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions including class actions related to the procurement of consumer reports for employment purposes under the Fair Credit Reporting Act. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

**RESPONSE:**     First Advantage denies the allegations in paragraph 45 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

46.   **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class Member's situation, the answer to whether Defendants' conduct described herein repeatedly violated the FCRA is the same for everyone—a resounding "yes"—and the same will be proven using common evidence.

**RESPONSE:**     First Advantage denies the allegations in paragraph 46 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

47.   **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to any individual Class Members will likely be small relative to the cost associated with prosecuting a lawsuit. Thus, the expense of litigating an individual action will likely prohibit the Class Members from obtaining effective relief for Defendants' misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, and it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class Members.

**RESPONSE:**     First Advantage denies the allegations in paragraph 47 of the Second Amended Complaint and denies that the proposed "First Advantage Class" is a certifiable class.

48.   Plaintiff reserves the right to revise the definition of the classes as necessary based upon information obtained in discovery.

**RESPONSE:**       First Advantage admits that Plaintiff purports to reserve the right to revise the definition of the classes, and First Advantage reserves the right to object and respond to any attempted revision to the definition of the classes.

## COUNT I

49.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:**       First Advantage repeats and incorporates the foregoing responses as if fully stated herein.

50.     The FCRA declares that:
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .
15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

**RESPONSE:**       First Advantage admits that 15 U.S.C. § 1681b(b)(2)(A) states "Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a report to be procured, for employment purposes with respect to any consumer, unless – (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that

person." First Advantage denies any and all remaining allegations in paragraph 50 of the Second Amended Complaint.

> 51.    The FCRA defines a consumer report as:
> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, cred-it capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
> (B) employment purposes . . .
> 15 U.S.C. § 1681a(d)(1).

**RESPONSE:**       First Advantage admits that 15 U.S.C. § 1681a(d)(1) states "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." First Advantage denies any and all remaining allegations in paragraph 51 of the Second Amended Complaint.

> 52.    Lowe's employment background checks are consumer reports.

**RESPONSE:**       First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Second Amended Complaint. Accordingly, those allegations are denied.

53.     The pre-report disclosure that Lowe's provided to applicants and employees unlawfully combines a disclosure to obtain consumer reports about them with a disclosure to obtain consumer reports about their children or wards. (Ex. A.) Lowe's provides a single disclosure that confusingly combines information about both the applicants themselves as well as regarding their children or wards, including their or their children's/ward's criminal history, motor vehicle records, credit standing, credit capacity, educational history, employment history and more. (*Id.*)

**RESPONSE:**       First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Second Amended Complaint. Accordingly, those allegations are denied.

54.     The disclosure also contains additional extraneous information that appears confusing and contradictory. (*Id.*) Despite explaining that a consumer report may contain information relating to the applicant's or their children's/ward's credit worthiness, credit standing, and credit capacity, in the very next paragraph Lowe's purports to explain that it will not request any information relates to applicant's or their children's/ward's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for such credit information. (*Id.*)

**RESPONSE:**       First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Second Amended Complaint. Accordingly, those allegations are denied.

55.     By combining the applicant's and their children's/ward's disclosure into one document, and by including a confusing and conflicting explanation regarding disclosures, Lowe's disclosure cannot be said to "stand alone" in a document that consists solely of the disclosure. A reasonable person would not have understood or authorized the reports had an appropriate disclosures been provided. Plaintiff and the other class members wouldn't have authorized the reports had appropriate disclosures been provided.

**RESPONSE:**       First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Second Amended Complaint. Accordingly, those allegations are denied.

56.   Defendant procured consumer reports with respect to Plaintiff and the Lowe's Class. The disclosures provided to Plaintiff were the same or substantially the same as the one provided to all Lowe's Class members. Thus, Defendant uniformly violated the FCRA rights of all Class members in the same way and, in the process, violated their right to information and their privacy rights as delineated by Congress.

**RESPONSE:**       First Advantage admits that on February 26, 2022, Lowe's ordered a background report regarding Plaintiff from its subsidiary First Advantage Background Services Corp. First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Second Amended Complaint. Accordingly, those allegations are denied.

