Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

*Attorneys for Plaintiff and the Classes*

Mandi J. Karvis/Bar No. 021858
**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
One N. Central Ave., Suite 860
Phoenix, AZ 85004
Telephone: (602) 648-2240
*Fax: (602) 812-4986*
E-mail: MKarvis@wickersmith.com
-and-
Henry R. Chalmers (*admitted pro hac vice*)
Edward P. Cadagin (*admitted pro hac vice*)
Natalie L. Cascario (*admitted pro hac vice*)
**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8646
E-mail: henry.chalmers@agg.com
        edward.cadagin@agg.com
        natalie.cascario@agg.com

*Attorneys for Defendant*
*First Advantage Background Services Corp.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-08159-SPL |
| Plaintiff, | **JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION REGARDING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL THE PRODUCTION OF CLASS-RELATED DISCOVERY** |
| v. | |
| Lowe's Home Centers, LLC, a North Carolina limited liability company, and First Advantage Background Services Corporation, a Florida corporation, | |
| Defendants. | |

1

Pursuant to the Court's February 22, 2024 Order (dkt. 55), Plaintiff Justin Downing ("Downing" or "Plaintiff") and Defendant First Advantage Background Services Corporation ("First Advantage" or "Defendant") submit the following Joint Motion for Discovery Dispute Resolution, regarding Plaintiff's unopposed motion to compel the production of class-related discovery.

The parties do not dispute that class-related discovery concerning consumer reports that First Advantage provided to employers should be produced; however, First Advantage has concerns regarding its ability to produce the data absent a court order, including because the data requested by Plaintiff contains confidential criminal record and employment information regarding persons who are not currently parties to this action. To resolve those concerns, Plaintiff agreed to seek an Order compelling the production as set forth below. While class discovery is discretionary, the Ninth Circuit has advised that courts should afford "litigants an opportunity to present evidence as to whether a class action [is] maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Beets v. Molina Healthcare, Inc.*, No. CV 16-5642-CAS (KSX), 2019 WL 2895630, at *3 (C.D. Cal. Apr. 9, 2019) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Indeed, it is an abuse of discretion to deny discovery "where discovery is necessary to determine the existence of a class or set of subclasses." *Doninger*, 564 F.2d at 1313.

As relevant background, Plaintiff alleges that First Advantage violated the Fair Credit Reporting Act ("FCRA" or "Act"), by providing consumer reports to potential employers regarding Downing and the proposed Class that included incomplete criminal history information. (SAC ¶¶ 5-6.) In Downing's case, Plaintiff alleges First Advantage furnished a consumer report to his prospective employer, Lowe's Home Centers, LLC, that incompletely reported three prior convictions as "guilty" that had actually been subsequently set aside under Arizona law. (*Id.* ¶¶ 32-34.)

Downing has sought discovery concerning two data sets to ascertain the alleged class

of consumers whose consumer reports First Advantage provided included criminal records that had been set aside without reporting that their convictions had been set aside during the relevant time period. To start, Plaintiff issued a subpoena directed to the Arizona Department of Public Safety ("ADPS") seeking data reflecting all criminal cases that had been set aside under the same statute during the relevant time period. On January 12, 2024, ADPS produced a data file containing all of the criminal case numbers in the State of Arizona for convictions that had been set aside (the "ADPS Data"). Plaintiff now seeks the production of data from First Advantage reflecting all consumer reports that it provided to any employer or potential employer during the relevant time period in which the report contained a criminal conviction in the State of Arizona that was reported as "guilty" without also reporting that the conviction had been set aside. The two datasets can be cross-referenced to isolate individuals who fall into Plaintiff's defined class, which is consumers whose consumer reports included an Arizona conviction that has subsequently been set aside, but which set aside was not noted in the report.

After numerous conferrals, the parties have reached an agreement on a production protocol that strikes a balance to address First Advantage's privacy concerns but provides Downing with the data necessary to establish if he can litigate this case through class certification.

The process is straightforward: First Advantage has agreed to produce the following data and information for all consumer reports that it provided to any employer or potential employer between September 8, 2020 and the date of an order from the Court granting this motion in which the consumer report contained a criminal conviction in the State of Arizona which was reported as "guilty" without also reporting that the conviction had been set aside (hereafter the "First Advantage Data"):

a. The case number for the Arizona criminal conviction;

b. The date of disposition for the Arizona criminal conviction;

c. The unique identifier for the consumer report provided; and

d. The date that the consumer report was provided to the end user.

