IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing,<br><br>    Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, et al.,<br><br>    Defendants. | No. CV-22-08159-PHX-SPL<br><br>**ORDER** |

  Before the Court is the parties' Joint Motion for Discovery Dispute Resolution Regarding Plaintiff's Unopposed Motion to Compel the Production of Class-Related Discovery. (Doc. 57). For the reasons set forth in the Joint Motion, the Court grants Plaintiff Justin Downing's ("Plaintiff") unopposed motion to compel the production of class-related discovery.

  Accordingly,

  **IT IS ORDERED** that the Joint Motion for Discovery Dispute Resolution Regarding Plaintiff's Unopposed Motion to Compel the Production of Class-Related Discovery (Doc. 57) is **granted**.

  **IT IS FURTHER ORDERED** that:

  **1.** Within three (3) days of this Order, Plaintiff's designated expert Serge Jorgensen ("Jorgensen") shall enter into a confidentiality agreement with Defendant First Advantage Background Services Corp. ("Defendant" or "First Advantage") in which Jorgensen agrees to maintain the confidentiality of any data and information provided to him by First

Advantage, including keeping such data and information confidential from Plaintiff, Plaintiff's counsel, and any putative class members, with the sole exception that Jorgensen will share with Plaintiff's counsel and with First Advantage's counsel the Matching Data, as defined below.

**2.** Within fourteen (14) days following the issuance of this Order, or three (3) days following of First Advantage's receipt of the executed confidentiality agreement, whichever is later, First Advantage shall produce to Jorgensen the data and information set forth below for all consumer reports that First Advantage provided to any employer or potential employer between September 8, 2020 and the date of this Order in which the consumer report contained a criminal conviction in the State of Arizona which was reported as "guilty" without also reporting that the conviction had been set aside (hereafter the "First Advantage Data"). The First Advantage Data shall be produced in a Microsoft Excel file (functionality shall not be locked or restricted, but it shall be password protected). The file shall be produced directly to Jorgensen. The spreadsheet shall contain the following columns of information for each such reported conviction:

   **i.** The case number for the Arizona criminal conviction;

   **ii.** The date of disposition for the Arizona criminal conviction;

   **iii.** The unique identifier for the consumer report provided; and

   **iv.** The date that the consumer report was provided to the end user.

**3.** Jorgensen shall, at Plaintiff's expense, conduct an analysis by comparing the First Advantage Data against the data produced by the Arizona Department of Public Safety (hereafter "Ariz. DPS Data") to identify criminal convictions that were reported as set aside in the Ariz. DPS Data at the time that First Advantage reported the conviction as "guilty" without also reporting that the conviction had been set aside (the "Matching Data").

**4.** Upon completion of the analysis, Jorgensen shall provide to Plaintiff's counsel and First Advantage's counsel the Matching Data in a Microsoft Excel file (functionality shall not be locked or restricted, but it shall be password protected). Jorgensen shall not share or disclose any other First Advantage Data.

**5.** Within fourteen (14) days of receipt of the Matching Data, First Advantage shall produce to Plaintiff a list identifying which of the reports included in the Matching Data had an associated 613 notice sent, as well as the name and mailing address of each Person whose criminal convictions are reflected in the Matching Data. The names and addresses shall be included in a single data file spreadsheet, along with the matching columns of information identified in paragraph No. 2 above (functionality shall not be locked or restricted, but it shall be password protected). The parties may extend the 14-day deadline by mutual agreement and without a court order.

**6.** Plaintiff and his counsel shall not utilize the Matching Data for any purpose other than the prosecution of this litigation, and shall delete all Matching Data and all data referenced in Paragraph 5 above upon completion of this litigation.

Dated this 8th day of March, 2024.

Honorable Steven P. Logan
United States District Judge