57.   Defendant's violations of 15 U.S.C. 1681b(b)(2)(A)(i) was willful for at least the following reasons:

    (i)   The rule that FRCA disclosures consist "solely" of that disclosure has been the law established for well over a decade.

    (ii)   Lowe's is a large company who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

    (iii)   Lowe's previously settled a class action lawsuit for alleged violations of the FCRA's stand alone disclosure requirements. As such, its failure to comply with the FCRA cannot be seen as anything other than a willful defiance of the Act's requirements.

    (iv)   Lowe's inclusion of the disclosures relating to applicant's children or wards was intentional and serves no purpose to the vast majority of job applicants, including Plaintiff; and

    (v)   Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a company's FCRA responsibilities exists and is readily

available explaining that such disclosures must stand-alone. This readily-available guidance means Lowe's either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

(vi)     The Ninth Circuit has clearly articulated the law in this area in a series of cases; beginning in 2017: *Syed v. M-I, LLC,* 853 F.3d 492 (9th Cir. 2017); *Gilberg v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169 (9th Cir. 2019); and *Walker v. Fred Meyer, Inc.,* 953 F.3d 1082, 1095 (9th Cir. 2020). Thus, at this point in time there is no excuse for a company like Lowe's to be in noncompliance with the FCRA's clear and unambiguous requirements.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Second Amended Complaint. Accordingly, those allegations are denied.

58.     Plaintiff and the Lowe's Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the Lowe's Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Second Amended Complaint. Accordingly, those allegations are denied.

59.     In the alternative, Plaintiff and the Lowe's Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* Lowe's acted negligently by failing to provide a standalone disclosure. Had Lowe's provided a standalone disclosure, Plaintiff and the class members would not have authorized the procurement of their reports. As such, Lowe's breached its duty of care to Plaintiff and the Lowe's Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Second Amended Complaint. Accordingly, those allegations are denied.

60.      Accordingly, under the FCRA, Plaintiff and the Lowe's Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest, and such other relief as the Court deems necessary, reasonable, and just.

**RESPONSE:**      First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Second Amended Complaint. Accordingly, those allegations are denied.

## COUNT II

61.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:**      First Advantage repeats and incorporates the foregoing responses as if fully stated herein.

62.      The FCRA declares that:
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
(i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .
15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

**RESPONSE:**      First Advantage admits that 15 U.S.C. § 1681b(b)(2)(A) states: "Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a report to be procured, for employment purposes with respect to any consumer,

unless – (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person." First Advantage denies any and all remaining allegations in paragraph 62 of the Second Amended Complaint.

> 63.    The FCRA defines a consumer report as:
> ". . . any written oral or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, cred-it capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
> (B) employment purposes . . .
> 15 U.S.C. § 1681a(d)(1).

**RESPONSE:**    First Advantage admits that 15 U.S.C. § 1681a(d)(1) states "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this

title." First Advantage denies any and all remaining allegations in paragraph 63 of the Second Amended Complaint.

64.    Lowe's background checks are consumer reports.

**RESPONSE:**    First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Second Amended Complaint. Accordingly, those allegations are denied.

65.    In addition to failing to stand-alone, Lowe's disclosure also willfully violated the FCRA by not being clear and conspicuous. The disclosure repeatedly and confusingly informs Plaintiff and the Class Members that Lowe's may obtain consumer reports regarding both them and their children or wards. The scope of the consumer reports can also include information concerning the applicant's or their children's or ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living, history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results. The inclusion of multiple disclosures regarding applicants and their children or wards renders the disclosure confusing and cannot be said to be "clear and conspicuous".

**RESPONSE:**    First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Second Amended Complaint. Accordingly, those allegations are denied.

66.    The disclosure also confusingly includes conflicting information regarding the procurement of credit information. Again, Lowe's discloses that a consumer report may contain information relating to the applicant's or their children's credit worthiness, credit standing, and credit capacity. Then, in the very next paragraph, Lowe's purports to explain that it will not request any information related to applicant's or their children's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for credit information. The unnecessary inclusion of this conflicting information detracts from the purpose of the disclosure and renders the disclosure confusing.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Second Amended Complaint. Accordingly, those allegations are denied.