The parties acknowledge that many of these reported convictions will not have been subsequently set aside, and therefore First Advantage's reporting of those convictions without also reporting that the convictions had been set aside was not, in and of itself, wrongful and does not constitute a violation of the FCRA. Thus forming the need to compare the ADPS data to the First Advantage data.

The First Advantage Data will be produced directly to Plaintiff's designated expert, Serge Jorgensen, after he executes a confidentiality agreement to maintain the confidentiality of any data and information provided by First Advantage. Mr. Jorgensen will conduct an analysis by comparing the First Advantage Data against the ADPS Data to identify criminal convictions that were reported as set aside in the ADPS Data at the time that First Advantage reported the conviction as "guilty." After the analysis is complete, the matching data ("Matching Data") will be released to counsel for both Downing and First Advantage, and no other party, including Plaintiff or the proposed class. Plaintiff's expert shall not share or disclose any data associated with criminal convictions that are not revealed to have been set aside at the time that First Advantage reported the convictions with Plaintiff, his counsel, the proposed class, or any third parties.

After receipt of the Matching Data, First Advantage has agreed to produce to Plaintiff's counsel a list identifying which of the reports included in the Matching Data had an associated 613 notice sent, as well as the name and mailing address of each Person whose criminal convictions are reflected in the Matching Data. As part of the agreement, Plaintiff and his counsel have agreed to maintain the data as confidential, and they will not use it for any purpose other than the prosecution of this litigation. This process is consistent with the production of class-data in other FCRA class actions. *See Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015); *Ruiz v. Shamrock Foods Co.*, No. CV1706017SVWAFMX, 2018 WL 5099487, at *4 (C.D. Cal. May 10, 2018).

Accordingly, Plaintiff requests that the Court Order First Advantage to produce the class-related data as outlined in the proposed order attached hereto as Exhibit A. First Advantage does not oppose this motion.

4

Dated: February 29, 2024

| | |
|---|---|
| By: */s/ Taylor T. Smith* | By: */s/ Henry R. Chalmers* |
| Penny L. Koepke<br>MAXWELL & MORGAN, P.C.<br>4854 E. Baseline Rd., Suite 104<br>Mesa, AZ 85206<br>pkoepke@hoalaw.biz<br><br>Steven L. Woodrow (*pro hac vice*)<br>swoodrow@woodrowpeluso.com<br>Patrick H. Peluso (*pro hac vice*)<br>ppeluso@woodrowpeluso.com<br>Taylor T. Smith (*pro hac vice*)<br>tsmith@woodrowpeluso.com<br>WOODROW & PELUSO, LLC<br>3900 E. Mexico Ave., Suite 300<br>Denver, CO 80210<br>Telephone: (720) 213-0675<br><br>*Attorneys for Plaintiff and the Putative Class* | Henry R. Chalmers<br>*Pro Hac Vice*<br>Edward P. Cadagin<br>*Pro Hac Vice*<br>Natalie L. Cascario<br>*Pro Hac Vice*<br>ARNALL GOLDEN GREGORY LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363<br>henry.chalmers@agg.com<br>edward.cadagin@agg.com<br>natalie.cascario@agg.com<br>(404) 873-8646<br><br>Mandi J. Karvis/Bar No. 021858<br>Bar No. 021858<br>WICKER SMITH O'HARA MCCOY & FORD, P.A.<br>One N. Central Ave., Suite 860<br>Phoenix, AZ 85004<br>mkarvis@wickersmith.com<br>(602) 648-2240<br><br>*Attorneys for Defendant* |

**CERTIFICATE OF GOOD FAITH CONSULTATION**

Pursuant to Local Rule of Civil Procedure 7.2(j), the parties certify that they have met and conferred in good faith, but were unable to resolve the matters outlined in this joint motion through consultation and sincere effort.

Dated: February 29, 2024

By: /s/ Taylor T. Smith

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
pkoepke@hoalaw.biz

Steven L. Woodrow (*pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (*pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the Putative Class*

By: /s/ Henry R. Chalmers

Henry R. Chalmers
*Pro Hac Vice*
Edward P. Cadagin
*Pro Hac Vice*
Natalie L. Cascario
*Pro Hac Vice*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
henry.chalmers@agg.com
edward.cadagin@agg.com
natalie.cascario@agg.com
(404) 873-8646

Mandi J. Karvis/Bar No. 021858
Bar No. 021858
WICKER SMITH O'HARA MCCOY & FORD, P.A.
One N. Central Ave., Suite 860
Phoenix, AZ 85004
mkarvis@wickersmith.com
(602) 648-2240

*Attorneys for Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

*/s/ Taylor T. Smith*