67.    In short, the pre-report disclosure that Lowe's provided to Plaintiff and the Lowe's Class members willfully violated the FCRA by not being clear and conspicuous. Indeed, a reasonable person would have been confused by the disclosure.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Second Amended Complaint. Accordingly, those allegations are denied.

68.    Plaintiff and the other class members wouldn't have authorized the reports had appropriate disclosures been provided.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Second Amended Complaint. Accordingly, those allegations are denied.

69.    Defendant procured consumer reports with respect to Plaintiff and the Lowe's Class. The disclosures provided to Plaintiff were the same or substantially the same as the one provided to all Lowe's Class members. Thus, Defendant uniformly violated the FCRA rights of all Class members in the same way and, in the process, violated their right to information and their privacy rights as delineated by Congress.

**RESPONSE:**        First Advantage admits that on February 26, 2022, Lowe's ordered a background report regarding Plaintiff from its subsidiary First Advantage Background Services Corp. First Advantage is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 69 of the Second Amended Complaint.

70.     Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

(i)     The rule that FRCA disclosures be "clear and conspicuous" has been
the law established for well over a decade;

(ii)    Lowe's is a large company who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such any violates were made in conscious disregard of the rights of others;

(iii)   Lowe's previously settled a class action lawsuit for alleged violations of the FCRA's clear and conspicuous disclosure requirements. As such, its failure to comply with the FCRA cannot be seen as anything other than a willful defiance of the Act's requirements;

(iv)    Lowe's inclusion of the disclosures relating to applicant's children or wards was intentional and serves no purpose to the vast majority of job applicants, including Plaintiff; and

(v)     Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a company's FCRA responsibilities exists and is readily available explaining that such disclosures must be clear and conspicuous. This readily-available guidance means Lowe's either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

(vi)    The Ninth Circuit has clearly articulated the law in this area in a series of cases, beginning in 2017: *Syed v. M-I, LLC,* 853 F.3d 492 (9th Cir. 2017); *Gilberg v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169 (9th Cir. 2019); and *Walker v. Fred Meyer, Inc.,* 953 F.3d 1082, 1095 (9th Cir. 2020). Thus, at this point in time there is no excuse for a company like Lowe's to be in noncompliance with the FCRA's clear and unambiguous requirements.

**RESPONSE:**     First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Second Amended Complaint. Accordingly, those allegations are denied.

71.     Plaintiff and the Lowe's Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the Lowe's Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Second Amended Complaint. Accordingly, those allegations are denied.

72.      In the alternative, Plaintiff and the Lowe's Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* Lowe's acted negligently by failing to provide a disclosure that was clear and conspicuous. Had Lowe's provided a clear and conspicuous disclosure, Plaintiff and the class members would not have authorized the procurement of their reports. As such, Lowe's breached its duty of care to Plaintiff and the Lowe's Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Second Amended Complaint. Accordingly, those allegations are denied.

73.      Accordingly, under the FCRA, Plaintiff and the Lowe's Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary, reasonable, and just.

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Second Amended Complaint. Accordingly, those allegations are denied.

## <u>COUNT III</u>

74.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:**        First Advantage repeats and incorporates the foregoing responses as if fully stated herein.

75.     First Advantage is a "person" and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and (f).

**RESPONSE:**        First Advantage denies the allegations in paragraph 75 of the Second Amended Complaint.

76.     Plaintiff and members of the First Advantage Class are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:**        First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Second Amended Complaint. Accordingly, those allegations are denied. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

77.     The FCRA declares that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**RESPONSE:**        Admitted.

78.     First Advantage prepared inaccurate and materially misleading consumer reports relating to Plaintiff's prior criminal history, which had a negative impact on his employment opportunities.

**RESPONSE:**        First Advantage denies the allegations in paragraph 78 of the Second Amended Complaint.

79.     In preparing the report, First Advantage failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the report. Indeed, First Advantage furnished a report containing three prior criminal convictions with the disposition stated as "guilty." This was inaccurate.

**RESPONSE:**        First Advantage admits that in a background report it prepared regarding Plaintiff, three case reference numbers were included that listed "Disposition GUILTY." First Advantage denies any and all remaining allegations in paragraph 79 of the Second Amended Complaint.

80.    While Plaintiff pleaded guilty to the three charges between 2006 and 2009, he has since taken steps to rehabilitate his standing in his community such that the disposition is no longer "guilty".

**RESPONSE:**        First Advantage admits that a Minute Entry by the Superior Court of the State of Arizona in and for the County of Navajo, dated 11/24/2020 states, among other things, "IT IS ORDERED granting the Motion to Set Aside Judgment of Guilt to include the restoration of the Defendant's civil rights and his right to own firearms." First Advantage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Second Amended Complaint. Accordingly, those allegations are denied.

81.    On November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt (*see* Ex. B), which restored Plaintiff's civil rights under Arizona law pursuant to A.R.S. § 13-905. The Order setting aside the judgments of guilt were made publicly available at https://apps.supremecourt.az.gov/publicaccess/minutes.aspx.

**RESPONSE:**        First Advantage admits that a Minute Entry by the Superior Court of the State of Arizona in and for the County of Navajo, dated 11/24/2020 states, among other things, "IT IS ORDERED granting the Motion to Set Aside Judgment of Guilt to include the restoration of the Defendant's civil rights and his right to own firearms." First

Advantage denies any and all remaining allegations in paragraph 81 of the Second Amended Complaint.

82.     The judgments setting aside guilt are not the same as a criminal conviction. Rather, when a court sets aside a criminal conviction pursuant to A.R.S. § 13-905 and includes a certificate of second chance, the individual's civil rights are restored, including occupational rights. The restoration of rights includes the release of the individual from barriers and disabilities in obtaining occupational licenses issued under Arizona Title 32. *See* A.R.S. § 13-905(K). Further, Arizona law provides potential employers with protection should they choose to hire individuals that have had their convictions set aside. *Id.; see also* A.R.S. § 12-558.03, *et seq.*

**RESPONSE:**     First Advantage admits that A.R.S. 13-905(K), as amended by AZ LEGIS 3 (2023), 2023 Ariz. Legis. Serv. Ch. 3 (S.B. 1036) (WEST), currently states: "If the court grants the application to set aside the judgment of guilt, the court's order must include a certificate of second chance if the person was convicted of any of the following: 1. A misdemeanor. 2. A class 4, 5 or 6 felony and at least two years have elapsed since the person fulfilled the conditions of probation or sentence. 3. A class 2 or 3 felony and at least five years have elapsed since the person fulfilled the conditions of probation or sentence." First Advantage admits that A.R.S § 12-558.03 currently states: "An employer is not liable for hiring an employee or contracting with an independent contractor who has previously been convicted of a criminal offense." First Advantage denies any and all remaining allegations in paragraph 82 of the Second Amended Complaint.

83.     By failing to inform potential employers that a prior conviction was set aside, First Advantage robs employers of critical information to make an informed decision regarding potential applicants and the potential risks associated with hiring applicants.

**RESPONSE:**      First Advantage denies the allegations in paragraph 83 of the Second Amended Complaint.

84.    By failing to adopt adequate procedures, First Advantage caused Plaintiff and the class members actual harm by preparing and providing inaccurate and materially misleading consume [*sic*] reports to third parties.

**RESPONSE:**      First Advantage denies the allegations in paragraph 84 of the Second Amended Complaint.

85.    On information and belief, First Advantage has prepared more than one report regarding Plaintiff that contained the same inaccurate information.

**RESPONSE:**      First Advantage denies the allegations in paragraph 85 of the Second Amended Complaint.

86.    On information and belief, First Advantage's inclusion of the "guilty" disposition on Plaintiff's consumer report violated its own written policies and procedures to ensure the maximum possible accuracy of the information contained in consumer reports.

**RESPONSE:**      First Advantage denies the allegations in paragraph 86 of the Second Amended Complaint.

87.    Pursuant to 15 U.S.C. § 1681o, *et seq.* and 15 U.S.C. § 1681n, et seq., First Advantage is liable to Plaintiff and the First Advantage Class for failing to implement and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's and the class members' consumer reports in violation of 15 U.S.C. § 1681e(b).

**RESPONSE:**      First Advantage denies the allegations in paragraph 87 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

88.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful for at least the following reasons:

(i)     The rule that consumer reporting agencies must implement and follow reasonable procedures to assure the maximum possible accuracy of the information contained in consumer reports has been the law established for decades;

(ii)    On information and belief, First Advantage adopted and then failed to follow its own written policies and procedures to ensure the maximum possible accuracy of the information contained in consumer reports;

(iii)   First Advantage commenced the search for Plaintiff's criminal history on February 26, 2022 and completed the report on March 2, 2022. Hence, ample time existed for First Advantage to ensure that the criminal convictions were reported accurately;

(iv)    The report prepared by First Advantage regarding Plaintiff noted that "Research [was] In Progress" for four days and further noted that "Additional handling [was] required" with respect to Plaintiff's criminal history. Despite this additional research and handling, First Advantage failed to report Plaintiff's or the class members' criminal convictions accurately;

(v)     The Order setting aside Plaintiff's judgment of guilt and restoring his civil rights has been publicly available for over a year at the time the report was furnished;

(vi)    First Advantage is a large corporation who regularly engages inside and outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

(vii)   First Advantage describes itself as a leader in the background reporting industry with respect to employment related consumer report;

(viii)  First Advantage regularly finishes consumer reports to businesses, such as Lowe's, or the purpose of making employment related decisions. Accordingly, First Advantage's failure to implement reasonable procedures had a widespread effect; and

(ix)    First Advantage profited off the sale of Plaintiff's and the class members' consumer reports containing incomplete and outdated information on a repeated basis.

**RESPONSE:**        First Advantage denies the allegations in paragraph 88 of the

Second Amended Complaint.

89.     Plaintiff and the First Advantage Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the First Advantage Class are entitled to statutory

damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**RESPONSE:**      First Advantage denies the allegations in paragraph 89 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

90.     In the alternative, Plaintiff and the First Advantage Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* First Advantage acted negligently by failing to adopt reasonable procedures to ensure the maximum possible accuracy of information contained in consumer reports. As such, First Advantage breached its duty of care to Plaintiff and the First Advantage Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

**RESPONSE:**      First Advantage denies the allegations in paragraph 90 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

91.     Accordingly, under the FCRA, Plaintiff and the First Advantage Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary, reasonable, and just.

**RESPONSE:**      First Advantage denies the allegations in paragraph 91 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

## <u>COUNT IV</u>

92.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:**       First Advantage repeats and incorporates the foregoing responses as if fully stated herein.

93.     First Advantage is a "person" and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and (f).

**RESPONSE:**       First Advantage denies the allegations in paragraph 93 of the Second Amended Complaint.

94.     Plaintiff and members of the First Advantage Class are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:**       First Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

95.     The FCRA declares that:
A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall--
>     (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>     (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.
15 U.S.C. 1681k(a) (emphasis added).

**RESPONSE:**      Admitted.

96.     First Advantage furnished consumer reports regarding Plaintiff and the First Advantage Class for employment purposes that possessed information on consumers that were likely to have an adverse effect upon a consumer's ability to obtain employment.

**RESPONSE:**      First Advantage denies the allegations in paragraph 96 of the Second Amended Complaint.

97.     First Advantage violated Section 1681k(a)(2) by failing to adopt strict procures [*sic*] designed to insure that public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is complete and up to date.

**RESPONSE:**      First Advantage denies the allegations in paragraph 97 of the Second Amended Complaint.

98.     First Advantage also failed to provide Plaintiff and the First Advantage Class with notice that First Advantage was reporting public record information to potential employers that was likely to have an adverse effect on the ability of Plaintiff and the First Advantage Class to obtain employment. Further, First Advantage failed to provide Plaintiff or the other members of the First Advantage Class with the name and address of the person to whom such information was being reported.

**RESPONSE:**      First Advantage denies the allegations in paragraph 98 of the Second Amended Complaint.

99.     Criminal convictions or information showing "guilty" with respect to crimes is likely to have an adverse effect on a consumer's ability to obtain employment.

**RESPONSE:**      First Advantage denies the allegations in paragraph 99 of the Second Amended Complaint.

100.   Here, First Advantage reported the disposition of past criminal convictions for Plaintiff and the Class as "guilty". This was inaccurate. Records of past criminal convictions are public records under the FCRA. At the time the report was furnished, the

convictions were set aside and Plaintiff's and the class members' civil rights were restored pursuant to A.R.S. § 13-905.

**RESPONSE:** First Advantage admits that a Minute Entry by the Superior Court of the State of Arizona in and for the County of Navajo, dated 11/24/2020 states, among other things, "IT IS ORDERED granting the Motion to Set Aside Judgment of Guilt to include the restoration of the Defendant's civil rights and his right to own firearms." First Advantage admits that in a background report it prepared regarding Plaintiff, three case reference numbers were included that listed "Disposition GUILTY." First Advantage denies any and all remaining allegations in paragraph 100 of the Second Amended Complaint.

101. By publishing past criminal convictions without their current disposition, First Advantage reported adverse public information that was not complete or up to date.

**RESPONSE:** First Advantage denies the allegations in paragraph 101 of the Second Amended Complaint.

102. First Advantage failed to adopt strict procedures to ensure that criminal convictions are reported with the current disposition. This constitutes a willful violation of Section 1681k(a)(2).

**RESPONSE:** First Advantage denies the allegations in paragraph 102 of the Second Amended Complaint.

103. On information and belief, First Advantage's failure to report that the criminal convictions were set aside and that civil rights were restored violated its own written policies and procedures to ensure that information contained in consumer reports is complete and up to date.

**RESPONSE:** First Advantage denies the allegations in paragraph 103 of the Second Amended Complaint.

104. By failing to adopt strict procedures or provide any notice, First Advantage harmed applicant and employees by conveying inaccurate information regarding their criminal history to third parties and deprived applicants and employees of the ability to address any inaccurate or incomplete information contained within the consumer report prior to the employer's decision regarding the information.

**RESPONSE:** First Advantage denies the allegations in paragraph 104 of the Second Amended Complaint.

105. Pursuant to 15 U.S.C. § 1681o, *et seq.* and 15 U.S.C. § 1681n, *et seq.*, First Advantage is liable to Plaintiff and the First Advantage Class for failing to provide notice that potentially adverse public record information was being reported or by failing to implement and follow strict procedures to ensure that information contained in Plaintiff's and the class members' consumer reports that was likely to adversely impact their ability to obtain or keep employment was complete and up to date in violation of 15 U.S.C. § 1681k(a)(2).

**RESPONSE:** First Advantage denies the allegations in paragraph 105 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

106. First Advantage's violation of 15 U.S.C. § 1681k(a)(2) was willful for at least the following reasons:

(i) The rule that consumer reporting agencies must implement and follow strict procedures to insure that potentially adverse public record information contained in consumer reports must be complete and up to date has been the law established for decades;

(ii) The rule that consumer reporting agencies provide notice that potentially adverse public record information is being reported by a consumer reporting agency has been the law established for decades;

(iii) On information and belief, First Advantage adopted and then failed to follow its own written policies and procedures to ensure that information contained in consumer reports is complete and up to date;

(iv) First Advantage commenced the search for Plaintiff's criminal history on February 26, 2022 and completed the report on March 2, 2022. Hence, ample time existed for First Advantage to ensure that the criminal convictions were up to date and complete;

(v) The report prepared by First Advantage regarding Plaintiff noted that "Research [was] In Progress" for four days and further noted that "Additional handling [was] required" with respect to Plaintiff's criminal history;

(vi) The Order setting aside Plaintiff's judgment of guilt and restoring his civil rights has been publicly available for over a year at the time the report was furnished;

(vii) First Advantage is a large corporation who regularly engages inside and outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

(viii) First Advantage describes itself as a leader in the background reporting industry with respect to employment related consumer reports;

(ix) First Advantage regularly furnishes consumer reports to businesses, such as Lowe's, for the purpose of making employment related decisions Accordingly, First Advantage's failure to implement reasonable procedures had a wide spread effect; and

(x)    First Advantage profited off the sale of Plaintiff's and the class members' consumer reports containing incomplete and outdated information on a repeated basis.

**RESPONSE:**     First Advantage denies the allegations in paragraph 106 of the Second Amended Complaint.

107.   Plaintiff and the First Advantage Class seek damages under 15 U.S.C. § 1681n, *et seq.* Plaintiff and the First Advantage Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**RESPONSE:**     First Advantage denies the allegations in paragraph 107 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

- 41 -

108.   In the alternative, Plaintiff and the First Advantage Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* First Advantage acted negligently by failing to adopt strict procedures to insure that adverse public record information is complete and up to date. As such, First Advantage breached its duty of care to Plaintiff and the First Advantage Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

**RESPONSE:**      First Advantage denies the allegations in paragraph 108 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

109.   Accordingly, under the FCRA, Plaintiff and the First Advantage Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest, and such other relief as the Court deems necessary, reasonable, and just.

**RESPONSE:**      First Advantage denies the allegations in paragraph 109 of the Second Amended Complaint. First Advantage further denies that the proposed "First Advantage Class" is a certifiable class.

## GENERAL DENIAL

First Advantage denies the allegations in the "Prayer for Relief" section of the Second Amended Complaint and further denies all relief sought by Plaintiff through the Second Amended Complaint. First Advantage denies each and every factual allegation contained in the Second Amended Complaint that is not expressly admitted in the preceding paragraphs of this Answer. In further responses, all allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

Without waiving any non-affirmative defenses that are not stated herein and without assuming the burden of proof on any defense where the law provides otherwise, First Advantage submits its affirmative and other defenses to the claims set forth in the Second Amended Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

## SECOND AFFIRMATIVE DEFENSE

The damages Plaintiff seeks must be set off against any settlement or other recoveries by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Because First Advantage acted, at all times relevant to the Second Amended Complaint, in a good faith effort to comply with the FCRA, and because any alleged violation would not have been willful, Plaintiff is not entitled to punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent the claims made in the Second Amended Complaint on behalf of Plaintiff and/or members of the proposed classes are barred by release. To the extent Plaintiff and/or any members of the proposed First Advantage Class were members of previous actions against First Advantage

in which a release was provided to First Advantage that would cover some or all of their claims in this lawsuit, then those claims have been released. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent the claims made in the Second Amended Complaint on behalf of Plaintiff and/or members of the proposed classes are barred by judicial estoppel. To the extent Plaintiff and/or any members of the proposed First Advantage Class have taken a position in prior legal matters that is contrary to a position they are taking in this lawsuit, they would be judicially estopped from taking that position in this lawsuit. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal, in whole or in part, to the extent the claims made in the Second Amended Complaint on behalf of Plaintiff and/or members of the proposed classes are barred by res judicata and/or collateral estoppel. To the extent Plaintiff and/or any members of the proposed First Advantage Class were members of previous actions against First Advantage that were subject to dispositive rulings regarding matters that are at issue in this lawsuit, those rulings have a res judicata, collateral estoppel and/or

issue preclusion effect on those matters here. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

### SEVENTH AFFIRMATIVE DEFENSE

The proposed class is not certifiable because it does not comply with the requirement of Rule 23 of the Federal Rules of Civil procedure.

WHEREFORE, having fully responded to the Second Amended Complaint, First Advantage respectfully requests that the Court enter an Order denying all of the claims against First Advantage in the Amended Complaint, that judgment be rendered in favor of First Advantage and against Plaintiff with respect to all claims against First Advantage, and that First Advantage be granted such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this 7th day of September, 2023.

*/s/ Mandi J. Karvis*
Mandi J. Karvis/Bar No. 021858
Bar No. 021858
WICKER SMITH O'HARA MCCOY & FORD, P.A.
One N. Central Ave., Suite 860
Phoenix, AZ 85004
*mkarvis@wickersmith.com*
(602) 648-2240

Henry R. Chalmers
*Admitted Pro Hac Vice*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
*henry.chalmers@agg.com*
*natalie.cascario@agg.com*
(404) 873-8646

*Counsel for Defendant First Advantage*
*Background Services Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on September 7, 2023.

*/s/ Mandi J. Karvis*
Mandi J. Karvis